DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
  thomasburke@dwt.com
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:  (415) 276-6500
Fax:  (415) 276-6599

DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant

Joseph Teixeira

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF INGLEWOOD, a public entity,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH TEIXEIRA and Does 1-10,<br><br>Defendants. | Case No. **2:15-cv-01815-MWF-MRW**<br><br>Assigned to the Hon. Michael Fitzgerald<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(f)]**<br><br>Hearing Date:  June 22, 2015<br>Time:            10:00 a.m.<br>Courtroom:     1600<br><br>[Notice of Motion and Motion to Dismiss (Rule 12(b)(6)); Request For Judicial Notice; Declaration Of Joseph Teixeira With Exhibit B; Declaration Of Dan Laidman; Notice of Lodging of DVDs With Exhibits A, C-F; Notice Of Manual Filing; and [Proposed] Order Filed Concurrently]<br><br>Action Filed:  March 12, 2015 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald of the United States District Court for the Central District of California, in Courtroom 1600 of the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California 90012, defendant Joseph Teixeira will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking the following portions of the City of Inglewood's (the "City") Complaint:

(1)     Copyright infringement claim - Page 6, Paragraph 21:  "Plaintiff further is entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505."

(2)     Prayer – Page 7, Paragraph C:  "An award of costs and attorney's fees under 17 U.S.C. § 505 or any other applicable basis."

These references to attorneys' fees should be stricken because the City is not entitled to seek fees in this case.  The City fails to allege that the underlying works at issue were registered prior to commencement of the purported infringement or within three months after first publication of the works, nor could it make such allegations, as required under the Copyright Act.  See 17 U.S.C. § 412; Memorandum Section III. Consequently, all references to attorneys' fees are immaterial and impertinent under Rule 12(f), and should be stricken.

This Motion is based on this Notice of Motion; the attached Memorandum Of Points And Authorities; the concurrently-filed Motion to Dismiss; Declaration of Joseph Teixeira with Exhibit B; Declaration of Dan Laidman; Request For Judicial Notice; Notice Of Lodging of DVDs with Exhibits A, C-F; Notice of Manual Filing, and all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on such other argument as may be heard by this Court.

//
//

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    This Motion is made following the conference of counsel that occurred on

2  April 9, 2015, pursuant to Local Rule 7-3.  See Laidman Decl. ¶ 4.

3  DATED: April 16, 2015              DAVIS WRIGHT TREMAINE LLP
                                      THOMAS R. BURKE
4                                     DAN LAIDMAN
                                      DIANA PALACIOS
5

6                                     By: /s/ Dan Laidman
7                                             Dan Laidman

8                                     Attorneys for Defendant Joseph Teixeira
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT ........................................................ 1

II.     FACTUAL BACKGROUND ........................................................ 2

III.    THE CITY'S REQUEST FOR ATTORNEYS' FEES SHOULD BE
        STRICKEN BECAUSE FEES ARE NOT RECOVERABLE AS A
        MATTER OF LAW .................................................................... 4

        A.      Section 412 Forecloses The City's Request For Attorney's Fees ........ 5

IV.     CONCLUSION .......................................................................... 8

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.,
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ................................................. 4

Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.,
   2014 U.S. Dist. LEXIS 130583 (E.D. Cal. Sept. 16, 2014).................... 4

California ex rel. State Lands Comm'n v. United States,
   512 F. Supp. 36 (N.D. Cal. 1981) .......................................................... 4

Cognotec Servs. Ltd. v. Morgan Guaranty Trust,
   862 F. Supp. 45 (S.D.N.Y. 1994) .......................................................... 5

Derek Andrew, Inc., v. Poof Apparel Corp.,
   528 F.3d 696 (9th Cir. 2008) .............................................................. 5, 6

Dos Santos v. Telemundo Commc'ns Grp., LLC,
   2012 WL 9503003 (C.D. Cal. Dec. 19, 2012)....................................... 5

Equine Legal Solutions v. Buntrock,
   2008 WL 111237 (N.D. Cal. 2008) ....................................................... 5

Fantasy, Inc. v. Fogerty,
   984 F.2d 1524 (9th Cir. 1993) rev'd on other grounds, 510 U.S. 517
   (1994) ..................................................................................................... 4

