| | |
|---|---|
| 1 | DAVIS WRIGHT TREMAINE LLP |
| 2 | THOMAS R. BURKE (State Bar No. 141930)<br>  thomasburke@dwt.com<br>505 Montgomery Street, Suite 800 |
| 3 | San Francisco, CA 94111-6533<br>Telephone:  (415) 276-6500 |
| 4 | Fax:  (415) 276-6599 |
| 5 | DAVIS WRIGHT TREMAINE LLP<br>DAN LAIDMAN (State Bar No. 274482) |
| 6 |   danlaidman@dwt.com<br>DIANA PALACIOS (State Bar No. 290923) |
| 7 |   dianapalacios@dwt.com<br>865 South Figueroa Street, 24th Floor |
| 8 | Los Angeles, California  90017-2566<br>Telephone:  (213) 633-6800 |
| 9 | Fax:  (213) 633-6899 |
| 10 | Attorneys for Defendant |
| 11 | Joseph Teixeira |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF INGLEWOOD, a public entity, | Case No. **2:15-cv-01815-MWF-MRW** |
| Plaintiff, | Assigned to the Hon. Michael Fitzgerald |
| vs. | **[PROPOSED] ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |
| JOSEPH TEIXEIRA and Does 1-10, | |
| Defendants. | Hearing Date: June 22, 2015<br>Time:         10:00 a.m.<br>Courtroom:   1600 |
| | [Notice of Motion and Motion to Dismiss (Rule 12(b)(6)); Notice of Motion and Motion to Strike (Rule 12(f)); Request For Judicial Notice; Declaration Of Joseph Teixeira With Exhibit B; Declaration Of Dan Laidman; Notice of Lodging of DVDs With Exhibits A, C-F; Notice Of Manual Filing; and [Proposed] Order Filed Concurrently] |
| | Action Filed: March 12, 2015 |

Defendant Joseph Teixeira's Motion To Dismiss the Complaint of Plaintiff City of Inglewood (the "City") came on for hearing on June 22, 2015 in Courtroom 1600 of the above-entitled Court. Having reviewed and considered the Motion and all other papers submitted, and having heard the arguments of the parties, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. The Court finds that:

1. The City fails to state a claim for which relief can be granted because it is precluded by California law from securing copyright protection in the City Council meeting videos that form the basis for this action. State and local agencies require an affirmative grant of authority to obtain and hold copyrights under California law, and the City has failed to identify any such authority. See County of Santa Clara v. Superior Court, 170 Cal. App. 4th 1301, 1335 (2009). Furthermore, the assertion of copyright in public records that document the public meetings of a legislative body would be contrary to state law and public policy, as reflected in Article 1, Section 3 of the California Constitution, the Brown Act, and the California Public Records Act.

2. The City fails to state a claim for which relief can be granted for the separate and independent reason that, even assuming that it could obtain or hold a copyright in its video recordings of City Council meetings, Mr. Teixeira's allegedly infringing videos are protected by the fair use doctrine as a matter of law. See 17 U.S.C. § 107. Because the videos are incorporated by reference into the Complaint, and it is obvious from the works themselves that fair use applies, this defense is properly resolved on a motion to dismiss. See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 530 (9th Cir. 2008); Burnett v. Twentieth Century Fox Film Corp., 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007). All four statutory factors strongly favor a finding of fair use: (1) it is clear from the videos themselves that they are highly transformative, as they use heavily modified clips from City Council meetings for the purpose of political criticism, which is core First Amendment speech; (2) the City could only hold a thin copyright at most in its purely informational City Council meeting videos; (3) the amount of footage used from the City Council meeting

1

[PROPOSED] ORDER
DWT 26654035v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

videos is reasonable in relation to Mr. Teixeira's purpose of criticizing City officials' conduct and remarks at these meetings on issues of public affairs; and (4) there can be no harm to the commercial market for the City's Council meeting videos as a matter of law because the City is legally prohibited from making money from the distribution of these videos (see Cal. Gov't Code §§ 6253(b), 54953.5(b)), and it is clear from reviewing the works themselves that these sharply critical documentary videos could not possibly serve as a substitute for the City's unvarnished recordings of its Council meetings.  See Hustler Magazine Inc. v. Moral Majority Inc., 796 F.2d 1148, 1151-56 (9th Cir. 1986); Fisher v. Dees, 794 F.2d 432, 437 (9th Cir. 1986).

Because the underlying works are not subject to copyright protection, and it is apparent from reviewing the allegedly infringing works themselves that they are obvious examples of fair use, the City's Complaint suffers from fatal legal deficiencies that cannot be cured by amendment.

Accordingly, for the reasons set forth above, the Complaint is **DISMISSED WITH PREJUDICE.**

DATED: _____          _____
                                        Honorable Michael W. Fitzgerald
                                        U.S. DISTRICT COURT JUDGE

[PROPOSED] ORDER
DWT 26654035v1 0200856-000001

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899