DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
  thomasburke@dwt.com
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:  (415) 276-6500
Fax:  (415) 276-6599

DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
Joseph Teixeira

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF INGLEWOOD, a public entity,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH TEIXEIRA and Does 1-10,<br><br>Defendants. | Case No. **2:15-cv-01815-MWF-MRW**<br><br>Assigned to the Hon. Michael Fitzgerald<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS (F.R.C.P. 12(b)(6)) AND MOTION TO STRIKE (F.R.C.P. 12(f))**<br><br>Hearing Date: June 22, 2015<br>Time:            10:00 a.m.<br>Courtroom:   1600<br><br>[Notice of Motion and Motion to Dismiss (Rule 12(b)(6)); Notice of Motion and Motion to Strike (Rule 12(f)); Declaration Of Joseph Teixeira With Exhibit B; Declaration Of Dan Laidman; Notice of Lodging of DVDs With Exhibits A, C-F; Notice Of Manual Filing; and [Proposed] Orders Filed Concurrently]<br><br>Action Filed:  March 12, 2015 |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Joseph Teixeira respectfully requests that this Court take judicial notice of the following materials attached as Exhibits A through F to the concurrently-filed Notice of Lodging of DVDs and Declaration of Joseph Teixeira submitted in support of Mr. Teixeira's (1) Motion To Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6); and (2) Motion To Strike pursuant to Fed. R. Civ. Proc. 12(f):

1. Exhibit A:  The contents of the six YouTube videos referenced and linked at Paragraph 19 of the Complaint that form the basis for the City's claim. See Teixeira Decl. ¶ 3; Notice of Lodging of DVDs, Ex. A.

2. Exhibit B:  The contents of the screenshots of the six YouTube pages referenced and linked at Paragraph 19 of the Complaint that form the basis for the City's claim.  See Teixeira Decl. ¶ 4, Ex. B.

3. Exhibit C:  The content of the City of Inglewood's video recording of the July 20, 2010 Inglewood City Council meeting, which is referenced at Paragraph 19 of the Complaint and forms the basis for the City's claim. See Teixeira Decl. ¶ 5; Notice of Lodging of DVDs, Ex. C.

4. Exhibit D:  The content of the City of Inglewood's video recording of the May 22, 2012 Inglewood City Council meeting, which is referenced at Paragraph 19 of the Complaint and forms the basis for the City's claim. See Teixeira Decl. ¶ 6; Notice of Lodging of DVDs, Ex. D.

5. Exhibit E:  The content of the City of Inglewood's video recording of the February 11, 2014 Inglewood City Council meeting, which is referenced at Paragraph 19 of the Complaint and forms the basis for the City's claim. See Teixeira Decl. ¶ 7; Notice of Lodging of DVDs, Ex. E.

6. Exhibit F:  The content of the City of Inglewood's video recording of the April 23, 2013 Inglewood City Council meeting, which is referenced at Paragraph 19 of the Complaint and forms the basis for the City's claim. See Declaration of Dan Laidman ¶ 2; Notice of Lodging of DVDs, Ex. F.

1

REQUEST FOR JUDICIAL NOTICE
DWT 26614379v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

A court may consider the content of materials referred to in the complaint that form the basis of the plaintiff's claims, even if the plaintiff neglects to attach the materials to the complaint.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (court deciding Rule 12 motion may consider "documents incorporated into the complaint by reference"); Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (Rule 12 motion properly granted by considering web pages referred to in complaint and attached to defendant's motion).  As one court explained in applying incorporation-by-reference in an analogous copyright case, the "doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment.  The doctrine prevents a plaintiff from evading dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proves his claim has no merit."  Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012) (quotation and alterations omitted).[1]

Such materials may be introduced through a request for judicial notice pursuant to Federal Rule of Evidence 201.  For example, in Campbell v. Walt Disney Co., 718 F. Supp. 2d 1108 (N.D. Cal. 2010), the court granted the defendant's motion to dismiss a copyright claim, holding that the defendant's motion picture, "Cars," was not substantially similar to the plaintiff's screenplay.  Id. at 1116.  To reach this conclusion, the court took judicial notice of the contents of the film and the screenplay, which were referenced in, but not attached to, the complaint.  Id. at 1111 n.3.  Similarly, in granting a motion to dismiss in Felix the Cat Prods, Inc. v. New Line Cinema, 2000 U.S. Dist. LEXIS 21763; 54 U.S.P.Q.2D (BNA) 1856 (C.D. Cal. April 28, 2000), the court took judicial notice of the content of the motion picture

---

[1] See also Klang v. Pflueger, 2014 U.S. Dist. LEXIS 145779, at *2 (C.D. Cal. July 10, 2014) ("[t]he Court also may take judicial notice of documents attached to or necessarily relied upon by the complaint.") (citing New.Net., Inc. v. Lavasoft, 356 F. Supp. 2d. 1090, 1115-16 (C.D. Cal. 2004)).

2
REQUEST FOR JUDICIAL NOTICE
DWT 26614379v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"Pleasantville," noting that "the Picture is an authentic document whose content is integral to plaintiff's claims but is not attached to the complaint." Id. at *6. And in Sobhani v. @radical.media, Inc., 257 F. Supp. 2d 1234 (C.D. Cal. 2003), the court took judicial notice of the content of the motion picture "Cast Away" where it was the subject of the plaintiff's copyright claim. Id. at 1236 n.1.[2]

As in these cases, here the City bases its copyright claim on videos that it necessarily refers to in the Complaint, but does not physically attach. See Cmplt. ¶¶ 2, 14, 19, Cmplt. Ex. A. Specifically, it alleges that Mr. Teixeira infringed its purported copyrights in the City Council meeting videos included in Exhibits C-F by creating the videos included in Exhibit A and posting them to the YouTube pages included in Exhibit B. Id. ¶ 19. Because the content of these videos and web pages are referenced in the Complaint and the City necessarily relies on them as the basis for its claim, these materials are incorporated by reference in the Complaint and are proper subjects of judicial notice. E.g., Campbell, 718 F. Supp. 2d at 1111 n.3; Sobhani, 257 F. Supp. 2d at 1236 n.1; Felix, 2000 U.S. Dist. LEXIS 21763, at *6.

Accordingly, for the reasons set forth above, Mr. Teixeira respectfully requests that this Court take judicial notice of Exhibits A-G.

DATED: April 16, 2015

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DAN LAIDMAN
DIANA PALACIOS

By: /s/ Dan Laidman
    Dan Laidman

Attorneys for Defendant
Joseph Teixeira

---

[2] See also Burnett v. Twentieth Century Fox, 491 F. Supp. 2d 962, 966 (2007) (considering content of TV show that formed basis of copyright claim but was not attached to complaint); Daly v. Viacom, Inc., 238 F. Supp. 2d 1118, 1121-1122 (N.D. Cal. 2002) (considering video referenced in, but not attached to, complaint); Zella v. E.W. Scripps, 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007) (same).

3

REQUEST FOR JUDICIAL NOTICE
DWT 26614379v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899