DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
  thomasburke@dwt.com
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:  (415) 276-6500
Fax: (415) 276-6599

DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
Joseph Teixeira

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF INGLEWOOD, a public entity,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH TEIXEIRA and Does 1-10,<br><br>Defendants. | Case No. **2:15-cv-01815-MWF-MRW**<br><br>Assigned to the Hon. Michael Fitzgerald<br><br>**CONSOLIDATED REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE REQUEST FOR ATTORNEYS' FEES**<br><br>**[Fed. R. Civ. P. 12(b)(6); 12(f)]**<br><br>Hearing Date:  June 22, 2015<br>Time:            10:00 a.m.<br>Courtroom:    1600<br><br>Action Filed:  March 12, 2015 |

Defendant Joseph Teixeira respectfully submits this Consolidated Reply in Support of his Motion to Dismiss ("MTD") the Complaint of plaintiff City of Inglewood and his Motion to Strike ("MTS") the City's request for attorneys' fees.

# TABLE OF CONTENTS

Page

I.   SUMMARY OF ARGUMENT ................................................................ 1

II.  THE CITY'S COMPLAINT IS BARRED AS A MATTER OF LAW ........ 3

    A.   The City Cannot Copyright Its Public Meeting Videos Under State Law. ......................................................................................... 3

    B.   Mr. Teixeira's Use Of Clips From City Council Meetings In His Political Commentaries Is Independently Protected By The Fair Use Doctrine. ...................................................................................... 8

        1.   Fair Use Applies To Mr. Teixeira's Videos As A Matter Of Law. ............................................................................... 9

            a.   The Allegedly Infringing Videos Are Incorporated By Reference Into The City's Complaint. ............................ 9

            b.   Dismissal At The Pleading Stage Is Proper In This Case. .................................................................................... 13

        2.   Each Statutory Factor Favors A Finding Of Fair Use. ............ 15

            a.   The Purpose And Character Of The Use ....................... 16

            b.   The Nature Of The Allegedly Copyrighted Works ....... 18

            c.   The Amount And Substantiality Used ........................... 18

            d.   The Effect On The Market ............................................. 19

III. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE. ....... 20

IV.  THE CITY'S REQUEST FOR FEES SHOULD BE STRICKEN. ............. 21

V.   CONCLUSION ...................................................................................... 24

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

Adjmi v. DLT Entertainment Ltd.,
    --- F. Supp. 3d, 2015 WL 1499575 (S.D.N.Y. 2015) .................................... 11, 13

Allen v. Scholastic,
    739 F. Supp. 2d 642 (S.D.N.Y. 2011) ........................................................... 10, 11

Am. Geophysical Union v. Texaco Inc.,
    60 F.3d 913 (2d Cir. 1994)............................................................................. 16

Am. Prairie Const. Co. v. Hoich,
    560 F.3d 780 (8th Cir. 2009) .......................................................................... 11

American Title Ins. Co. v. Lacelaw Corp.,
    861 F.2d 224 (9th Cir. 1988) ......................................................................... 12

Arrow Productions, LTD. v. Weinstein Co. LLC,
    44 F. Supp. 3d 359, 363 (S.D.N.Y. 2014) ..................................................... 10, 14

Basic Books, Inc. v. Kinko's Graphics Corp.,
    758 F. Supp. 1522 (S.D.N.Y. 1991) .............................................................. 16

Bogie v. Rosenberg,
    705 F.3d 603 (7th Cir. 2013) .......................................................................... 14

Brownmark Films, LLC v. Comedy Partners,
    682 F.3d 687 (7th Cir. 2012) ..................................................................... 9, 14, 15

Building Officials & Code Adm. v. Code Technology, Inc.,
    628 F.2d 730 (1st Cir. 1980)........................................................................... 4

Burnett v. Twentieth Century Fox Film Corp.,
    491 F. Supp. 2d 962 (C.D. Cal. 2007) .......................................................... *passim*

Burrow-Giles Lithographic Co. v. Sarony,
    111 U.S. 53 (1884)......................................................................................... 18

Campbell v. Acuff-Rose Music, Inc.,
    510 U.S. 569 (1994)....................................................................................... 19, 20

ii

Campbell v. Walt Disney Co.,
   718 F. Supp. 2d 1108 (N.D. Cal. 2010) ................................................... 10

Canal+ Image UK Ltd. v. Lutvak,
   773 F. Supp. 2d 419 (S.D.N.Y. 2011) ................................................... 10

Car-Freshner Corp. v. Getty Images, Inc.,
   822 F. Supp. 2d 167 (N.D.N.Y. 2011) ................................................... 12

Cariou v. Prince,
   714 F.3d 694 (2d Cir. 2013) ................................................................... 9

Cohen v. California,
   403 U.S. 15 (1971) ................................................................................... 2

Consumer Solutions REO, LLC v. Hillery,
   658 F. Supp. 2d 1002 (N.D. Cal. 2009) ................................................. 23

County of Santa Clara v. Superior Court,
   170 Cal. App. 4th 1301 (2009) ...................................................... *passim*

Daly v. Viacom, Inc.,
   238 F. Supp. 2d 1118 (N.D. Cal. 2002) ................................................. 14

DC Comics Inc. v. Reel Fantasy, Inc.,
   696 F.2d 24 (2d Cir. 1982) ..................................................................... 20

Dos Santos v. Telemundo Commc'ns Grp., LLC,
   2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) ....................................... 22

DuckHole Inc. v. NBC Universal Media LLC,
   2013 U.S. Dist. LEXIS 157305 (C.D. Cal. Sept. 6, 2013) ..................... 10

Duran v. Douglas,
   904 F.2d 1372 (9th Cir. 1990) ................................................................. 2

Faust v. Travelers,
   55 F.3d 471 (9th Cir. 1995) ................................................................... 12

Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,
   499 U.S. 340 (1991) ............................................................................... 18

Felix the Cat Prods. v. New Line Cinema,
   2000 U.S. Dist. LEXIS 21763 (C.D. Cal. May 1, 2000) ....................... 10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Fisher v. Dees,
    794 F.2d 432 (9th Cir. 1986) ................................................................. 9

Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of
    Culinary Workers,
    542 F.2d 1076 (9th Cir. 1976) ............................................................ 21

Garcia v. Google, Inc.,
    --- F.3d ----, 2015 WL 2343586 (9th Cir. May 18, 2015) (en banc) ............ 1, 3, 24

Gonzalez v. Planned Parenthood of L.A.,
    759 F.3d 1112 (9th Cir. 2014) ............................................................ 11

Hancock v. Hartford Life & Accident Ins. Co.,
    2006 U.S. Dist. LEXIS 39774 (E.D. Cal. June 14, 2006) ..................................... 12

Hayes v. County of San Diego,
    658 F.3d 867 (9th Cir. 2011) ................................................................. 5

Hustler Magazine, Inc. v. Moral Majority, Inc.,
    796 F.2d 1148 (9th Cir. 1986) ............................................................ 18

In re Aimster Copyright Litigation,
    334 F.3d 643 (7th Cir. 2003) ................................................................. 4

In re Easysaver Rewards Litig.,
    737 F. Supp. 2d 1159 (S.D. Cal. 2010) ................................................... 12

Infinity Broadcast Corp. v. Kirkwood,
    150 F.3d 104 (2d Cir. 1998) ................................................................. 16

Korematsu v. United States,
    584 F. Supp. 1406 (N.D. Cal. 1984) ..................................................... 11

LaSalle Nat. Bank v. First Connecticut Holding Group, L.L.C. XXIII,
    287 F.3d 279 (3d Cir. 2002) ................................................................. 11

Leadsinger, Inc. v. BMG Music Publ'g,
    512 F.3d 522 (9th Cir. 2008) ............................................................ 9, 13

