DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
    thomasburke@dwt.com
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:   (415) 276-6500
Fax:  (415) 276-6599

DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (State Bar No. 274482)
    danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
Joseph Teixeira

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF INGLEWOOD, a public entity, | Case No. **2:15-cv-01815-MWF-MRW** |
| Plaintiff, | Assigned to the Hon. Michael Fitzgerald |
| vs. | **OBJECTION OF DEFENDANT JOSEPH TEIXEIRA TO PLAINTIFF'S EX PARTE REQUEST TO TAKE DISCOVERY AND REQUEST FOR CLARIFICATION OF COURT'S ORDER OF JUNE 26, 2015; DECLARATIONS OF JOSEPH TEIXEIRA AND DAN LAIDMAN WITH EXHIBITS A-B** |
| JOSEPH TEIXEIRA and Does 1-10, | |
| Defendants. | |
| | Action Filed:  March 12, 2015 |

Defendant Joseph Teixeira respectfully submits this Objection to the City of Inglewood's request to take discovery to oppose his Motion to Dismiss ("MTD"), and Request for Clarification of the Court's Order of June 26, 2015. There is no basis for the City's improper <u>ex parte</u> request for discovery,[1] and it should be denied for several independent reasons.

<u>First</u>, Mr. Teixeira's MTD asserted two independent bases for dismissal. The City's discovery request pertains only to his fair use defense, and not to his separate threshold argument that the City fails to state a claim because it is precluded by California law from asserting a copyright interest in its video recordings of its City Council proceedings. <u>See</u> MTD at 9-14; Reply in Support of MTD at 3-8. This is a purely legal argument that does not involve any disputed issues of fact, and the City does not argue otherwise. <u>Id.</u>; City's Opposition to MTD ("Opp.") at 15-19. Therefore, Mr. Teixeira respectfully requests that this Court rule on this dispositive legal issue before allowing any discovery on his alternative fair use defense.

<u>Second</u>, the City has not identified any basis for taking discovery related to Mr. Teixeira's fair use defense. The City's counsel speculated for the first time during the hearing on June 22, 2015, that the allegedly infringing videos currently available at the YouTube addresses identified in Paragraph 19 of the Complaint may somehow have been altered since they were first posted. The City has now backed away from this baseless conjecture. In its 6/25/15 Letter, the City does not claim that the contents of any of the six videos have been altered. Ex. B (City's 6/25/15 Letter at 1-2). It states only that these videos were temporarily "either blocked or removed from YouTube.com," before being "reposted or made public again." <u>Id.</u>

---

[1] As stated in the Court's 6/26/15 Order, the City did not comply with the Local Rules when it e-mailed its letter to the Court on June 25, 2015. <u>See</u> Dkt. # 20. The City did not copy Mr. Teixeira's counsel on this email, and defense counsel were not aware of the City's letter until after the Court's Order was entered on June 29, 2015. <u>See</u> Declaration of Dan Laidman at ¶ 2. Mr. Teixeira's counsel first saw the letter on June 29, 2015, after contacting the City's counsel to object to the improper <u>ex parte</u> communication and request a copy of the letter. <u>Id.</u> ¶¶ 3-4, Exs. A-B.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Teixeira temporarily made the six videos at issue "private" after receiving a cease-and-desist letter from the City in November 2014, while making no changes to the contents of any of these videos.  <u>See</u> Concurrently Filed Declaration of Joseph Teixeira ¶ 3.  He later switched that accessibility setting back so that these same videos were once again available to the public.  <u>Id.</u>  At no time did Mr. Teixeira make any changes to the contents of any of these videos – he merely changed a technical setting that determined whether the videos could be seen by the general public.  <u>Id.</u>  The City's Letter effectively acknowledges this by stating that the same works were "reposted" or "made public again."  Ex. B.

Whether the allegedly infringing videos were temporarily unavailable to the public is irrelevant to the adjudication of Mr. Teixeira's Motion.  His fair use defense relies solely on the <u>contents</u> of the videos (which have never changed), the nature of the underlying City Council meeting videos (which is undisputed), and California law.  <u>See</u> MTD at 18-25; Reply at 15-20.  Even assuming for the sake of argument that some video had been modified, which is emphatically not the case, the City has never identified any supposed modification that could have any legal significance to the fair use inquiry here.  The City's counsel admits to having watched the videos prior to filing this lawsuit.  Ex. B, 6/25/15 Letter at 1.  Thus if the videos are now different counsel would be aware of that, and presumably would be able to identify any such differences, either in the City's Opposition papers, or at oral argument, or in the Letter.  Indeed, if there were any differences in the videos, let alone any legally significant ones that could affect the fair use inquiry, the City obviously would have made this a central focus of its Opposition papers.  It did not do so.  Rather, the City's counsel engaged in pure speculation about supposed alterations for the first and only time at oral argument in a desperate attempt to avoid dismissal.[2]