Knievel v. ESPN,
   393 F.3d 1068 (9th Cir. 2005) ............................................................... 2

Konkol v. Oakwood Worldwide Local, LLC,
   2015 U.S. Dist. LEXIS 67 (C.D. Cal. Jan. 2, 2015) ............................. 4

Livingston v. Morgan,
   2007 WL 2140900 (N.D. Cal. July 25, 2007)........................................ 6

Mackie v. Rieser,
   296 F.3d 909 (9th Cir. 2002) ................................................................. 6

Moya v. CitiMortgage, Inc.,
   2014 U.S. Dist. LEXIS 50548 (S.D. Cal. Mar. 28, 2014) .................... 5

iv

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

N. Cal. River Watch v. Fluor Corp.,
   2014 U.S. Dist. LEXIS 141198 (N.D. Cal. Oct. 2, 2014) ................................... 4

Oddo v. Ries,
   743 F.2d 630 (9th Cir. 1984) ........................................................................ 6, 7

Pamlioff v. Giant Records, Inc.,
   1991 WL 334916 (N.D. Cal. Oct. 28, 1991) ...................................................... 5

Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,
   832 F. Supp. 1378 (C.D. Cal. 1993) ................................................................. 7

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
   551 U.S. 308 (2007) ....................................................................................... 2

Zella v. E.W. Scripps,
   529 F. Supp. 2d 1124 (C.D. Cal. 2007) ............................................................ 2

**Statutes**

17 U.S.C. § 412. .................................................................................... passim

17 U.S.C. § 505. .................................................................................... passim

**Rules**

Federal Rule of Civil Procedure
   12(b)(6) ........................................................................................................ 1
   12(f) ................................................................................................. 1, 2, 4, 5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF ARGUMENT

The City of Inglewood's copyright infringement lawsuit against defendant Joseph Teixeira is a thinly disguised effort to silence his constitutionally protected speech on issues of public concern.  The City alleges that Mr. Teixeira has infringed its purported copyrights in its video recordings of several Inglewood City Council meetings by including portions of the recordings in documentary-style videos that he makes commenting on Inglewood politics and public affairs.[1]

The abusive nature of this lawsuit is exemplified by the City's legally invalid demand that Mr. Teixeira pay its attorneys' fees and costs pursuant to Section 505 of the Copyright Act.  See Cmplt. ¶ 21, Prayer ¶ C.  The Copyright Act provides that "no award of … attorney's fees … shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  Not only has the City failed to allege that it timely registered the underlying works as required to seek attorneys' fees and costs under Section 412 and Section 505, it could not possibly satisfy this statutory requirement given its other allegations, and materials incorporated by reference into the Complaint.

Because the City is barred by Section 412 of the Copyright Act from recovering its attorneys' fees in this action, its request for attorneys' fees and costs and all related portions of the Complaint should be stricken with prejudice pursuant to Federal Rule of Civil Procedure 12(f).

---

[1] As set forth in Mr. Teixeira's concurrently filed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the City's Complaint fails to state a claim and should be dismissed with prejudice for the independent reasons that the City has no copyright interest in its public meeting videos under California law, and even assuming that it could copyright these public records, Mr. Teixeira's political commentary videos are protected by the fair use doctrine.

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.

## FACTUAL BACKGROUND

The City alleges that Mr. Teixeira has infringed its purported copyrights by posting to YouTube six videos, as identified in Paragraph 19 of the Complaint[2]:

● **Video One**: https://www.youtube.com/watch?v=UyCqRiZXRH8

Video One was posted to YouTube on February 15, 2014. <u>See</u> Teixeira Decl. ¶ 3(a); Exs. A-1 (video); B-1 (screenshot). It allegedly uses footage from a recording of a July 20, 2010 City Council meeting. Cmplt. ¶ 19.

● **Video Two**: https://www.youtube.com/watch?v=ZruE0a1UF8g

Video Two was posted to YouTube on May 24, 2014. <u>See</u> Teixeira Decl. ¶ 3(b); Exs. A-2 (video); B-2 (screenshot). It also allegedly uses footage from a recording of a July 20, 2010 City Council meeting. Cmplt. ¶ 19.