Los Angeles Times v. Free Republic,
    2000 WL 565200 (C.D. Cal. Apr. 4, 2000) ........................................ 16, 17

Los Angeles Unified School Dist. v. Superior Court,
    151 Cal. App. 4th 759 (2007) ............................................................. 19

iv

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mattel Inc. v. Walking Mt. Prods.,
    353 F.3d 792 (9th Cir. 2003) ................................................................. 17

Meeker v. Belridge Water Storage Dist.,
    2006 U.S. Dist. LEXIS 91775 (E.D. Cal. Oct. 23, 2006) ........................ 11

N. Cal. River Watch v. Fluor Corp.,
    2014 U.S. Dist. LEXIS 141198 (N.D. Cal. Oct. 2, 2014) ..................... 22

New.Net, Inc. v. Lavasoft,
    356 F. Supp. 2d 1090 (C.D. Cal. 2004) ................................................. 15

New York v. United States,
    505 U.S. 144 (1992) ................................................................................. 5

Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.,
    166 F.3d 65 (2d Cir. 1999) ..................................................................... 16

North County Parents Org. v. Dep't of Education,
    23 Cal. App. 4th 144 (1994) ................................................................... 19

Northland Family Planning Clinic, Inc. v. Center for Bio-Ethical
    Reform,
    868 F. Supp. 2d 962 (C.D. Cal. 2012) ................................................... 17

Perfect 10, Inc. v. Amazon.com, Inc.,
    508 F.3d 1146 (9th Cir. 2007) ................................................................ 16

Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,
    602 F.3d 57 (2d Cir. 2010) ............................................................ *passim*

Pittsburg Unified School Dist. v. Calif. School Employees Ass'n,
    166 Cal. App. 3d 875 (1985) .................................................................... 2

Point Ruston, LLC v. Pac. Northwest Regional Council of the United
    Broth. of Carpenters and Joiners of America,
    658 F. Supp. 2d 1266 (W.D. Wash. 2009) .............................................. 11

Righthaven v. Realty One Group,
    2010 WL 4115413 (D. Nev. Oct. 19, 2010) ............................................. 9

Ryman v. Sears, Roebuck & Co.,
    505 F.3d 993 (9th Cir. 2007) ............................................................... 1, 2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Said v. Cnty. of San Diego,*
   2013 WL 2120866 (S.D. Cal. May 15, 2013)..................................21, 23

*Santa Clara, County of v. Superior Court,*
   2009 Cal. LEXIS 4728 (May 13, 2009)........................................5

*Savage v. Council on American-Islamic Relations,*
   2008 U.S. Dist. LEXIS 60545 ...........................................9, 10, 17, 20

*Sedgwick Claims Management Servs. v. Delsman,*
   2009 U.S. Dist. LEXIS 61825 (N.D. Cal. July 17, 2009)........................9

*Sierra Club v. Superior Court,*
   57 Cal. 4th 157 (2013) .....................................................5

*Sofa Entm't, Inc. v. Dodger Prods.,*
   709 F.3d 1273 (9th Cir. 2013) ............................................20

*Sony Computer Entertainment, Inc. v. Connectix Corp.,*
   203 F.3d 596 (9th Cir. 2000) .............................................16

*Sperry v. State of Fla. ex rel. Florida Bar,*
   373 U.S. 379 (1963)......................................................4

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) .............................................3

*Steckman v. Hart Brewing,*
   143 F.3d 1293 (9th Cir. 1998) ......................................*passim*

*Techniques, Inc. v. Rohn,*
   592 F. Supp. 1195 (S.D.N.Y. 1984) .......................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007)......................................................9

*Trenton v. New Jersey,*
   262 U.S. 182 (1923)......................................................4

*U.S. ex rel. Twentieth Century-Fox Film Corporation v. Bouve,*
   33 F. Supp. 462 (D.D.C. 1940).............................................7

*United States v. Ford,*
   650 F.2d 1141 (9th Cir. 1981) ...........................................22

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States v. Kaipat Pelisamen,
  641 F.3d 399 (9th Cir. 2011) ................................................................. 12

United States v. S. Cal. Edison Co.,
  300 F. Supp. 2d 964 (E.D. Cal. 2004) ................................................. 11

Vestar Dev. II, LLC v. Gen. Dynamics Corp.,
  249 F.3d 958 (9th Cir. 2001) ............................................................ 5, 6

Washington Post Co. v. Keogh,
  365 F.2d 965 (D.C. Cir. 1966) ............................................................ 21

Whittlestone, Inc. v. Handi-Craft Co.,
  618 F.3d 970 (9th Cir. 2010) ......................................................... 21, 22

Yeager v. Corr. Corp. of Am.,
  2012 U.S. Dist. LEXIS 43029 (E.D. Cal. Mar. 28, 2012) .................... 23

Zella v. E.W. Scripps Co.,
  529 F. Supp. 2d 1124 (C.D. Cal. 2007) ..................................... 12, 13, 14

**Statutes**

17 U.S.C.
  § 412 .............................................................................. 21, 22, 23
  § 505 ........................................................................................ 21

California Government Code
  §§ 6250 et seq. ............................................................................ 6
  § 6253(b) ................................................................................ 6, 19
  § 6254.9 ...................................................................................... 7
  § 6257.5 ...................................................................................... 6
  §§ 54950 et seq. .......................................................................... 6
  § 54953.5(b) ........................................................................... 6, 19

**Rules**

Federal Rules of Civil Procedure
  12(b)(6) ...............................................................................passim
  12(f) ..................................................................... 21, 22, 23
  56 ........................................................................... 13, 14, 15

Federal Rules of Evidence 901(b)(1) .................................................. 12

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Constitutional Provisions**

California Constitution, Article 1, § 3(b)..................................................................6

United States Constitution, First Amendment ................................................2, 21, 24

**Other Authorities**

4 William F. Patry, Patry on Copyright § 4:81 (2015) ................................................4

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     SUMMARY OF ARGUMENT

Last month the Ninth Circuit emphatically held that "a weak copyright claim cannot justify censorship in the guise of authorship."  Garcia v. Google, Inc., --- F.3d ----, 2015 WL 2343586 (9th Cir. May 18, 2015) (en banc).  In this case, the City of Inglewood is misusing copyright law to punish a citizen for criticizing his government, and its claim is not just weak, it is non-existent.

In its Opposition, the City ignores virtually all of the controlling authorities cited by Mr. Teixeira that show why its claim fails as a matter of law.  It also overlooks the actual contents of Mr. Teixeira's videos, despite having specifically identified and linked to these works in its own Complaint.  Because these videos are incorporated by reference into the City's pleading they are properly before the Court, and their contents supersede any contrary descriptions in the Complaint.  Avoiding discussion of all of the dispositive issues, the City cannot salvage this meritless action for several reasons.

First, the City concedes that it has no specific authority to copyright public records documenting its City Council meetings, and thus its claim is barred by California law.  See County of Santa Clara v. Superior Court, 170 Cal. App. 4th 1301, 1335 (2009).  The City makes no effort to distinguish County of Santa Clara or to question its holding.  The City's failure to counter this decision is fatal to its claim: where, as here, there is "relevant precedent from the state's intermediate appellate court," and no "convincing evidence" that the state supreme court would decide differently, "the federal court must follow the state intermediate appellate court decision."  Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 994 (9th Cir. 2007).

The City's only argument on this point is misguided, as the Supremacy Clause is not implicated by a state's decision not to assert copyright in its own works.  See Section II.A.  This is why every authority to consider the issue has recognized that

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

states can choose to favor broad public access to public records over copyright absent special circumstances, as California has explicitly done. See id.; MTD at 9-14.