---

[2] Any speculation that the videos have been modified in a legally significant way would be absurd given the City's own arguments.  Its entire response to Mr. Teixeira's fair use defense rests on the disingenuous claim that he is distributing "verbatim" copies of City Council meeting videos.  <u>See</u> Opp. at 9-15.  Is the City

OBJECTION & REQUEST FOR CLARIFICATION
DWT 27230981v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The City has now had three separate opportunities – in its Opposition papers, at the June 22 hearing, and in its June 25 letter – to identify any specific factual issues relevant to the fair use inquiry that need to be developed through discovery.  It has not identified a single one.  The City has never offered anything but vague speculation, and when this Court called the City's bluff and ordered it to produce the "original" videos giving rise to its Complaint that it suggested may be different, it failed to produce <u>anything</u>.  That should have ended this matter.  The City's newly minted claim about its poor record-keeping is hardly a basis for granting discovery.

<u>Third</u>, because the City has presented no basis to conclude either that any videos have been altered or that any supposed modifications would have any legal bearing on the fair use inquiry, its request for discovery is plainly a delaying tactic.  As discussed in Mr. Teixeira's moving papers, prompt adjudication is crucial here, as the City's lawsuit is a thinly disguised attack on his core First Amendment right to speak out about public affairs and criticize his government.  <u>E.g.</u>, MTD at 1-2, 15-16; Reply at 20-21.  The Ninth Circuit has expressed the "concern that a delay in litigation will itself chill speech" in actions that implicate First Amendment rights.  <u>Courthouse News Serv. v. Planet</u>, 750 F.3d 776, 787 (9th Cir. 2014).  With each day that this meritless lawsuit remains pending the City is succeeding in chilling the free speech rights not just of Mr. Teixeira but of all of its citizens who might dare to exercise their constitutional right to criticize the mayor.

In an analogous fair use context, the Seventh Circuit held that "[d]istrict courts need not, and indeed ought not, allow discovery when it is clear that the case turns on facts already in evidence," and that where, as here, a case is an "obvious case of fair use … a court can often decide the merits of the claim without discovery or a trial."

---

seriously suggesting that Mr. Teixeira maintained a public archive of unadulterated 4-hour-long City Council meeting videos which have now somehow become 15-minute-long blistering attacks on the Mayor; that this discrepancy escaped the City's attention entirely when it filed its Opposition papers; and that it still cannot even identify anything that is different without subpoenaing YouTube?

OBJECTION & REQUEST FOR CLARIFICATION
DWT 27230981v1 0200856-000001

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 691-92 (7th Cir. 2012). See also Burnett v. Twentieth Century Fox Film Corp., 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007) (dismissing copyright claim with prejudice at pleading stage based on fair use defense); MTD at 16-17; Reply at 9-15.  It would create a glaring loophole and render these authorities meaningless if a plaintiff could delay the adjudication of a wholly meritless claim and get free reign to engage in discovery merely by offering vague speculation that works it has linked to in its own Complaint have changed in some unidentified way.  The City's attempt to prolong this meritless act of official censorship in the guise of a copyright suit should be soundly rejected.

Finally, the Court's Order of June 26, 2015, concludes by stating that "[t]he City shall file the subpoena it serves on YouTube.com with the Court by July 2, 2015." See Dkt. # 20.  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. Proc. 26(d)(1).  The parties have not held their Rule 26(f) conference, and there is no rule, stipulation, or court order authorizing discovery at this early stage of the proceedings.

Therefore, Mr. Teixeira respectfully requests that the Court clarify if the last line of its Order directed the City to file a copy of the subpoena for consideration by the Court and possible objections by Mr. Teixeira before it is served, or if the Order was intended to permit the City to proceed with service of the subpoena.  If the Court did intend its Order to authorize early discovery, then Mr. Teixeira would request that the Court stay the Order, direct that any subpoena that may have already been issued be immediately withdrawn, and order supplemental briefing about whether discovery is appropriate at all under the circumstances and what the proper scope of any such discovery should be.  Such further consideration is especially appropriate here given that the City made its discovery request in an improper ex parte communication to the Court with inadequate notice to Mr. Teixeira's counsel, such

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  that defense counsel were unaware that the request had even been made until after

2  the Court's Order was entered.  See Laidman Decl. ¶¶ 2-4, Exs. A-B.

3       For all of these reasons, Mr. Teixeira respectfully requests that the Court deny

4  the City's request to delay the adjudication of this meritless action against free

5  speech by taking discovery with no legal or factual basis.

6  DATED: June 30, 2015           DAVIS WRIGHT TREMAINE LLP

                            THOMAS R. BURKE

7                              DAN LAIDMAN

8                              DIANA PALACIOS

9                              By: /s/ Dan Laidman

10                                     Dan Laidman

11                             Attorneys for Defendant

12                             Joseph Teixeira

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION & REQUEST FOR CLARIFICATION

DWT 27230981v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899