● **Video Three**: https://www.youtube.com/watch?v=gUUZdTNe7CA

Video Three was posted to YouTube on December 21, 2013. <u>See</u> Teixeira Decl. ¶ 3(c); Exs. A-3 (video); B-3 (screenshot). It allegedly uses footage from a recording of a May 22, 2012 City Council meeting. Cmplt. ¶ 19.

● **Video Four**: https://www.youtube.com/watch?v=-5VQZrW7BVY

Video Four was posted to YouTube on March 3, 2014. <u>See</u> Teixeira Decl. ¶ 3(d); Exs. A-4 (video); B-4 (screenshot). It allegedly uses footage from a recording of an April 11, 2013 City Council meeting. Cmplt. ¶ 19.

● **Video Five**: https://www.youtube.com/watch?v=MZKTiutCjdI

---

[2] The Court can consider the content of these YouTube pages and videos under the incorporation by reference doctrine because they are mentioned in the Complaint and form the basis for the City's claim. <u>See</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007) (court can consider material incorporated by reference into complaint on Rule 12 motion); <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (considering content of web pages incorporated into complaint and attached to Rule 12 motion); <u>Zella v. E.W. Scripps</u>, 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007) (considering content of videos attached to motion to dismiss copyright claim); <u>see</u> <u>also</u> Motion to Dismiss at § III; Request for Judicial Notice.

2

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Video Five was posted to YouTube on September 28, 2014.  <u>See</u> Teixeira Decl. ¶ 3(e); Exs. A-5 (video); B-5 (screenshot).  It allegedly uses footage from a recording of an April 23, 2013 City Council meeting.  Cmplt. ¶ 19.

● **Video Six**: https://www.youtube.com/watch?v=a1p3l0OmhGM

Video Six was posted to YouTube on September 12, 2014.  <u>See</u> Teixeira Decl. ¶ 3(f); Exs. A-6 (video); B-6 (screenshot).  It allegedly uses footage from a recording of a May 11, 2014 City Council meeting.  Cmplt. ¶ 19.

The City alleges that it has submitted applications for copyright registrations in its video recordings of only two of these City Council meetings, May 22, 2012 and April 23, 2013, and that these applications remain pending.  <u>Id.</u> ¶¶ 14, 19, Cmplt. Ex. A.  The City does not allege the date on which it submitted these applications, nor has it attached the actual applications themselves to the Complaint.  <u>Id.</u>  The City does not allege that it has registered or attempted to register copyrights in its video recordings of the City Council meetings of July 20, 2010, April 11, 2013, or February 11, 2014.  <u>Id.</u>[3]

The City seeks assorted relief including an award of attorneys' fees under 17 U.S.C. § 505.  <u>See</u> Cmplt. ¶ 21 ("Plaintiff further is entitled to [its] attorneys' fees and costs pursuant to 17 U.S.C. § 505."); Prayer at p. 7 ¶ C (requesting "[a]n award of costs and attorney's fees under 17 U.S.C. § 505 or any other applicable basis").  The Complaint does not mention Section 412 of the Copyright Act, or otherwise allege that the City has complied with the requirements for seeking attorneys' fees and costs under Section 412 or Section 505.

//

//

//

---

[3] The City alleges that it has submitted applications to register its video recordings of City Council meetings held on 8/30/2011, 9/13/2011, 4/17/2012, 6/18/2013, and 8/27/2013, but it does not allege that these videos were used in any particular allegedly infringing work.  Cmplt. ¶¶ 14, 19, Cmplt. Ex. A.

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III.

## THE CITY'S REQUEST FOR ATTORNEYS' FEES SHOULD BE STRICKEN BECAUSE FEES ARE NOT RECOVERABLE AS A MATTER OF LAW.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter."  Courts have defined "immaterial" matter to include allegations that "ha[ve] no essential or important relationship to the claim for relief or defenses pleaded."  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds</u>, 510 U.S. 517, 535 (1994).  Courts have defined "impertinent" matter to include allegations "that do not pertain, and are not necessary, to the issues in question."  <u>Id.</u> at 1527.