Second, the City fails to counter Mr. Teixeira's showing that its attempt to use copyright to limit his use of City Council meeting videos as a vehicle to comment on political affairs is contrary to public policy and inconsistent with California law, which maximizes public access to such government records. See Section II.A; MTD at 12-14.

Third, to avoid a finding of fair use, the City ignores the actual content of the videos and merely repeats its conclusory allegations that they are "unaltered" "verbatim" copies of the original City Council meeting videos. E.g., Opp. at 11-14. But the City contradicts itself elsewhere in its Opposition, where it necessarily admits that Mr. Teixeira "adulterates" the meeting videos "by manipulating and adding derogatory comments" in order "to criticize the City." Opp. at 1, 8.[1] Either way, the City's characterizations of Mr. Teixeira's videos are irrelevant, because even in the context of a motion to dismiss, "the works themselves supersede and control contrary descriptions of them, including any contrary allegations … in the pleadings." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010). Consequently, this Court is "not required to accept as true" the City's "conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (affirming dismissal of action pursuant to Fed. R. Civ. P. 12(b)(6)).

///

---

[1] These comments reveal the City's true purpose – Inglewood officials find Mr. Teixeira's criticism offensive, and want him silenced. But "[p]ublic office is no place for the thin-skinned. Those who function in the public arena must be prepared to withstand …. the protest and controversy which their … actions and statements have generated." Pittsburg Unified School Dist. v. Calif. School Employees Ass'n, 166 Cal. App. 3d 875, 899 (1985). Under the First Amendment, speech cannot be proscribed because it is offensive, Cohen v. California, 403 U.S. 15, 25 (1971), or critical of public officials, Duran v. Douglas, 904 F.2d 1372, 1378 (9th Cir. 1990).

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The City necessarily refers to Mr. Teixeira's videos in its Complaint because they form the basis for its copyright claim, and it has even gone a step further and provided links to the six allegedly infringing videos at issue.  See Cmplt. ¶ 19.  The contents of these videos are therefore part of the Complaint, and the City cannot simply ignore them.  See Section II.B.1.  While the City may now regret its decision to link to them, Mr. Teixeira's videos are quintessential examples of fair use and the law is clear that "a plaintiff can … plead himself out of a claim by including unnecessary details contrary to his claims."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The City has done just that.

Fourth, the City's Orwellian claim that it is championing free speech by trying to quash it does not withstand scrutiny.  E.g., Opp. at 1-2.  Copyright promotes creativity by protecting the "commercial interest of the author," but claims such as the City's, designed to "suppress a derogatory" work are "untethered from—and incompatible with—copyright and copyright's function as the engine of expression." Garcia, 2015 WL 2343586, at *8-9 (quotations omitted).  These principles guide the fair use inquiry here, as state law bars the City from making any money from the sale of its City Council meeting videos.  See Section II.B.2.  Nor could Mr. Teixeira's highly transformative, bitingly critical videos possibly supplant the market for the City's unadorned meeting videos, if one could even exist.  Id.

Because the City has no copyright interest in its City Council meeting videos, and even if it did this would be a classic case of fair use, the Complaint should be dismissed with prejudice.  See Section III.  If the case proceeds, the Court should strike the City's defective request for attorneys' fees.  See Section IV.

## II.    THE CITY'S COMPLAINT IS BARRED AS A MATTER OF LAW.

## A.    The City Cannot Copyright Its Public Meeting Videos Under State Law.

The City concedes that the California Court of Appeal's decision in County of Santa Clara is on point, and thus that state law precludes it from copyrighting video

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

recordings of its City Council meetings.  Opp. at 17-19.  The City's only argument is that it is not bound by state law, which is incorrect.  Id.[2]

First, every authority to address this issue has recognized that works of state and local government can only be copyrighted "depending on state law and policy, and subject to exceptions dictated by public policy."  Building Officials & Code Adm. v. Code Technology, Inc., 628 F.2d 730, 735-36 (1st Cir. 1980).  The reason is clear: "[s]tates may … refuse to permit assertion of copyright in state-created works" because "copyright is never imposed."  4 William F. Patry, Patry on Copyright § 4:81 (2015).  See generally In re Aimster Copyright Litigation, 334 F.3d 643, 652 (7th Cir. 2003) (recognizing that artists may choose not to copyright their works in order to broaden their audience).  In other words, a state can forgo securing copyright protection in its own works, the same as any private individual or entity.

Because the key issue here is how California has chosen to proceed with respect to its own public records, the City's invocation of the Supremacy Clause is a non-sequitur.  The only authority that the City cites involves states attempting to regulate the conduct of others in a manner that conflicts with federal prerogatives.  For example, in Sperry v. State of Fla. ex rel. Florida Bar, 373 U.S. 379 (1963), the Court held that Florida could not prohibit a private attorney from practicing before the United States Patent Office because he lacked a Florida law license.  Id. at 384.  Consequently, the Sperry decision might be relevant if this were a case in which California law purported to limit some other private individual or entity's ability to obtain and hold copyrights contrary to federal law, but that is not the situation.

Instead, this is a case in which California has adopted a constitutional and statutory scheme that maximizes public access to its own public records, and that is

---

[2] The City alleges that it "is a municipality incorporated under the laws of the State of California … in statutory compliance with California law."  Cmplt. ¶¶ 9, 16.  "A municipal corporation is simply a political subdivision of the State."  Trenton v. New Jersey, 262 U.S. 182, 189 (1923).

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plainly incompatible with one of its political subdivisions trying to use copyright to limit such access.  MTD at 9-14.  To the extent that federalism concerns are relevant at all here, they cut against the City's position.  California cannot be compelled through the Copyright Act to allow its political subdivisions to copyright any and all public records in violation of state law and policy.  See New York v. United States, 505 U.S. 144, 166 (1992) ("even where Congress has the authority under the Constitution to pass laws requiring or prohibiting certain acts, it lacks the power directly to compel the States to require or prohibit those acts").

Second, the City erroneously asserts that the County of Santa Clara opinion is "non-precedential."  Opp. at 17.  To the contrary, "[i]n deciding an issue of state law, when 'there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it.'"  Hayes v. County of San Diego, 658 F.3d 867, 870 (9th Cir. 2011) (emphasis added).  "[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts."  Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001) (quotation omitted; emphasis added).

The City has presented no evidence that the California Supreme Court would disagree with the County of Santa Clara decision.[3]  It does not distinguish the case, or explain how the opinion is wrongly decided.  Opp. at 15-19.  As set forth in Mr. Teixeira's Motion, the Court of Appeal's well-reasoned decision is fully supported by state and federal law, and is consistent with authority from other jurisdictions as well.  MTD at 10-12.  Moreover, the City does not dispute any of the key features of

---

[3] The California Supreme Court denied requests to de-publish the County of Santa Clara decision, leaving it intact as a binding precedent, Santa Clara, County of v. Superior Court, 2009 Cal. LEXIS 4728, at * 1 (May 13, 2009), and it has cited the opinion favorably, Sierra Club v. Superior Court, 57 Cal. 4th 157, 176 (2013).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California's governing public records and open meetings laws that are fundamentally incompatible with a municipality asserting copyright to limit access to its video recordings of City Council meetings:

● The state Constitution, Brown Act, and CPRA maximize public access to government information, and require that any limits on access be narrowly construed. Cal. Const. Art. 1, § 3(b); Gov't Code §§ 6250 et seq., 54950 et seq., MTD at 13-14.

● Unlike some other states, California's public records law contains no exception authorizing restrictions on public access based on copyright. MTD at 11.

● California limits agencies to charging no more than the "direct costs of duplication" for copies of public records. Gov't Code § 6253(b); MTD at 11, 13.