The Ninth Circuit has emphasized that the use of motions to strike under Rule 12(f) serves an important purpose – specifically, "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  <u>Fantasy</u>, 984 F.2d at 1527.  A district court may "properly grant [a] motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case."  <u>Fantasy</u>, 984 F.2d at 1528 (citing <u>California ex rel. State Lands Comm'n v. United States</u>, 512 F. Supp. 36, 38 (N.D. Cal. 1981)).

Improper prayers for attorneys' fees are an appropriate subject for a motion to strike under Rule 12(f).  As one court explained, because "fees requests do not comprise any one cause of action, a motion to strike is the appropriate vehicle to address them."  <u>N. Cal. River Watch v. Fluor Corp.</u>, 2014 U.S. Dist. LEXIS 141198, at *2 n.1, 10-11 (N.D. Cal. Oct. 2, 2014) (striking request for attorneys' fees).  <u>See also</u> <u>Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.</u>, 217 F. Supp. 2d 1028, 1045-46 (C.D. Cal. 2002) (striking prayer for attorneys' fees under Rule 12(f)); <u>Konkol v. Oakwood Worldwide Local, LLC</u>, 2015 U.S. Dist. LEXIS 67, at *8-9 (C.D. Cal. Jan. 2, 2015) (same); <u>Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.</u>, 2014 U.S. Dist. LEXIS 130583, at *18-19 (E.D. Cal. Sept. 16, 2014)

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(same); <u>Moya v. CitiMortgage, Inc.</u>, 2014 U.S. Dist. LEXIS 50548, at *17-18 (S.D. Cal. Mar. 28, 2014) (same).

Applying these principles, courts regularly have struck prayers for attorneys' fees in copyright-infringement actions where, as here, those remedies were barred by Section 412.  <u>See</u>, <u>e.g.</u>, <u>Cognotec Servs. Ltd. v. Morgan Guaranty Trust</u>, 862 F. Supp. 45, 52 (S.D.N.Y. 1994) (granting Rule 12(f) motion to strike plaintiff's requests for attorneys' fees and statutory damages for failure to meet timely registration requirements under Section 412); <u>see also</u> <u>Dos Santos v. Telemundo Commc'ns Grp., LLC</u>, 2012 WL 9503003, at *7 (C.D. Cal. Dec. 19, 2012) (striking request for attorneys' fees for failure to satisfy Section 412 requirements); <u>Equine Legal Solutions v. Buntrock</u>, 2008 WL 111237, *1 n.1 (N.D. Cal. 2008); <u>Pamlioff v. Giant Records, Inc.</u>, 1991 WL 334916, at *9 (N.D. Cal. Oct. 28, 1991).

## A.   Section 412 Forecloses The City's Request For Attorney's Fees.

The City's request for attorneys' fees should be stricken for failure to allege that it registered or applied to register copyrights in the underlying works before commencement of the alleged infringement or within three months after the underlying works' first publication, as required under Section 412.  The plain language of the statute bars recovery of attorneys' fees and statutory damages "as provided by sections 504 and 505," when the purported "infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  Simply put, to recover statutory damages or recover attorneys' fees under the Copyright Act, "the copyrighted work <u>must</u> have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work."  <u>Derek Andrew, Inc., v. Poof Apparel Corp.</u>, 528 F.3d 696, 699 (9th Cir. 2008) (emphasis added).[4]

---

[4] The City has not requested statutory damages.  <u>See</u> Cmplt. p. 6-7.

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The rationale for Section 412's limitation on the availability of statutory damages and attorneys' fees is twofold.  First, "Congress sought to provide copyright owners with an incentive to register their copyrights promptly."  <u>Derek Andrew</u>, 528 F.3d at 700.  Second, Section 412 "encourages potential infringers to check the Copyright Office's database."  <u>Id</u>.[5]

Applying Section 412, courts repeatedly have held that plaintiffs may not recover statutory damages or attorneys' fees where the allegedly infringing activity commenced prior to registration, even if the infringing activity continued thereafter.  For example, in <u>Derek Andrew</u>, the Ninth Circuit held that the plaintiff was not entitled to recover statutory damages or attorneys' fees under the Copyright Act where the defendant's acts of infringement started before the plaintiff registered its copyright in its design.  <u>Derek Andrew</u>, 528 F.3d at 700-01 (noting that "[e]very court to consider the issue has held that 'infringement commences for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs'") (citation omitted).