● California prohibits agencies from limiting access to public records based on the purpose of the request. Gov't Code § 6257.5; MTD at 11.

● California law specifically authorizes certain public agencies to copyright certain enumerated items, in statutes that would all be superfluous if any agency could copyright any public record, as the City claims. MTD at 11-12.

● The Brown Act specifies that video recordings of public meetings are public records that must be available for public viewing free of charge, and that are subject to disclosure under the CPRA. Cal. Gov't Code § 54953.5(b); MTD at 13.

The City does not address any of these provisions. Compare MTD at 9-14, with Opp. 15-19. Nor does it offer an explanation for how this constitutional and statutory regime could be reconciled with its attempt to use copyright to restrict public access to City Council meeting videos. Id. Because the City has not come close to presenting "convincing evidence" that the California Supreme Court would disagree with the Court of Appeal's well-reasoned, controlling decision in County of Santa Clara, the "federal court is obligated to follow" that decision, which is fatal to this lawsuit, as the City essentially concedes. Vestar, 249 F.3d at 960; Opp. at 17-19.

Third, with no authorities to support its novel copyright claim, the City relies instead on anecdotal examples of items that agencies have registered with the

Copyright Office.  Opp. at 16-17.  But registrations are not binding authorities.  <u>See</u> <u>Techniques, Inc. v. Rohn</u>, 592 F. Supp. 1195, 1197 (S.D.N.Y. 1984) ("Registration's validity is subject to judicial review and may be attacked by a defendant in an infringement action"); <u>U.S. ex rel. Twentieth Century-Fox Film Corporation v.</u> <u>Bouve</u>, 33 F. Supp. 462, 463 (D.D.C. 1940) ("any finding of fact or conclusion of law on the part of the Register of Copyrights are not binding upon the court").

And in any event, the City's examples are also consistent with Mr. Teixeira's position.  As discussed in the Motion, the California Legislature "knows how to explicitly authorize public bodies to secure copyrights when it means to do so." MTD at 11 (quoting <u>County of Santa Clara</u>, 170 Cal. App. 4th at 1333).  Numerous statutes authorize public agencies to copyright particular items, which is compelling evidence that such specific authorization is required for a California agency to secure copyright protection in a public record.  <u>See</u> statutes cited at MTD at 10-11.  The fact that the City was only able to identify six instances in which California public agencies have registered copyrights is consistent with this regime in which copyright in public records is the exception, not the rule.  Opp. at 16-17.

Similarly, the City's discussion of its meter reading software and lawsuit against the City of Chicago does not support its insistence that its videos of its City Council proceedings are protected by copyright.  Opp. at 17.  There, the City brought a copyright infringement lawsuit based on a parking ticket software system that it had developed.  <u>City of Inglewood v. City of Chicago</u>, C.D. Cal. No. 2:02-cv-04594-DT-AJWX, Dkt. # 30 (Order on Motion to Dismiss, Dec. 9, 2002).  But unlike videos of City Council proceedings, the CPRA makes clear that "[c]omputer software developed by a state or local agency is not itself a public record under this chapter," and an "agency may sell, lease, or license the software for commercial or noncommercial use."  Cal. Gov't Code § 6254.9.

In <u>County of Santa Clara</u>, the court examined this provision and held that "the referenced copyright protection is limited to computer software," and that the statute

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"recognizes the availability of copyright protection for software in a proper case, [but] provides <u>no statutory authority for asserting any other copyright interest.</u>"  170 Cal. App. 4th at 1333-34 (emphasis added).  The City cannot rely on its copyright for a software program that is not even a public record as authority for its unprecedented attempt to use copyright to control public records of City Council meetings.

Where it makes sense for public agencies to copyright works like computer software or other comparable items, the Legislature has enacted statutes that expressly recognize such protection.  <u>See</u> MTD at 11-12.  This shows that specific authorization is required for a California public agency to copyright a public record. <u>Id.</u>  The City offers no response to this decisive point.  <u>See</u> Opp. at 15-19.

<u>Finally</u>, the City avoids acknowledging the nature of the public records at issue here.  This is not a case about parking meter software, "Cash Wiz Cash Management Software," historical crime scene photographs, or a book about green building.  Opp. at 16-17.  The City is trying to use copyright to punish a citizen for using public records that document official proceedings where public policy is discussed and laws are made.  The City does not – and cannot – cite to any authority permitting such behavior.  To the contrary, it has been well-established for over a century that copyright cannot block access to such records that directly implicate democratic self-governance.  <u>See</u> MTD at 14 n.9.

For all of these reasons, California law does not permit the City to obtain or hold a copyright in its recordings of City Council meetings, and therefore its claim against Mr. Teixeira fails as a matter of law and should be dismissed with prejudice.

**B.**    **Mr. Teixeira's Use Of Clips From City Council Meetings In His Political Commentaries Is Independently Protected By The Fair Use Doctrine.**

The videos giving rise to this litigation are paradigmatic examples of fair use. Mr. Teixeira has taken brief clips from the City's lengthy original public meeting videos, overlaid them with his original text and narration, interspersed them with his original footage, and presented them in an entirely new context where the clear

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

purpose is to criticize the public statements and behavior of City officials at Inglewood Council meetings.  See Ex. A; MTD at 5-8.  The City does not identify any case in which works of this kind have been deemed infringing, and courts have consistently held that such transformative works are "deserving of fair-use protection as a matter of law."  Fisher v. Dees, 794 F.2d 432, 440 (9th Cir. 1986).

### 1.    Fair Use Applies To Mr. Teixeira's Videos As A Matter Of Law.

The City makes no effort to distinguish any of the numerous authorities cited by Mr. Teixeira that support this Court's ability to dismiss this lawsuit on the basis of fair use at the pleading stage.  See MTD at 8-9, 16-17; RJN at 2-3.[4]  Instead, it is seeking to prolong the litigation (and hence the chilling effect on Mr. Teixeira's speech, see Section III) by ignoring the transformative content of the videos.  But the City cannot escape the consequences of its own pleading.

### a.    The Allegedly Infringing Videos Are Incorporated By Reference Into The City's Complaint.

The Court can consider Mr. Teixeira's videos (and the YouTube pages that display them) because they are incorporated by reference into the City's Complaint.  See MTD at 8-9, 16-17.[5]  Citing no authority, the City claims that "the only

---

[4] E.g., Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 530 (9th Cir. 2008); Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690-92 (7th Cir. 2012); Cariou v. Prince, 714 F.3d 694, 707 (2d Cir. 2013); Burnett v. Twentieth Century Fox Film Corp., 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007); Savage v. Council on American-Islamic Relations, 2008 U.S. Dist. LEXIS 60545, at *2-3; 87 U.S.P.Q.2D 1730 (N.D. Cal. 2008); Sedgwick Claims Management Servs. v. Delsman, 2009 U.S. Dist. LEXIS 61825, at *20-21 (N.D. Cal. July 17, 2009); Righthaven v. Realty One Group, 2010 WL 4115413, *3 (D. Nev. Oct. 19, 2010).

[5] Mr. Teixeira also brought a Request for Judicial Notice out of an abundance of caution because some courts have combined the incorporation by reference and judicial notice inquiries.  See, e.g., RJN at 2-3.  But these are separate bases for considering the videos.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("when ruling on Rule 12(b)(6) motions to dismiss … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" may be considered); Burnett, 491 F. Supp. 2d at 967 (same).  Therefore, while judicial notice of these materials is proper, the Court can independently consider them under the incorporation by reference doctrine.  Id.