Similarly, in <u>Oddo v. Ries</u>, the Ninth Circuit held that the plaintiff could not recover attorneys' fees because he failed to show that the infringed articles "ha[d] ever been registered, much less within three months of their publication."  743 F.2d 630, 634 (9th Cir. 1984).  As the court explained, "Section 412 therefore precludes [plaintiff] from collecting statutory damages, or attorneys' fees under § 505."  <u>Id</u>.; <u>see also</u> <u>Mackie v. Rieser</u>, 296 F.3d 909, 911 (9th Cir. 2002) (plaintiff "did not have a registered copyright on the work at the time of infringement and consequently could not take advantage of statutory damages for infringement").

---

[5] As one court explained, because Section 412 "is intended to induce[ ] in some practical way copyright registration," copyright holders "should not be given special statutory remedies unless the owner has, by registration, made a public record of his copyright claim."  <u>Livingston v. Morgan</u>, 2007 WL 2140900, at *5 (N.D. Cal. July 25, 2007) (citing the Historical and Statutory Notes to 17 U.S.C. § 412) (internal quotations omitted).

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The City has identified six allegedly infringing videos that use clips from five City Council meetings held on July 20, 2010, May 22, 2012, April 11, 2013, April 23, 2013, and February 11, 2014. Cmplt. ¶ 19. Of these five City Council meetings, the City has only alleged that it has applied to register copyrights for the videos of the May 22, 2012, and April 23, 2013 meetings. Compare Cmplt. ¶ 19 with Cmplt. Ex. A. Therefore, the City has not alleged that it has registered or applied to register copyrights for the City Council meetings held on July 20, 2012, April 11, 2013, and February 11, 2014, which are allegedly the underlying works for Video One, Video Two, Video Four, or Video Six. Because the City has failed to allege that it has registered or applied to register copyrights for the underlying works, the City may not recover attorneys' fees under § 505 for Video One, Video Two, Video Four, or Video Six. See Oddo, 743 F.2d at 634 (attorneys' fees and statutory damages were barred because the plaintiff had not shown that the works were ever registered).

Although the City allegedly has applied to register copyrights for the video recordings of the May 22, 2012, and April 23, 2013 City Council meetings, the City has failed to allege that it filed its copyright application before the allegedly infringing activity commenced or within three months of the underlying works' first publication. As a result, attorneys' fees related to Videos Three and Five are also barred by Section 412. See Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc., 832 F. Supp. 1378, 1393 (C.D. Cal. 1993) (request for attorneys' fees and statutory damages was barred by Section 412 because the design was registered after the infringing activity began and more than three months after first publication).

Moreover, this defect cannot be cured by amendment. The YouTube pages displaying Video Three and Video Five, which are cited and linked at Paragraph 19 of the Complaint and incorporated therein by reference, show that these videos were posted on December 21, 2013, and September 28, 2014, respectively. See Teixeira Decl. ¶¶ 4(c), 4(e); Exs. B-3, B-5. The underlying "works" are video recordings of City Council meetings held on May 22, 2012, and April 23, 2013. Cmplt. ¶ 19. The

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

City acknowledges that it has only now sought to apply to register copyrights in the video recordings of these two City Council meetings (clearly for purposes of this lawsuit), as it alleges that the applications still remain pending.  Id. ¶ 14, Cmplt. Ex. A.  Therefore, there is no possibility that these works were registered before the commencement of the alleged infringement, or within three months of first publication, as required under Section 412.

Absent a copyright registration or a pending application that was filed before the allegedly infringing activity began or within three months of the underlying works' first publication, the City cannot recover attorneys' fees under Section 505 in this action.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Teixeira respectfully requests that the Court strike the City's request for attorneys' fees in its copyright infringement claim (Cmplt. ¶ 21) and its prayer for relief (Cmplt. at p. 7, Prayer ¶ C).

DATED: April 16, 2015                DAVIS WRIGHT TREMAINE LLP
                                     THOMAS R. BURKE
                                     DAN LAIDMAN
                                     DIANA PALACIOS

                                     By: /s/ Dan Laidman
                                              Dan Laidman

                                     Attorneys for Defendant
                                     Joseph Teixeira

MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899