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

documents incorporated by reference are the copyright applications of the City." Opp. at 23. But courts have consistently held that the allegedly infringing works that are the basis of a copyright claim are "integral to the complaint," and thus incorporated by reference therein. Canal+ Image UK Ltd. v. Lutvak, 773 F. Supp. 2d 419, 427 (S.D.N.Y. 2011) (granting 12(b)(6) motion and dismissing copyright claim by considering content of allegedly infringing work not attached to the complaint).

As this Court explained in DuckHole Inc. v. NBC Universal Media LLC, 2013 U.S. Dist. LEXIS 157305 (C.D. Cal. Sept. 6, 2013), the allegedly infringing works "form the basis of Plaintiff's claim of copyright infringement, therefore the Court may properly consider the content of the show as documentary facts whose contents are alleged in [the] Complaint" even though the plaintiff did not attach the show to the complaint. Id. at *9 (quotation omitted). The same is true here: because the City's claim relies on the contents of the six allegedly infringing videos that it specifically references and links to in its pleading (see Cmplt. ¶ 19), the contents of those videos are incorporated into the Complaint.[6]

Because the contents of Mr. Teixeira's videos are part of the City's pleading, the City's allegations that these works are "unaltered copies" of "entire" "verbatim" City Council meeting videos (Opp. at 14), must be disregarded. "In copyright infringement actions, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." Peter F. Gaito Architecture, 602 F.3d at 64 (quotations omitted). This is not unique to copyright: when ruling on any motion to dismiss under Rule 12(b)(6), the Court is "not required to accept as true conclusory

_____

[6] See also Burnett, 491 F. Supp. 2d at 966 (allegedly infringing work incorporated by reference); Campbell v. Walt Disney Co., 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (same); Felix the Cat Prods. v. New Line Cinema, 2000 U.S. Dist. LEXIS 21763, at *4 (C.D. Cal. May 1, 2000) (same); Savage, 2008 U.S. Dist. LEXIS 60545, at *6 (same); Arrow Productions, LTD. v. Weinstein Co. LLC, 44 F. Supp. 3d 359, 363 (S.D.N.Y. 2014) (same); Allen v. Scholastic, 739 F. Supp. 2d 642, 645 n.1 (S.D.N.Y. 2011) (same).

allegations which are contradicted by documents referred to in the complaint." Steckman, 143 F.3d at 1295-96.  See also Gonzalez v. Planned Parenthood of L.A., 759 F.3d 1112, 1115 (9th Cir. 2014) (if "documents incorporated by reference into the complaint conflict with allegations in the complaint, we need not accept those allegations as true").  Thus the allegations in the City's Complaint are only "deemed true to the extent that they are consistent with the works themselves."  Allen, 739 F. Supp. 2d at 645 n.1 (emphasis added).  See also Adjmi v. DLT Entertainment Ltd., --- F. Supp. 3d ----, 2015 WL 1499575, at *13 (S.D.N.Y. 2015) ("the Court's decision is predicated on its review of the raw materials, not the parties' proverbial labels"; finding fair use at pleading stage in copyright infringement action).

The City's own authority on this point supports Mr. Teixeira's position.  In Meeker v. Belridge Water Storage Dist., 2006 U.S. Dist. LEXIS 91775 (E.D. Cal. Oct. 23, 2006), the court took judicial notice of a contract that was referenced in the complaint, explaining that "a court may take judicial notice of a document relied upon in the complaint and/or matters of public record outside the pleadings, without converting a motion to dismiss into a motion for summary judgment."  Id. at *26. The City erroneously relies on other cases in which incorporation by reference was not even at issue.  E.g., LaSalle Nat. Bank v. First Connecticut Holding Group, L.L.C. XXIII, 287 F.3d 279, 282 (3d Cir. 2002) (court imposed sanctions by improperly judicially noticing the contents of a telephone conversation).[7]

The City cannot rely on inapposite cases in which there were specific reasons to doubt that items submitted were the same ones referenced in the complaint; none involve a situation like this where the plaintiff links to the works in its own pleading.

---

[7] Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 796-98 (8th Cir. 2009), Point Ruston, LLC v. Pac. Northwest Regional Council of the United Broth. of Carpenters and Joiners of America, 658 F. Supp. 2d 1266, 1279 (W.D. Wash. 2009), United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974-76 (E.D. Cal. 2004), and Korematsu v. United States, 584 F. Supp. 1406, 1415 (N.D. Cal. 1984), all cited by the City (Opp. at 6-7), are similarly irrelevant as none of these cases address incorporation by reference.

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Opp. at 23.[8]  For this same reason, the City cannot question the accuracy of these videos:  it provided the URL addresses for the YouTube pages that display them, and it alleges that Mr. Teixeira made them available on those pages and that those videos constitute the purported infringement at issue.  Cmplt. ¶ 19.  These are "judicial admissions" which are binding on the City.  American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("[f]actual assertions in pleadings … are considered judicial admissions conclusively binding on the party who made them"); see also Faust v. Travelers, 55 F.3d 471, 474 (9th Cir. 1995) (party bound by judicial admission in complaint).  Bound by its own admissions, the City cannot now deny that these are the videos at issue in this case.[9]

Nor can the City claim that its Complaint is "incomplete" and speculate that other unidentified infringing works might hypothetically exist.  Opp. at 23.  The court rejected this same argument in Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124 (C.D. Cal. 2007).  As the City does here, the plaintiffs in that case tried to oppose dismissal under Rule 12(b)(6) with "speculation" that some episodes of the defendant's television show that were "not before the Court may contain infringing content."  Id. at 1132.  The court explained that "as masters of their Complaint, Plaintiffs must allege the best facts for their case," and "[p]resumably, Plaintiffs have

_____

[8]  See In re Easysaver Rewards Litig., 737 F. Supp. 2d 1159, 1168-69, n.5 (S.D. Cal. 2010) (case concerned "the dynamic nature of internet shopping" and the web pages at issue were "programmed to rotate" different relevant images at different times); Hancock v. Hartford Life & Accident Ins. Co., 2006 U.S. Dist. LEXIS 39774, at *11-12 (E.D. Cal. June 14, 2006) (refusing to consider insurance plan defendants submitted for first time on reply because of reasons to question its accuracy); Car-Freshner Corp. v. Getty Images, Inc., 822 F. Supp. 2d 167, 175 (N.D.N.Y. 2011) (unclear if web pages submitted in trademark and unfair competition action were the same pages viewed by consumers in the relevant time period in the complaint).

[9]  The City has not submitted any evidentiary objections and thus it effectively concedes the authenticity of the videos in Exhibit A and screenshots in Exhibit B, as it must.  But Mr. Teixeira has properly authenticated these exhibits in any event.  See Teixeira Decl. ¶¶ 2-4; United States v. Kaipat Pelisamen, 641 F.3d 399, 411 (9th Cir. 2011) ("evidence may be authenticated by the testimony of a witness with knowledge of the matter in question") (citing Fed. R. Evid. 901(b)(1)).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

done so by alleging the content of the episodes they believe most substantially resemble" their work.  Id.  The same is true here, as the City chose to identify the six allegedly infringing works at issue.  It cannot evade dismissal by running away from the facts that it chose to allege.

### b.    Dismissal At The Pleading Stage Is Proper In This Case.

The City cites no authority to support its request to convert Mr. Teixeira's Motion to Dismiss into one for summary judgment under Rule 56.  Opp. at 3.  It overlooks cases holding that it is proper to dismiss a copyright infringement action at the pleading stage where, as here, it is a clear case of fair use and no factual issues need to be decided.  E.g., Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 530 (9th Cir. 2008) ("assertion of fair use may be considered on a motion to dismiss").

In this respect, this case is directly analogous to Burnett, in which the court granted the defendants' Rule 12(b)(6) motion and dismissed the plaintiff's copyright claim with prejudice.  491 F. Supp. 2d at 971-72.  The allegedly infringing video was incorporated by reference into the complaint, providing the court with all that it needed to determine that it was a fair use as a matter of law.  Id.; See also cases cited at MTD at 16-17.[10]  The Southern District of New York's recent decision in Adjmi is also instructive.  There, a playwright sought a declaratory judgment that his parodic play made fair use of elements of the television show "Three's Company."  Id. 2015 WL 1499575  at *1.  The court resolved the case on the pleadings based on its review of DVDs of episodes of "Three's Company" and the script for the play, which were incorporated by reference into the pleadings.  Id. at *13.  The court held that the play was a protected fair use as a matter of law, and that the playwright's motion for judgment on the pleadings "need not be converted to a motion for summary judgment, and further discovery is unnecessary."  Id. at *14.

_____

[10] The case for finding fair use as a matter of law is even stronger here than in Burnett, as even apart from the content of the videos, California law makes clear that there can be no commercial market at all for the City's videos of its City Council meetings.  See Section II.B.2.d.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Likewise, in Arrow Productions, LTD. v. Weinstein Co. LLC, 44 F. Supp. 3d 359 (S.D.N.Y. 2014), the court held at the pleading stage that the defendant's film "Lovelace" made fair use of parts of the plaintiff's film "Deep Throat." Id. at 363. The court rejected the plaintiff's argument that the court "should not make a fair use determination at this stage in the litigation, because there are factual questions that must be addressed through discovery." Id. at 367. In terms that apply equally to this case, the court explained that "there is a complete factual record before the court and discovery would not provide any additional relevant information in this inquiry. All that is necessary for the court to make a determination as to fair use are the two films at issue." Id. at 368. See also Brownmark, 682 F.3d at 691-92 (copyright claim properly dismissed at the pleading stage on basis of fair use without any discovery).[11]

Indeed, the City does not identify any factual issue that needs to be developed through discovery before Mr. Teixeira's fair use defense can be resolved. Opp. at 23. As in the cases discussed above, this is an "obvious case of fair use" (Brownmark, 682 F.3d at 692), in which it is clear from reviewing the City's original City Council meeting videos and Mr. Teixeira's works that his videos are highly transformative political commentaries, and that all four factors overwhelmingly favor a finding of fair use. See MTD at 17-25; Section II.B.2, infra. Moreover, under the unique circumstances of this case, this Court could even hold that Mr. Teixeira's videos are protected by fair use without reviewing them. As California law expressly bars the

---

[11] In Brownmark, the Seventh Circuit affirmed the dismissal of the Complaint under Rule 12(b)(6), but found that it should have been treated as a Rule 56 motion. Id. at 692. This was based on the panel's conclusion that the Seventh Circuit had not yet endorsed incorporation by reference of videos, while it specifically noted that courts in the Ninth Circuit have held that dismissal under Rule 12(b)(6) is proper on that basis. Id. at 691 (citing Burnett, 491 F. Supp. 2d at 966; Zella, 529 F. Supp. 2d at 1131-32; Daly v. Viacom, Inc., 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002)). The Seventh Circuit subsequently held that videos can be incorporated by reference and considered on a Rule 12(b)(6) motion. See Bogie v. Rosenberg, 705 F.3d 603, 609 (7th Cir. 2013). And in any event, the court in Brownmark held that even under a Rule 56 standard, the plaintiff was still not entitled to any discovery because it was clear from the videos themselves that it was "an obvious case of fair use" that could be decided "without discovery or a trial." Brownmark, 682 F.3d at 692.

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

City from profiting from recordings of its public meetings, there is no commercial market for them as a matter of law.  See MTD at 13, 23-24; Section II.B.2.d, infra.  The City also concedes that Mr. Teixeira "adulterates" its meeting videos "by manipulating [them] and adding derogatory comments" to "criticize the City," effectively admitting that they are transformative works.  Opp. at 1, 8.

Because this Court can hold that Mr. Teixeira's videos are protected by fair use based on the pleadings, the videos incorporated by reference therein, and California law, without having to resolve any disputed factual issues, it is proper to dismiss the Complaint under Rule 12(b)(6).  And even assuming for the sake of argument that the Court was inclined to treat Mr. Teixeira's Motion as one under Rule 56, this matter can still be resolved at this early stage based on the Complaint and the parties' current submissions.  Because the City cannot identify any disputed factual issue that is necessary to the fair use inquiry, its request for discovery must be denied for lack of good cause.  See New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1101 (C.D. Cal. 2004) (party seeking discovery to oppose Rule 56 motion must show that discovery is "essential to its opposition"); Brownmark, 682 F.3d at 691 ("discovery would only follow a Rule 56 motion if the district court granted a request for discovery.  District courts need not, and indeed ought not, allow discovery when it is clear that the case turns on facts already in evidence").

### 2.   Each Statutory Factor Favors A Finding Of Fair Use.

It is apparent from reviewing Mr. Teixeira's videos that they are highly transformative political commentaries that use brief, heavily modified clips from the City's public meeting videos to criticize Inglewood officials for their statements and conduct at these official proceedings.  See Cmplt. ¶ 19; Ex. A; MTD at 5-8, 17-25.  Disregarding the City's "conclusory allegations which are contradicted by documents referred to in the complaint," Steckman, 143 F.3d at 1295-96, and focusing on "the works themselves," Peter F. Gaito Architecture, 602 F.3d at 64, it is clear that all four factors favor a finding of fair use.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### a.     The Purpose And Character Of The Use

The City overlooks virtually all of the cases cited in Mr. Teixeira's Motion that found fair use in analogous situations involving transformative works of political criticism.  Compare MTD at 18-21 with Opp. at 10-12.

The decisions that the City does rely on are readily distinguishable.  For example, Infinity Broadcast Corp. v. Kirkwood, 150 F.3d 104 (2d Cir. 1998), involved a service that simply retransmitted the plaintiff's "unaltered radio broadcasts" over the telephone.  Id. at 108.  The defendant likened its own service "to a library photocopy machine," id. at 112,[12] and the "retransmissions [left] the character of the original broadcasts unchanged.  There [was] neither new expression, new meaning nor new message.  In short, there [was] no transformation."  Id. at 108 (quotation and citation omitted).  Courts have repeatedly distinguished Infinity Broadcasting in cases such as this one, explaining that it merely involved a "change of format."  Sony Computer Entertainment, Inc. v. Connectix Corp., 203 F.3d 596, 607 (9th Cir. 2000).  See also Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1165 (9th Cir. 2007) (unlike the "simple retransmission" in Infinity Broadcasting, "Google uses Perfect 10's images in a new context to serve a different purpose").[13]

Likewise, in Los Angeles Times v. Free Republic, 2000 WL 565200 (C.D. Cal. Apr. 4, 2000), the defendant re-posted "the entire text of articles" including "verbatim copies of articles from the Los Angeles Times and Washington Post websites."  Id. at *1.  The defendant's own evidence showed "that, generally, exact copies of whole or substantial portions of articles [were] posted."  Id. at *6. Moreover, the defendant re-posted the articles to inform its readers of "the news of

---

[12] Two of the cases that the City relies on literally involved photocopying.  See Am. Geophysical Union v. Texaco Inc., 60 F.3d 913, 924 (2d Cir. 1994); Basic Books, Inc. v. Kinko's Graphics Corp., 758 F. Supp. 1522, 1530 (S.D.N.Y. 1991).

[13] Similarly, Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc., 166 F.3d 65 (2d Cir. 1999), concerned abstracts that presented "direct translations of … articles" that "added almost nothing new in their works."  Id. at 72.

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the day," not to criticize "the manner in which the media reports that news" – thus the defendant's work served the same purpose as the original.  Id. at *10.

By contrast, Mr. Teixeira's videos plainly use short clips from lengthy City Council meetings heavily modified and interspersed with original text and audio, for the entirely different purpose of criticizing officials for their conduct at these proceedings.  See MTD at 4-7, 18-21; Exs. A-F.  This Court has held that this exact type of modification renders a video transformative and protected by fair use, Northland Family Planning Clinic, Inc. v. Center for Bio-Ethical Reform, 868 F. Supp. 2d 962, 978 (C.D. Cal. 2012), and the Ninth Circuit has held that even "entire verbatim reproductions are justifiable where the purpose of the work differs from the original," Mattel Inc. v. Walking Mt. Prods., 353 F.3d 792, 803 n.8 (9th Cir. 2003).

The City does not address these on-point authorities.  Opp. at 10-12.  It simply repeats its allegations about Mr. Teixeira's videos being "untransformed copies" that "merely republished substantially all of Plaintiff's unaltered videotapes of its Council meetings."  Opp. at 11-12.  These allegations must be disregarded because they are contradicted by the videos themselves.  Peter F. Gaito Architecture, 602 F.3d at 64; Steckman, 143 F.3d at 1295-96.  Indeed, the City admits that Mr. Teixeira "adulterates" the meeting clips by "manipulating and adding derogatory comments … overlaid on top" of them in order "to criticize the City."  Opp. at 1, 8, 11.  By these arguments, the City effectively concedes the transformative nature of the allegedly infringing videos, which makes this a clear case of fair use.[14]

---

[14] The City's claim that simply "linking to" its public meeting videos would be sufficient assumes that it posts the videos online, but it does not allege this in the Complaint.  Opp. at 1.  Moreover, this argument was squarely rejected in Savage v. Council on American-Islamic Relations, 2008 U.S. Dist. LEXIS 60545 (N.D. Cal. 2008), where the court explained that "it was not unreasonable for defendants to provide the actual audio excerpts, since they reaffirmed the authenticity of the criticized statements and provided the audience with the tone and manner in which plaintiff made the statements."  Id. at *15.  The same is true here as Mr. Teixeira's videos comment on the Mayor's "tone and manner" and criticize particular statements made at the City Council meetings.  See Ex. A.  The City does not dispute that its meeting videos last for several hours (see MTD at 4-5, Exs. C-F).  Linking to an entire video would not identify the particular statements and conduct at issue.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**b.     The Nature Of The Allegedly Copyrighted Works**

The City misconstrues this aspect of the fair use inquiry.  It cites <u>Feist</u> <u>Publications, Inc. v. Rural Telephone Service Co., Inc.</u>, 499 U.S. 340 (1991), and <u>Burrow-Giles Lithographic Co. v. Sarony</u>, 111 U.S. 53 (1884), but those cases merely held that the works at issue were subject to copyright as a threshold matter; they did not address fair use.  Indeed, the Court noted in <u>Feist</u> that while the telephone directory at issue could be copyrighted, "the copyright in a factual compilation is thin."  499 U.S. at 349.  Thus subsequent courts have held that the "scope of fair use is greater" when these "'informational' … works are involved." <u>Hustler Magazine, Inc. v. Moral Majority, Inc.</u>, 796 F.2d 1148, 1153-54 (9th Cir. 1986) (quotation omitted).  The City overlooks this decisive point.  Opp. at 12-13.

**c.     The Amount And Substantiality Used**

The City's treatment of the third factor is based on erroneous characterizations of Mr. Teixeira's videos which are contradicted by the works themselves and must be disregarded.  Opp. at 13-14; <u>Peter F. Gaito Architecture</u>, 602 F.3d at 64; <u>Steckman</u>, 143 F.3d at 1295-96.  It is plain from reviewing the videos, which use short, heavily modified clips of City Council meetings for harsh political criticism (Ex. A), that Mr. Teixeira is not "republishing unaltered copies" of the original videos or "archiving verbatim copies of Plaintiff's entire works."  Opp. at 14.  As discussed above, the City itself acknowledges that Mr. Teixeira "adulterates" and "manipulate[es]" the meeting clips "to criticize the City."  Opp. at 1, 8, 11.

The City also misconstrues Mr. Teixeira's Motion, which does not argue that he takes "verbatim fifteen minute 'clips'" from the meeting videos.  Opp. at 13.  His videos last between three and 15 minutes, most of which consists of original content and commentary; the longest any Council meeting clip runs without audio or visual modification by Mr. Teixeira is a little over a minute, while most of the unaltered clips are far less than a minute.  <u>See</u> MTD at 22-23; Ex. A.  Meanwhile, the City does not deny that its underlying City Council meeting videos last between two hours and

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

37 minutes and four hours and forty minutes.  See MTD at 4-5; Exs. C-F.  As Mr. Teixeira has used very brief clips from very long City Council meeting videos, and the amount used is "reasonable in relation to the purpose" of his political criticism, this factor strongly favors a finding of fair use.  See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 586 (1994).

### d.     The Effect On The Market

In addressing the fourth factor, the City mischaracterizes both the videos at issue and the governing law.

First, the City concedes, as it must, that its video recordings of City Council meetings are public records, and California law prohibits it from making money from the distribution of these videos.  See Opp. at 14-15; Cmplt. ¶ 16; MTD at 23-24.  It claims that it "has spent funds to have its Council meetings videotaped, and it can recoup its expenses.  Thus, there is harm to the City via its inability to recoup its expenses."  Opp. at 15.  However, the CPRA limits public agencies to charging no more than the "direct costs of duplication" for copies of public records.  Cal. Gov't Code § 6253(b) (emphasis added).  "The direct cost of duplication is the cost of running the copy machine, and conceivably also the expense of the person operating it.  'Direct cost' does not include the ancillary tasks necessarily associated with the retrieval, inspection and handling of the file from which the copy is extracted."  North County Parents Org. v. Dep't of Education, 23 Cal. App. 4th 144, 148 (1994).  A public agency's "expenditures in addition to the copying charges" are "nonreimbursable indirect costs [that] are not significant in light of [its] constitutionally mandated governmental function to disclose public records."  Los Angeles Unified School Dist. v. Superior Court, 151 Cal. App. 4th 759, 770 (2007).

The City would therefore be violating the law if it used fees for copies of its public meeting videos to recoup its expenses from videotaping those meetings.  Id.[15]

---

[15] That the City can only charge fees to recover the cost of copying the videos and not for making them in the first place is underscored by Cal. Gov't Code §

19

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Because it is only permitted to charge the direct cost of duplication, the only effect that a third-party's distribution of the City's public meeting videos could possibly have would be to relieve the City of its copying costs.  Consequently, there can be no economic harm to the City here as a matter of law and this factor strongly favors fair use even without any reference to the content of the videos at issue.[16]

Second, the City overlooks Mr. Teixeira's other dispositive argument, that his acerbic videos criticizing City officials are obviously no substitute for the City's unvarnished, gavel-to-gavel recordings of its City Council meetings.  Compare MTD at 24 with Opp. at 14-15.  The City recognizes that Mr. Teixeira "adulterates" the Council meeting clips "by manipulating and adding derogatory comments" in order "to criticize the City."  Opp. at 1, 8.  Assuming that there could be a market for the City's videos, it is objectively unreasonable to conclude that the same viewers looking for a straightforward document of the week's City Council proceedings would turn instead to Mr. Teixeira's strident critiques.  See Campbell, 510 U.S. at 592 ("there is no protectible derivative market for criticism").  Because Mr. Teixeira's videos are "not a substitute for the original and do[] not deprive the [purported] copyright holder of a derivative use, the fourth factor weighs in favor of fair use." Sofa Entm't, Inc. v. Dodger Prods., 709 F.3d 1273, 1280 (9th Cir. 2013).

## III.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

The City is silent as to Mr. Teixeira's showing that its Complaint should be dismissed with prejudice.  MTD at 25 (citing, inter alia, Steckman, 143 F.3d at 1298; Burnett, 491 F. Supp. 2d at 971-72; Savage, 2008 U.S. Dist. LEXIS 60545, at *25-

---

54953.5(b), which requires that members of the public be permitted to view public meeting videos "without charge on equipment made available by the local agency."

[16] The only case cited by the City, DC Comics Inc. v. Reel Fantasy, Inc., 696 F.2d 24 (2d Cir. 1982), is inapposite.  There, a store's unlicensed use of DC Comics characters in its advertisements deprived DC of the opportunity "to balance the prospect of increased sales against revenue from a license." Id. at 28.  As the City is barred from selling its public records for more than the direct cost of copying them it can neither profit from increased sales nor make money through licensing the works.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

26).  Nor does it request leave to amend in the event of dismissal, or identify any way that it could amend to state a valid claim.  Dismissal with prejudice is especially appropriate here because this lawsuit squarely targets Mr. Teixeira's political speech, raising "the danger that the mere pendency of the action will chill the exercise of First Amendment rights."  <u>Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of Culinary Workers</u>, 542 F.2d 1076, 1082-83 (9th Cir. 1976).

As the D.C. Circuit recognized in similar circumstances, "[t]he threat of being put to the defense of a lawsuit brought by a popular public official may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself, especially to advocates of unpopular causes … Unless persons … desiring to exercise their First Amendment rights are assured freedom from the harassment of lawsuits, they will tend to become self-censors.  And to this extent debate on public issues and the conduct of public officials will become less uninhibited, less robust, and less wide-open, for self-censorship affecting the whole public is 'hardly less virulent for being privately administered.'"  <u>Washington Post Co. v. Keogh</u>, 365 F.2d 965, 968 (D.C. Cir. 1966).  This meritless, censorious lawsuit should end now.

## IV.   THE CITY'S REQUEST FOR FEES SHOULD BE STRICKEN.

If this case does proceed, then the City's request to recover its attorneys' fees should be stricken because it is foreclosed by 17 U.S.C. § 412.  <u>See</u> MTS at 5-8.  The City does not address Mr. Teixeira's argument, and thereby concedes, that it is not entitled to recover its attorneys' fees pursuant to Section 505 of the Copyright Act because such fees are not available where, as here, the works at issue were not registered when the infringement commenced or within three months of the works' first publication.  MTS at 5-8; <u>see</u>, <u>e.g.</u>, <u>Said v. Cnty. of San Diego</u>, 2013 WL 2120866, at *3 (S.D. Cal. May 15, 2013) ("[S]ince Plaintiff has not addressed the merits of Defendants' argument, the court assumes that plaintiff concedes this point.").  Instead, the City contends that Rule 12(f) does not authorize the striking of the City's request for attorneys' fees, relying on <u>Whittlestone, Inc. v. Handi-Craft</u>

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Co., 618 F.3d 970, 974 (9th Cir. 2010).  Opp. at 19-20.  <u>Whittlestone</u>, however, does not apply in this case.

In <u>Whittlestone</u>, the Ninth Circuit reversed a district court's decision to strike the plaintiff's claim for lost profits and consequential damages, holding that the plaintiff's claims for damages were not encompassed within the categories of matters that may be stricken pursuant to Rule 12(f), and could not be considered immaterial "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief."  618 F.3d at 974.  The court agreed that "courts may not resolve 'disputed and substantial factual or legal issue[s] in deciding ... a motion to strike.'"  <u>Id.</u> at 973 (citation omitted).  The case did not involve a request to strike a request for attorneys' fees under Rule 12(f), and the court did not address the issue.

Here, unlike the damages requested in <u>Whittlestone</u>, the City's request for attorneys' fees does not "relate[] directly to the plaintiff's underlying claim for relief."  <u>Id.</u> at 974.  To the contrary, the fee request is ancillary to the City's copyright infringement claim.  <u>See</u> <u>United States v. Ford</u>, 650 F.2d 1141, 1144 (9th Cir. 1981) ("the question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction.").  Indeed, in his Motion to Strike, Mr. Teixeira included several cases, which the City ignores in its Opposition, demonstrating that courts have routinely struck requests for attorneys' fees post-<u>Whittlestone</u>.  <u>See</u> MTS at 4-5 (citing, <u>inter alia</u>, <u>N. Cal. River Watch v. Fluor Corp.</u>, 2014 U.S. Dist. LEXIS 141198, at *2 n.1, 10-11 (N.D. Cal. Oct. 2, 2014) ("[b]ecause the fees requests do not comprise any one cause of action, a motion to strike is the appropriate vehicle to address them."); <u>Dos Santos v. Telemundo Commc'ns Grp.</u>, <u>LLC</u>, 2012 WL 9503003, at *7 (C.D. Cal. Dec. 19, 2012) (striking request for attorneys' fees for failure to satisfy Section 412 requirements)).

Further, <u>Whittlestone</u> also does not apply because the Court need not decide any disputed factual or legal issues.  As mentioned above, the City does not dispute – nor can it – that Section 412 of the Copyright Act bars it from recovering its

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attorneys' fees in this action because the Copyright Office received the City's copyright registrations on February 3, 2015, which is after the commencement of the purported infringement, and beyond three months after first publication of the works. See Supplemental Request for Judicial Notice ("SRJN"), Dkt. # 16, at 1; Ex. G.

The City concedes that these copyright registration applications are incorporated by reference into the Complaint, and it has not opposed the SRJN. Opp. at 23; Cmplt. ¶ 14. Consequently, not only has the City failed to allege that it timely registered the underlying works here, but it is apparent from the Complaint itself that it did not do so. See MTS at 7-8. Therefore, the Court should grant Mr. Teixeira's Motion and strike the City's request for attorneys' fees with prejudice.

Alternatively, if the Court finds that Mr. Teixeira's Motion "is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, [the Court] may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009) (citations omitted). See also Yeager v. Corr. Corp. of Am., 2012 U.S. Dist. LEXIS 43029, at *6, 11-12 (E.D. Cal. Mar. 28, 2012) (converting Rule 12(f) motion to Rule 12(b)(6) motion and striking request for punitive damages).

Even under the Rule 12(b)(6) standard, the City's request for attorneys' fees fails as a matter of law. As discussed above, the City has waived any argument to the contrary by ignoring the substance of Mr. Teixeira's Motion. See Said, 2013 WL 2120866, at *3. Moreover, the City has not alleged that it timely registered the underlying works as required under Section 412 and Section 505. MTS at 3. And the copyright registration applications incorporated by reference in the Complaint show conclusively that it failed to do so. Id. at 7-8; SRJN at 1, Ex. G. As a result, if the Court converts Mr. Teixeira's Motion to Strike into a Motion to Dismiss, the City's request for attorneys' fees should be dismissed without leave to amend.

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## V.    CONCLUSION

With this lawsuit, the City seeks "to impose speech restrictions under copyright laws meant to foster rather than repress free expression."  <u>Garcia</u>, 2015 WL 2343586, at *1.  The City has no cognizable copyright interest in videos of its City Council public hearings and is impermissibly using the Copyright Act to punish Mr. Teixeira for exercising his First Amendment right to criticize public officials.  The very pendency of this litigation is chilling constitutionally protected speech.  Mr. Teixeira respectfully requests that this Court bring a swift end to this action by dismissing the City's Complaint in its entirety, with prejudice.

DATED: June 5, 2015

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DAN LAIDMAN
DIANA PALACIOS

By: /s/ Dan Laidman
                Dan Laidman

Attorneys for Defendant
Joseph Teixeira

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
DWT 26841950v6 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899