1 | DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
2 |    thomasburke@dwt.com
505 Montgomery Street, Suite 800
3 | San Francisco, CA 94111-6533
Telephone:   (415) 276-6500
4 | Fax: (415) 276-6599

5 | DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (State Bar No. 274482)
6 |    danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
7 |    dianapalacios@dwt.com
865 South Figueroa Street, 24th Floor
8 | Los Angeles, California  90017-2566
Telephone: (213) 633-6800
9 | Fax: (213) 633-6899

10 | Attorneys for Defendant
11 | Joseph Teixeira

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14 |

15 | CITY OF INGLEWOOD, a public entity, ) Case No. **2:15-cv-01815-MWF-MRW**

16 | Plaintiff, ) Assigned to the Hon. Michael Fitzgerald

17 | vs. )

18 | JOSEPH TEIXEIRA and Does 1-10, ) **DEFENDANT'S NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

19 | Defendants. )

20 | ) **[17 U.S.C. § 505]**

21 | ) Hearing Date:  October 5, 2015

22 | ) Time:          10:00 a.m.
) Courtroom:     1600

23 | ) [Declaration Of Dan Laidman With Exhibits A-F; Declaration of Thomas R. Burke; Declaration of Karlene Goller; Declaration of Kevin Vick; and [Proposed] Order Filed Concurrently]

24 | )

25 | )

26 | ) Action Filed:  March 12, 2015

27 | )

28 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 5, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald of the United States District Court for the Central District of California, in Courtroom 1600 of the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California 90012, defendant Joseph Teixeira will and hereby does move this Court, pursuant to 17 U.S.C. § 505, for an order requiring the City to pay his attorneys' fees incurred in successfully defending against this lawsuit.

This Motion is made on the following grounds:

1.     An award of attorneys' fees is proper under Section 505.  See Memorandum Section III.  Mr. Teixeira's defense was completely successful, the City's claim was objectively unreasonable, the City did not pursue this action with a legitimate motive under copyright law, a fee award is needed to deter such meritless litigation in the future, and a fee award will further a key goal of the Copyright Act of promoting the creation of transformative works.  Id.

2.     Mr. Teixeira's fee request is reasonable.  See Memorandum Section IV. His counsel's billing rates are well within the prevailing rates in the Southern California market for work in this area of law.  See Memorandum Section IV.A.  Mr. Teixeira's counsel handled his defense efficiently and economically, and the number of hours expended are reasonable in light of his degree of success, the complexity of the issues, and the City's own litigation tactics, which significantly enlarged and prolonged the proceedings.  See Memorandum Section IV.B.

Mr. Teixeira therefore respectfully requests that the Court grant this Motion and award attorneys' fees in the amount of $128,983, as well as any additional fees incurred in preparing Reply papers and appearing at the hearing on this Motion.[1]

---

[1] Mr. Teixeira will submit supplemental evidence to document this additional fee request along with his Reply papers.  See Laidman Decl. ¶ 15.  Defense counsel estimates that the additional request will be approximately $6,000.  Id.

This Motion is based on this Notice Of Motion, the attached Memorandum Of Points And Authorities, the concurrently-filed Declaration of Dan Laidman with Exhibits A-F, the Declaration of Thomas R. Burke, the Declaration of Karlene Goller, the Declaration of Kevin Vick; all matters of which this Court may take judicial notice; the pleadings, files, and records in this action, and on such other argument as may be heard by this Court.

This Motion is made following the conference of counsel that occurred by email between August 21, 2015, and August 28, 2015, and also by telephone on August 27, 2015, pursuant to Local Rule 7-3.  See Laidman Decl. ¶¶ 29-32.

DATED: September 3, 2015

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DAN LAIDMAN
DIANA PALACIOS

By: /s/ Dan Laidman
                    Dan Laidman

Attorneys for Defendant Joseph Teixeira

# TABLE OF CONTENTS

Page

I.    SUMMARY OF ARGUMENT ........................................................ 1

II.   FACTUAL BACKGROUND & PROCEDURAL HISTORY ..................... 2

III.  AWARDING MR. TEIXEIRA HIS ATTORNEYS' FEES IS PROPER UNDER THE COPYRIGHT ACT. ............................................... 4

    A.    Mr. Teixeira Achieved Complete Success In This Litigation. ............. 6

    B.    The City's Copyright Infringement Claim Was Objectively Unreasonable. ........................................................... 6

    C.    The City Did Not Act With A Legitimate Motive Under Copyright Law. ......................................................... 10

    D.    A Fee Award Is Appropriate To Deter Future Meritless Litigation ... 12

    E.    A Fee Award Will Further The Goals Of The Copyright Act. .......... 14

IV.   MR. TEIXEIRA'S FEE REQUEST IS REASONABLE. ........................... 15

    A.    DWT's Billing Rates Are Reasonable ................................... 15

    B.    The Hours Expended By Mr. Teixeira's Counsel Are Reasonable. .. 18

V.    CONCLUSION ........................................................... 23

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

<u>AF Holdings LLC v. Navasca</u>,
2013 U.S. Dist. LEXIS 102249 (N.D. Cal. July 22, 2013)...................................12

<u>Baker v. Urban Outfitters</u>,
431 F. Supp. 2d 351 (S.D.N.Y. 2006) ............................................................12

<u>Bernal v. Paradigm Talent and Literary Agency</u>,
2010 WL 6397561 (C.D. Cal. June 1, 2010) ...................................................7, 8

<u>Blum v. Stenson</u>,
465 U.S. 886 (1984)....................................................................................5, 16

<u>Bond v. Blum</u>,
317 F.3d 385 (4th Cir. 2003) ............................................................................7

<u>Brownmark Films LLC v. Comedy Partners</u>,
2011 WL 6002961 (E.D. Wisc. Nov. 30, 2011) ............................................7, 11

<u>Campbell v. Acuff-Rose Music, Inc.</u>,
510 U.S. 569 (1994)....................................................................................1, 14

<u>Caner v. Autry</u>,
2014 WL 2967607 (W.D. Va. July 1, 2014).................................................5, 7, 12

<u>Cataphora Inc. v. Parker</u>,
848 F. Supp. 2d 1064 (N.D. Cal. 2012) ............................................................21

<u>Charlebois v. Angels Baseball LP</u>,
993 F. Supp. 2d 1109 (C.D. Cal. 2012) ............................................................21

<u>Chivalry Film Prods. v. NBC Universal, Inc.</u>,
2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007)...................................................12

<u>Compaq Computer Corp. v. Ergonome</u>,
387 F.3d 403 (5th Cir. 2004) ............................................................................7

<u>Cortes v. Metro. Life Ins.</u>,
380 F. Supp. 2d 1125 (C.D. Cal. 2005) ............................................................16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

County of Santa Clara v. Superior Court,
  170 Cal. App. 4th 1301 (2009) ........................................................ 9, 19

DuckHole Inc. v. NBCUniversal Media LLC,
  2013 U.S. Dist. LEXIS 157304 (C.D. Cal. Oct. 25, 2013) .................... 13

Elser v. I.A.M. Nat'l Pension Fund,
  579 F. Supp. 1375 (C.D. Cal. 1984) .................................................. 16

Fantasy, Inc. v. Fogerty,
  94 F.3d 553 (9th Cir. 1996) ........................................................... 6, 7

Fein v. Kesterson,
  2010 U.S. Dist. LEXIS 128489 (C.D. Cal. Nov. 23, 2010) .................... 19

Fishel v. Equitable Life Assurance Society,
  307 F.3d 997 (9th Cir. 2002) ............................................................ 15

Fisher v. Dees,
  794 F.2d 432 (9th Cir. 1986) ............................................................ 10

Fogerty v. Fantasy, Inc.,
  510 U.S. 517 (1994) ................................................................... *passim*

Garcia v. Google, Inc.,
  786 F.3d 733 (9th Cir. 2015) (en banc) ............................................ 10

Gilbert v. New Line Prods.,
  2013 U.S. Dist. LEXIS 23993 (C.D. Cal. Feb. 20, 2013) ..................... 22

Hensley v. Eckerhart,
  461 U.S. 424 (1983) ..................................................................... 6, 15

Historical Research v. Cabral,
  80 F.3d 377 (9th Cir. 1996) ............................................................... 5

Inhale, Inc. v. Starbuzz Tobacco, Inc.,
  755 F.3d 1038 (9th Cir. 2014) ............................................................ 1

International Longshoremen's & Warehousemen's Union v. Los
  Angeles Export Terminal, Inc.,
  69 Cal. App. 4th 287 (1999) .............................................................. 21

Jackson v. Axton,
  25 F.3d 884 (9th Cir. 1994) ................................................................ 6

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

John Wiley & Sons, Inc. v. Kirtsaeng,
    605 Fed. App'x 48 (2d Cir. May 27, 2015) ............................................ 5

Lawrence v. Sony Pictures Entm't Inc.,
    2011 U.S. Dist. LEXIS 157934 (C.D. Cal. Oct. 5, 2011) ..................... 6, 12, 17, 22

Legal Voice v. Stormans Inc.,
    757 F.3d 1015 (9th Cir. 2014) ................................................................ 5

Los Angeles Times v. Free Republic,
    2000 WL 565200 (C.D. Cal. Apr. 4, 2000) ......................................... 10

Love v. The Mail on Sunday,
    2007 U.S. Dist. LEXIS 97061 (C.D. Cal. Sept. 7, 2007) ............... 14, 18

Maloney v. T3Media, Inc.,
    2015 U.S. Dist. LEXIS 86183 (C.D. Cal. May 27, 2015) ............... 21, 22, 23

Mathis v. Spears,
    857 F. 2d 749 (Fed. Cir. 1988) ........................................................... 18

Mattel, Inc. v. MGA Entm't, Inc.,
    705 F.3d 1108 (9th Cir. 2013) ................................................... 1, 11, 12

Mattel v. Walking Mountain Productions,
    2004 WL 1454100 (C.D. Cal. June 21, 2004) ........................... 7, 11, 13, 22

Matthew Bender & Co v. West Publishing Co.,
    240 F.3d 116 (2d Cir. 2001) .................................................................. 6

Milton Greene Archives, Inc. v. BPI Communs., Inc.,
    2006 U.S. Dist. LEXIS 101392 (C.D. Cal. Mar. 8, 2006) .................... 22

Moore v. James. H. Matthews & Co.,
    682 F.2d 830 (9th Cir. 1982) ............................................................... 16

Morales v. City of San Rafael,
    96 F.3d 359 (9th Cir. 1996) ................................................................. 15

Nat'l Assoc. of Concerned Veterans v. Sec. of Def.,
    675 F.2d 1319 (D.C. Cir. 1982) ........................................................... 16

Ohio-Sealy Mattress Mfg. v. Sealy,
    776 F.2d 646 (7th Cir. 1985) ............................................................... 16

iv

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Omega S.A. v. Costco Wholesale Corp.,
  776 F.3d 692 (9th Cir. 2015) ................................................................. 9, 10

Peak-Las Positas Partners v. Bollag,
  172 Cal. App. 4th 101 (2009) ....................................................................... 21

Perfect 10, Inc. v. Giganews, Inc.,
  2015 U.S. Dist. LEXIS 54063 (C.D. Cal. Mar. 24, 2015) ..................... 12, 14, 18

Religious Tech. Ctr. v. Lerma,
  908 F. Supp. 1362 (E.D. Va. 1995) ................................................................. 7

Scott v. Meyer,
  2010 U.S. Dist. LEXIS 69308 (C.D. Cal. June 21, 2010) ............................... 13

Serrano v. Unruh,
  32 Cal. 3d 621 (1982) .................................................................................... 21

Sofa Entm't, Inc. v. Dodger Prods.,
  709 F.3d 1273 (9th Cir. 2013) ......................................................................... 7

Sorenson v. Mink,
  239 F.3d 1140 (9th Cir. 2001) ....................................................................... 16

Stanford Daily v. Zurcher,
  64 F.R.D. 680 (N.D. Cal. 1974) ....................................................................... 5

Tavory v. NTP, Inc.,
  297 Fed. App'x 986 (Fed. Cir. 2008) ............................................................... 7

Tomazzoli v. Sheedy,
  804 F.2d 93 (7th Cir. 1986) ........................................................................... 16

United Steelworkers of America v. Phelps Dodge Corp.,
  896 F.2d 403 (9th Cir. 1990) ......................................................................... 16

Video-Cinema Films, Inc. v. Cable News Network, Inc.,
  2003 WL 1701904 (S.D.N.Y. March 31, 2003) ................................................ 7

Wild v. NBC Universal,
  2011 U.S. Dist. LEXIS 157860 (C.D. Cal. July 18, 2011) ............................... 22

**Statutes**

17 U.S.C. § 505 ...................................................................................... *passim*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

42 U.S.C. § 1988 .......................................................................................... 5

California Code of Civil Procedure § 425.16 ......................................... 22

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................... 3, 22

Federal Rule of Civil Procedure 12(f) ................................................... 3

Federal Rule of Civil Procedure 54(d) ................................................. 21

Local Rule 54-10 ................................................................................. 21

**Constitutional Provisions**

United States Constitution, First Amendment ........................... 8, 9, 10, 17

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      SUMMARY OF ARGUMENT

"A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does."  Inhale, Inc. v. Starbuzz Tobacco, Inc., 755 F.3d 1038, 1043 (9th Cir. 2014).  "Defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."  Id.  To that end, 17 U.S.C. § 505 provides that a prevailing defendant can recover attorneys' fees incurred in successfully defending against a copyright action.  "The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act."  Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013).

By successfully defending against the City of Inglewood's lawsuit, Mr. Teixeira furthered the core purpose of the Copyright Act of promoting creative expression.  As this Court recognized when it granted Mr. Teixeira's Motion to Dismiss, his political commentary videos "are quintessential transformative works for the purpose of criticism and commentary on matters of public concern."  Dkt. # 35, Order at 15.  Copyright law encourages the creation of such transformative works.  See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 579 (1994).  The City's attempt to suppress Mr. Teixeira's speech was a misuse of copyright law, and a fee award is proper to deter such meritless actions in the future.

Each of the factors that courts consider under Section 505 strongly favors fee-shifting in this case.  See Section III.  Mr. Teixeira achieved a complete victory, as the City's Complaint was dismissed in its entirety with prejudice, and its attempt to take wide-ranging, invasive discovery was sharply curtailed.  See Section III.A.  The City's copyright claim was objectively unreasonable on multiple counts.  On-point, controlling case law established that the City could not bring a copyright claim to restrict the use of public records documenting its City Council meetings.  See Section

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

III.B.  And its claim was doomed from the outset for the independent reason that it is readily apparent that Mr. Teixeira's videos are protected by the fair use doctrine. "Indeed," as this Court noted in its Order, it could "scarcely conceive of works that are more appropriately protected by the fair use doctrine."  Dkt. # 35, Order at 20.

A fee award is also justified because the City brought this action to silence Mr. Teixeira's critical political speech, not to protect any legitimate commercial interest recognized by the Copyright Act.  See Section III.C.  Moreover, the City repeatedly rebuffed Mr. Teixeira's efforts to resolve this matter without litigation, underscoring the need for a fee award to deter future meritless lawsuits.  See Section III.D.

The fees sought by Mr. Teixeira are reasonable.  See Section IV.  Defense counsel's billing rates are well within the prevailing rates in the Southern California market for work in this area of law.  See Section IV.A.  And Mr. Teixeira's counsel handled his defense efficiently and economically, and the number of hours expended are reasonable in light of his degree of success, the complexity of the issues, and the City's own litigation tactics, which significantly enlarged and prolonged the proceedings.  See Section IV.B.  For these reasons, Mr. Teixeira respectfully requests that the Court grant this Motion, and award $128,983 in fees, plus the additional fees incurred preparing the Reply and appearing at the hearing on this Motion.[2]

## II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Joseph Teixeira is an individual residing in the City of Inglewood.  See Cmplt. ¶ 11.  He makes videos commenting on local politics and public affairs that are strongly critical of Inglewood's mayor, and in particular the mayor's comments and conduct at City Council meetings.  Id. ¶¶ 11, 19; see also Dkt. # 35 (Order at 16-17).

In November 2014, the City sent Mr. Teixeira a letter threatening him with a copyright lawsuit for using clips from City meetings in his videos.  Laidman Decl. ¶

---

[2] Mr. Teixeira will submit supplemental evidence to document this additional fee request along with his Reply papers.  See Laidman Decl. ¶ 15.  Defense counsel estimates that the additional request will be approximately $6,000.  Id.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.  The City sent two more letters threatening suit in December 2014 and January 2015.  Id.  Acting pro se, Mr. Teixeira attempted without success to explain to the City why his conduct was lawful.  Id.  In January 2015, Mr. Teixeira retained Davis Wright Tremaine LLP ("DWT") to represent him on a pro bono basis.  Id. ¶ 17.

Mr. Teixeira's counsel contacted counsel for the City by telephone on February 10, 2015, to try to resolve the matter without litigation.  Id.  Mr. Teixeira's counsel explained why the City's threatened copyright claim was meritless, and why he would be likely to recover his attorneys' fees should the City proceed with a lawsuit.  Id.  Mr. Teixeira's counsel followed up on the phone call with a detailed letter elaborating on these points on February 20, 2015, sent to the City Attorney and Inglewood's outside counsel, with the mayor and City Council members copied.  Id. ¶ 18, Ex. B.  The City did not respond to this correspondence, and instead proceeded to file suit on March 12, 2015.  Id. ¶ 19; Dkt. # 1.

In an effort to resolve this litigation without discovery, Mr. Teixeira filed two motions on April 17, 2015:  (1) a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) a Motion to Strike the City's request for attorneys' fees, pursuant to Rule 12(f).  See Dkt. ## 8-9.  Mr. Teixeira filed two requests for judicial notice in support of his motions, attaching DVDs containing the underlying City Council meeting videos and his political commentary videos identified in the Complaint, YouTube screenshots, and documents related to the City's copyright registration applications that he obtained through the California Public Records Act.  See Dkt. ## 10, 14, 16.

The Court held a hearing on the motions on June 22, 2015.  Dkt. # 19.  At the hearing, the City's counsel raised the newly minted claim that the allegedly infringing videos at issue might have been altered since they were first posted.  See Laidman Decl. ¶ 22.  The Court directed the City's counsel to submit copies of the videos that formed the basis of its claim by June 25, 2015.  Id.  The City did not submit any videos to the Court, but instead served a subpoena on YouTube seeking a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

wide-range of information for all videos uploaded or downloaded from three different YouTube accounts for a five-year period. Id. ¶¶ 22- 23. Mr. Teixeira filed Objections to the subpoena. Id. ¶ 22; Dkt. # 21.

The Court ordered the subpoena narrowed to cover only the six videos identified in the Complaint, explaining at a status conference that it "strongly suspect[s] that [the City is] just flatly wasting my time and that [it is] flailing in the exact manner which counsel for the defendant have suggested in the objection," and that "the City should be in a position to answer this without the subpoenas. But nonetheless, so there is absolutely no doubt, the subpoenas will issue." Id. ¶¶ 24-25; Ex. C (Reporter's Transcript at 6:15-18; 7:10-13). Over the next six weeks, it was necessary for Mr. Teixeira's counsel to ensure that the City complied with the Court's directives. See Laidman Decl. ¶ 26; Ex. D. After Google produced responsive records, the City's counsel conceded at a second status conference on August 18, 2015, that the videos identified in the Complaint were the same ones that Mr. Teixeira submitted to the Court. Id. ¶ 27; Dkt. # 34, 35 (Order at 4).

On August 20, 2015, the Court issued a 21-page ruling granting Mr. Teixeira's Motion to Dismiss and dismissing the City's Complaint in its entirety, without leave to amend. Dkt. # 35. Mr. Teixeira's counsel sought to resolve the attorneys' fee issue informally through a series of communications between August 21, 2015, and August 28, 2015. See Laidman Decl. ¶¶ 29-32. However, the City refused to agree to an extension of the 14-day fee motion deadline that would be a prerequisite to meaningful settlement discussions, necessitating this motion. Id. ¶ 32.

## III.   AWARDING MR. TEIXEIRA HIS ATTORNEYS' FEES IS PROPER UNDER THE COPYRIGHT ACT.

The Copyright Act confers broad discretion on the Court to award "full costs" – including a "reasonable attorney's fee" – to the "prevailing party" in "any civil action under this title." 17 U.S.C. § 505. "'[E]xceptional circumstances' are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as

long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." Historical Research v. Cabral, 80 F.3d 377, 378 (9th Cir. 1996). "[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994) ("Fogerty I").

Attorneys' fees are recoverable where, as here, a defendant is represented on a pro bono basis. See Legal Voice v. Stormans Inc., 757 F.3d 1015, 1017 (9th Cir. 2014) ("[a]ttorneys' fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services"). Courts "must avoid . . . decreasing reasonable fees because the attorneys conducted the litigation more as an act of pro bono publico than as an effort at securing a large monetary return." Blum v. Stenson, 465 U.S. 886, 895 (1984) (quoting Stanford Daily v. Zurcher, 64 F.R.D. 680, 681 (N.D. Cal. 1974)). "The rationale of awarding reasonable attorneys fees, after all, springs from the need for placing the legal defense of certain constitutional principles and some congressional policies on an equal footing with the protection of private interests." Zurcher, 64 F.R.D. at 682.[3]

In determining whether to award attorneys' fees to a party prevailing in a copyright infringement case, courts consider the list of nonexclusive factors approved

---

[3] While these cases involved 42 U.S.C. § 1988, courts apply the same principle to fee-shifting under the Copyright Act. See, e.g., Caner v. Autry, 2014 WL 2967607, at *8 (W.D. Va. July 1, 2014) (awarding fees under § 505 to prevailing copyright defendant who was represented pro bono; "courts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payment from the client and, in some cases, received public funding") (quotation omitted); see also John Wiley & Sons, Inc. v. Kirtsaeng, 605 Fed. App'x 48, 50 n.2 (2d Cir. May 27, 2015) ("[p]reventing litigants who are represented by pro bono counsel from receiving fees may decrease the future availability of pro bono counsel to impecunious litigants, who may, in the absence of pro bono representation, abandon otherwise meritorious claims and defenses. This runs counter to Fogerty's instruction that courts should exercise their discretion under § 505 so as to encourage the litigation of meritorious claims and defenses, because 'it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible'") (quoting Fogerty I, 510 U.S. at 527).

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

by the Supreme Court in <u>Fogerty I</u>.  These include the party's degree of success, as well as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  <u>Id.</u> at 534 n.19; <u>accord</u> <u>Fantasy, Inc. v. Fogerty</u>, 94 F.3d 553, 558-59 (9th Cir. 1996) ("<u>Fogerty II</u>") (applying factors); <u>Jackson v. Axton</u>, 25 F.3d 884, 890 (9th Cir. 1994) (same).

Here, all of the relevant factors support an award of attorneys' fees.

**A.    Mr. Teixeira Achieved Complete Success In This Litigation.**

"The most critical factor [for a court evaluating a statutory fee request] is the degree of success obtained" by the moving party.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983).  In <u>Hensley</u>, the Supreme Court declared that where a party "has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." 461 U.S. at 435.  Here, this factor favors an award of fees because Mr. Teixeira succeeded in having the City's Complaint dismissed in its entirety, with prejudice. <u>See</u> <u>Lawrence v. Sony Pictures Entm't Inc.</u>, 2011 U.S. Dist. LEXIS 157934, at *3 (C.D. Cal. Oct. 5, 2011) (awarding fees under § 505 where "Defendants achieved complete success on the merits").

**B.    The City's Copyright Infringement Claim Was Objectively Unreasonable.**

In deciding whether to award fees under the Copyright Act, "[c]ourts afford significant weight" to "the objective unreasonableness of the factual and legal components of the losing party's claim."  <u>Lawrence</u>, 2011 U.S. Dist. LEXIS 157934, at *5 (citing <u>Fogerty I</u>, 510 U.S. at 534 n.19; <u>Matthew Bender & Co v. West</u> <u>Publishing Co.</u>, 240 F.3d 116, 122 (2d Cir. 2001)).[4]  "Objective unreasonableness"

---

[4] "This is not to say, however, that a finding of objective reasonableness necessarily precludes the award of fees. In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable."  <u>Matthew Bender & Co.</u>, 240 F.3d at 122.

does not require the Court to find that the plaintiff engaged in bad faith or had an improper or frivolous motive, as "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant." Fogery II, 94 F. 3d at 558. See also Bernal v. Paradigm Talent and Literary Agency, 2010 WL 6397561, at *2-3 (C.D. Cal. June 1, 2010) (awarding defendant fees under § 505 where claim was unreasonable).

Applying this standard, courts consistently have awarded attorneys' fees to prevailing defendants who had strong fair use defenses. As the Ninth Circuit has held, "[w]hen a fee award encourages a defendant to litigate a meritorious fair use claim against an unreasonable claim of infringement, the policies of the Copyright Act are served." Sofa Entm't, Inc. v. Dodger Prods., 709 F.3d 1273, 1280 (9th Cir. 2013). Thus in Mattel v. Walking Mountain Productions, 2004 WL 1454100 (C.D. Cal. June 21, 2004), the court awarded more than $1.6 million in attorneys' fees and $240,000 in costs to an artist who had been sued by Mattel for copyright infringement because "the parodic character of Defendant's work is reasonably perceived and Plaintiff was objectively unreasonable to make any other claim." Id. at *1, 4. Likewise, in Brownmark Films LLC v. Comedy Partners, 2011 WL 6002961, (E.D. Wisc. Nov. 30, 2011), the court awarded attorneys' fees to the producers of the television show South Park, who were sued for copyright infringement over their parody of a viral YouTube video, "because the defendants' fair-use defense was so strong, satisfying all four fair-use factors." Id. at *6.[5]

_____

[5] See also Compaq Computer Corp. v. Ergonome, 387 F.3d 403, 411-412 (5th Cir. 2004) (affirming award of $2.7 million in attorneys' fees based on fair-use defense in case arising from use of illustrations in instruction book on avoiding hand injuries); Bond v. Blum, 317 F.3d 385, 398 (4th Cir. 2003) (affirming award of attorneys' fees to defendant who prevailed on fair-use grounds, and stating that plaintiff and others like him "should be deterred from bringing meritless actions"); Video-Cinema Films, Inc. v. Cable News Network, Inc., 2003 WL 1701904 at *3-4 (S.D.N.Y. March 31, 2003) (fees appropriate where fair-use factors plainly favored CNN and other networks that had used footage from "G.I. Joe" movie in reports on actor's death); Religious Tech. Ctr. v. Lerma, 908 F. Supp. 1362, 1367-1368 (E.D. Va. 1995) (awarding fees to The Washington Post, which had successfully defended copyright-infringement action brought by arm of Church of Scientology on fair-use grounds); Tavory v. NTP, Inc., 297 Fed. App'x 986, 991 (Fed. Cir. 2008) (granting attorneys' fees where defendant's copying was "clearly fair use"); Caner, 2014 WL

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

These decisions are squarely on point.  As this Court stated in its Order,

> Having reviewed the accused videos, the Court determines that —
> even assuming the City has any copyright interest to assert — they are
> clearly protected by the fair use doctrine.  Indeed, the Court can
> scarcely conceive of works that are more appropriately protected by
> the fair use doctrine and § 107 than the Teixeira Videos.  He is
> engaged in core First Amendment speech commenting on political
> affairs and matters of public concern.  To do so, he has taken carefully
> selected and short portions of significantly longer works, and
> embellished them with commentary and political criticism through
> music, his voice, and written subtitles.  Even if California law allowed
> the City to assert a copyright claim, Teixeira's activities plainly fall
> within the protections of fair use.

Dkt. # 35, Order at 20.

The Court characterized Mr. Teixeira's allegedly infringing videos as "quintessential transformative works for the purpose of criticism and commentary on matters of public concern." Id. at 15.  It dismissed the City's prime contention against fair use, that Mr. Teixeira was "republishing untransformed" copies of its City Council meeting videos, as being "plainly incorrect on even the most cursory review of the Teixeira videos." Id. at 14.  The Court rejected the City's "exceptionally narrow view" of the "amount and substantiality" factor as being "without merit and contrary to the purpose of the fair use doctrine." Id. at 18.  And the Court held that the market effects factor "strongly favors a finding of fair use," and that the City's argument about purported loss of potential revenue was "without merit and flatly contradicted by … California law." Id. at 19.

As Mr. Teixeira's videos are paradigmatic examples of fair use, and given the weakness of the City's legal arguments, the City "should have known that [its] claim was objectively unreasonable." Bernal, 2010 WL 6397561, at *3 (awarding fees to

2967607, at *8 (awarding fees to prevailing defendant where plaintiff's argument "flies in the face of how the First Amendment and fair use doctrine operate").

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

prevailing defendant where "a simple review of the two works" showed a lack of substantial similarity that defeated the plaintiff's copyright claim).

Moreover, the City should have known that its claim was objectively unreasonable for the additional reason that it cannot assert copyright protection over the works at issue. As this Court noted, the "only published authority on the question of the ability of California public entities to assert copyright over works they produce holds that the City may not assert a copyright interest in the City Council Videos." Dkt. # 35, Order at 6 (citing County of Santa Clara v. Superior Court, 170 Cal. App. 4th 1301 (2009)). The Court found the City's assertion that the County of Santa Clara decision is non-precedential to be "wholly without support," while finding that the "decision is clear that a California public entity may not claim copyright protection for a work it has created even if it falls within the scope of federal copyright protection," absent exceptions that the City did not invoke. Id. at 8-9. Given this "clear" on-point authority holding that the City could not pursue this action as a matter of law, its claim was objectively unreasonable for this additional reason. See Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692, 696 (9th Cir. 2015) (affirming fee award under Copyright Act where "it should have been clear to [the plaintiff] that copyright law neither condoned nor protected its actions").

Finally, the objective unreasonableness of the City's claim is underscored by the universal denunciation of this lawsuit by legal academics and other experts in copyright, First Amendment, and public records law. See Laidman Decl. ¶ 28, Ex. E. For example, in writing about this case, an intellectual property scholar at Georgetown University Law Center characterized Mr. Teixeira's videos as the "platonic ideal of fair use"; a leading First Amendment expert at UCLA School of Law detailed why the City's claim was "weak" and Mr. Teixeira likely to "win promptly"; and the director of Santa Clara University School of Law's High Tech Law Institute and a prominent law professor at George Washington University Law School also published sharp critiques of the City's case. Id. Echoing the same legal

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

defenses that Mr. Teixeira's counsel asserted in their pre-litigation correspondence with the City, organizations such as the First Amendment Coalition and National Coalition Against Censorship, and numerous well-respected news organizations also published pieces explaining why the City lacked a reasonable basis for bringing this lawsuit.  Id.[6]

For all of these reasons, the City's claim was objectively unreasonable, and this crucial factor strongly weighs in favor of an award of attorneys' fees.

## C.    The City Did Not Act With A Legitimate Motive Under Copyright Law.

In determining whether to award fees, a court can consider a party's motivation in bringing a copyright infringement action.  Fogerty I, 510 U.S. at 534, n.19.  Fee-shifting is appropriate where a plaintiff's lawsuit is motivated by an aim that is beyond the scope of the Copyright Act.  See Omega, 776 F.3d at 696 (fee award affirmed where the plaintiff "did not provide—and did not seek to provide— creative works to the general public," but "[i]nstead … sought to exert control over its [product], control which it believed it could not otherwise exert").

The City pursued this lawsuit for the improper purpose of suppressing political criticism.  This is not a legitimate purpose under the Copyright Act, as the "justification of the copyright law is the protection of the commercial interest of the author," and therefore "a weak copyright claim cannot justify censorship in the guise of authorship."  Garcia v. Google, Inc., 786 F.3d 733, 736, 744-45 (9th Cir. 2015) (en banc).  See also Fisher v. Dees, 794 F.2d 432, 437 (9th Cir. 1986) ("Copyright law is not designed to stifle critics").  As this Court found in rejecting the City's contention

---

[6] To try to avoid a finding of fair use, the City relied primarily on Los Angeles Times v. Free Republic, 2000 WL 565200 (C.D. Cal. Apr. 4, 2000), even going so far as to attach a copy of the decision to its opposition papers.  See Dkt. # 17 (Opposition at 7-8), Dkt. # 17-1.  The Court rejected this argument, finding the case inapposite.  See Dkt. # 35 (Order at 14-15).  It is telling that the plaintiff in Free Republic that enforced its copyright in that action, the Los Angeles Times, published a staff editorial strongly condemning the City's lawsuit as legally meritless and "fundamentally outrageous."  Ex. E (Los Angeles Times Editorial Board, "Inglewood shows how not to swat a gadfly," Los Angeles Times (June 5, 2015)).

that Mr. Teixeira's political commentaries could affect a commercial market for Inglewood's public meeting videos,

> The City … may only collect fees to reimburse for the direct costs of providing copies of any record it creates, including the City Council Videos. It is specifically barred by law from charging any fee to recoup the costs of original production. And it is certainly not permitted to use the City Council Videos to generate any form of revenue. There can therefore be no commercial market for the City Council Videos and no activity by Teixeira can deprive the City of any revenue.

> Because copyright's purpose is to protect the commercial interest of authors so as to incentivize the creation of further works the lack of a market for the City Council Videos suggests that the City has no interest in copyright protection of the City Council Videos.

Dkt. # 35, Order at 19.

As the City has no commercial interest in the works at issue, and in light of Mr. Teixeira's harsh political critiques, it is beyond reasonable dispute that the City pursued this action with the improper purpose of censoring its citizen's speech.[7] Courts routinely have awarded attorneys' fees to prevailing defendants under similar circumstances. For example, in Mattel, where an artist's use of the plaintiff's copyrighted Barbie dolls was deemed fair use, the court awarded the defendant fees because the plaintiff's "conduct … does not appear to be motivated by the protection of a valid interest," but "[i]nstead, it appears Plaintiff forced Defendant into costly litigation to discourage him from using Barbie's image in his artwork." Mattel, 2004 WL 1454100, at *2. See also Brownmark, 2011 WL 6002961, at *7 (deterrence factor favored fee award because "as important as [some] plaintiffs' artistic rights

---

[7] The academic commentators, free speech organizations, and journalists who have written about this case all have emphasized that the City is obviously engaged in an attempt at censorship, rather than the protection of any legitimate commercial interest. See Ex. E. For example, the National Coalition Against Censorship wrote that Inglewood's mayor "is attempting to use a copyright injunction to silence a critic," while law professors have noted that "[i]t looks like the city is using taxpayer funds to try to insulate itself from criticism," and cited the suit as a troubling example of how "copyright law is used to squelch dissent." Id.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

may be, the freedom of speech is perhaps of greater concern"); <u>Caner</u>, 2014 WL 2967607, at *8 (fees awarded to defendant where "the evidence in this case suggests Plaintiff brought this suit to suppress legitimate criticism … rather than for the proper motivation of protecting an illegal appropriation of his work under the Copyright Act") (quotation omitted).[8]

**D.     A Fee Award Is Appropriate To Deter Future Meritless Litigation.**

Awarding fees to a prevailing copyright defendant is proper where it is necessary "to advance considerations of compensation and deterrence." <u>Fogerty I</u>, 510 U.S. at 534, n.19.  "Compensation and deterrence would support an award of attorneys' fees … in order to 'deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost-benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose.'" <u>Lawrence</u>, 2011 U.S. Dist. LEXIS 157934, at *6 (quoting <u>Baker v. Urban Outfitters</u>, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006)).  <u>See also</u> <u>Chivalry Film Prods. v. NBC Universal, Inc.</u>, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.'  Future litigants should be discouraged from comparable behavior") (internal citations omitted).

The relative position of the parties in this action also supports a fee award for the aims of deterrence and compensation.  In <u>Mattel</u>, the court noted that "Mattel (a large corporation) brought objectively unreasonable copyright claims against an

---

[8] <u>See also AF Holdings LLC v. Navasca</u>, 2013 U.S. Dist. LEXIS 102249, at *10 (N.D. Cal. July 22, 2013) (awarding fees where plaintiff "has not acted to protect original expression" as envisioned by copyright law and "has not recognized any revenue" from the allegedly copyrighted underlying works); <u>Perfect 10, Inc. v. Giganews, Inc.</u>, 2015 U.S. Dist. LEXIS 54063, at *31 (C.D. Cal. Mar. 24, 2015) ("there is ample evidence before the Court that Perfect 10 pursued this litigation for reasons inconsistent with the purpose of the Copyright Act, and this factor weighs in favor of an award of attorneys' fees").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

individual artist.  This is just the sort of situation in which this Court should award attorneys fees to deter this type of litigation which contravenes the intent of the Copyright Act."  2004 WL 1454100, at *2.  And in <u>DuckHole Inc. v. NBCUniversal Media LLC</u>, 2013 U.S. Dist. LEXIS 157304 (C.D. Cal. Oct. 25, 2013), the court noted that "Plaintiff was a sophisticated party," and while "NBCUniversal Media, LLC may be capable of shouldering litigation costs, the other Defendants," who were small production companies, "are not," which weighed in favor of fee-shifting.  <u>Id.</u> at *12-13.  The same principle applies here, as the City is a sophisticated public entity with substantial resources, and Mr. Teixeira is an individual defendant.

Moreover, a fee award is also necessary for deterrence purposes because the City rebuffed Mr. Teixeira's multiple attempts to educate it about the relevant law, which would have obviated the need for any litigation.  First, while acting pro se, Mr. Teixeira tried to communicate with the City and its counsel several times to explain why his conduct was lawful and to resolve the matter without a lawsuit.  <u>See</u> Laidman Decl. ¶ 16.  His counsel at DWT subsequently called the City's counsel and explained why the City's threatened copyright claim lacked merit.  <u>Id.</u> ¶ 17.  Defense counsel followed up on this telephone call with a detailed letter, directed to the City's outside counsel and the City Attorney, with copies provided to the mayor and city council.  <u>Id.</u> ¶ 18, Ex. B.  In both the telephone call and letter, Mr. Teixeira's counsel warned that if the City proceeded with a lawsuit it would likely be dismissed and Mr. Teixeira would be entitled to recover his attorneys' fees.  <u>Id.</u> at ¶¶ 17-18.  The City ignored these communications and proceeded to file the lawsuit.  <u>Id.</u> at ¶ 19.

Mr. Teixeira's attempt to resolve this matter without litigation weighs in favor of a fee award.  <u>See DuckHole Inc</u>, 2013 U.S. Dist. LEXIS 157304, at *13 (awarding fees where "Defendants made an extra effort to educate Plaintiff of the governing case law"); <u>Scott v. Meyer</u>, 2010 U.S. Dist. LEXIS 69308, at *9 (C.D. Cal. June 21, 2010) (same where "Defendants were forced to defend against Plaintiff's claims even after pointing out the fatal flaws from which her lawsuit suffered").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## E.     A Fee Award Will Further The Goals Of The Copyright Act.

As the Supreme Court explained in <u>Fogerty I</u>, "it is particularly important that the boundaries of copyright law be demarcated as clearly as possible.  To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them."  510 U.S. at 527.  <u>See also</u> <u>Love v. The Mail on Sunday</u>, 2007 U.S. Dist. LEXIS 97061, *17-18 (C.D. Cal. Sept. 7, 2007) (awarding fees where "[t]he successful defense herein served the purposes of the copyright law by maintaining the boundaries of liability under copyright law").

This Court's decision in <u>Perfect 10, Inc. v. Giganews, Inc.</u>, 2015 U.S. Dist. LEXIS 54063 (C.D. Cal. Mar. 24, 2015), is instructive.  The Court awarded more than $5 million in fees to the defendant, concluding that the plaintiff's unmeritorious claims aimed at the defendant's Internet discussion forum "posed a serious threat to the public's access to free and competitive expression."  <u>Id.</u> at *19 (quotation omitted).  "That sort of successful defense of a copyright infringement action advances the purpose of the Copyright Act."  <u>Id.</u> (quotation omitted).  The Supreme Court has likewise held that "the goal of copyright, to promote science and the arts, is generally furthered by the creation of transformative works," as "[s]uch works … lie at the heart of the fair use doctrine's guarantee of breathing space within the confines of copyright."  <u>Campbell v. Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 579 (1994).

Here, this Court concluded that Mr. Teixeira's political commentary videos are "quintessential transformative works."  Dkt. # 35, Order at 15.  Mr. Teixeira transforms the City's unadorned public meeting videos with original commentary about political issues in the City of Inglewood, and other matters of public concern.  <u>Id.</u> at 14-18.  Mr. Teixeira successfully defeated a lawsuit that "posed a serious threat to the public's access to free and competitive expression," and his "successful defense of [this] copyright infringement action advances the purpose of the Copyright Act."  <u>Perfect 10</u>, 2015 U.S. Dist. LEXIS 54063, at *19.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Because Mr. Teixeira's successful defense of the City's objectively unreasonable claim furthered the goals of the Copyright Act, and there is a strong public interest in deterring the City and others from bringing such meritless actions in the future, an award of attorneys' fees is appropriate under Section 505.

### IV.   MR. TEIXEIRA'S FEE REQUEST IS REASONABLE.

The usual starting point for determining a reasonable fee award is the "lodestar" – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433; see also Fishel v. Equitable Life Assurance Society, 307 F.3d 997, 1006 (9th Cir. 2002).[9] "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996). Applying these criteria, the requested fees are entirely reasonable, and should be awarded in full.

### A.   DWT's Billing Rates Are Reasonable.

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

---

[9] In calculating the lodestar figure, courts should consider, if applicable:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fishel, 307 F.3d at 1007 n.7. In this motion, Mr. Teixeira evaluates only those factors which are most relevant to this case.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

experience and reputation." <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001). To establish that its attorneys' billing rates are reasonable for the market, a prevailing party may present declarations from its own attorneys and from other attorneys – as Mr. Teixeira has done here (<u>see</u> Burke Decl. ¶¶ 5-6; Laidman Decl. ¶¶ 4; Goller Decl. ¶¶ 3-8; Vick Decl. ¶¶ 4-6) – regarding the prevailing fees in the market and qualifications of the attorneys.  <u>See</u>, <u>e.g.</u>, <u>Blum</u>, 465 U.S. at 894 n.11; <u>United Steelworkers of America v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990); <u>Cortes v. Metro. Life Ins.</u>, 380 F. Supp. 2d 1125, 1131 n.3 (C.D. Cal. 2005).

As one court observed, "'the best evidence [of an attorney's reasonable hourly billing rate] would be the hourly rate customarily charged by the [applicant] himself or by his law firm.'" <u>Elser v. I.A.M. Nat'l Pension Fund</u>, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (emphasis added) (quoting <u>Nat'l Assoc. of Concerned Veterans v. Sec. of Def.</u>, 675 F.2d 1319, 1325-26 (D.C. Cir. 1982)).  "Unless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate." <u>Moore v. James. H. Matthews & Co.</u>, 682 F.2d 830, 840 (9th Cir. 1982).[10]

Here, Mr. Teixeira's defense was handled by the following DWT attorneys and paralegals, identified along with their 2015 billing rates:  Thomas R. Burke (Partner) - $645; Dan Laidman (Associate) - $395; Diana Palacios (Associate) - $335; and Warren Keville (Paralegal) - $155.  <u>See</u> Laidman Decl. ¶ 3.  These rates are reasonable in light of the attorneys' experience, skills, and reputations.  <u>Id.</u> ¶ 4; Burke Decl. ¶ 6; Goller Decl. ¶ 8; Vick Decl. ¶ 5.  DWT is nationally recognized for

---

[10] Numerous courts have held that the actual rate charged by counsel to private clients is generally the best evidence of a reasonable hourly rate.  <u>See</u>, <u>e.g.</u>, <u>Nat'l Assoc. of Concerned Veterans</u>, 675 F.2d at 1326 ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"); <u>Tomazzoli v. Sheedy</u>, 804 F.2d 93, 98 (7th Cir. 1986) ("[f]or private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm"); <u>Ohio-Sealy Mattress Mfg. v. Sealy</u>, 776 F.2d 646, 660 (7th Cir. 1985) ("hourly rates used to compute the lodestar are typically the rates lawyers charge clients who pay on a regular basis").

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

its First Amendment and intellectual property litigation practice.  <u>See</u> Laidman Decl. ¶ 2; Goller Decl. ¶ 6.  <u>See also</u> <u>Lawrence</u>, 2011 U.S. Dist. LEXIS 157934, at *13 (where DWT served as defense counsel, recognizing that "Defendants' firm is reputable and active in litigating copyright cases in this district").

With respect to the individual attorneys, Mr. Burke is a leading First Amendment lawyer with 26 years of experience who co-chairs DWT's firm-wide media practice group.  <u>See</u> Burke Decl. ¶¶ 2-5.  He has litigated numerous precedential cases in the areas of First Amendment, public records, and intellectual property law; authored a Rutter treatise and other legal publications; and teaches media law at UC Berkeley.  <u>Id.</u>  Mr. Laidman is a former journalist and Ninth Circuit clerk with five years of experience, whose practice focuses on media litigation.  <u>See</u> Laidman Decl. ¶¶ 5-6.  Ms. Palacios is a former clerk for the Eastern District of California with three years of experience, who also focuses her practice on media litigation.  <u>Id.</u> ¶ 7.

DWT's rates in this matter have been deemed reasonable by two experts in the relevant legal market, Karlene Goller and Kevin Vick.  Ms. Goller is an attorney with 29 years of experience in First Amendment, communications, and intellectual property law, who served as in-house counsel at the Los Angeles Times from 1993 to 2013.  <u>See</u> Goller Decl. ¶ 3.  Based on her experience – which included overseeing outside litigation counsel in media and intellectual property cases and evaluating their billing rates – she concluded that DWT's rates are within the range of those charged by comparable firms in the Southern California legal market.  <u>Id.</u> ¶¶ 3-8.  Mr. Vick is a media and intellectual property lawyer with 14 years of experience who currently serves as the Chair of the Entertainment Law and Intellectual Property Section of the Los Angeles County Bar Association.  <u>See</u> Vick Decl. ¶¶ 2-3.  He has also reviewed DWT's rates and determined that they are reasonable.  <u>Id.</u> ¶¶ 4-5.

The reasonableness of DWT's rates is also bolstered by rates that have been found to be reasonable in other copyright lawsuits in Southern California.  For

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

example, in <u>Perfect 10</u>, the court found the following to be consistent with prevailing market rates for large firms:  $825 in 2011 and $930 in 2014 for a senior partner with 29 years of experience; $610 in 2011 and $750 in 2014 for "more junior partners"; $350 in 2011 "for the most junior associate"; $690 in 2014 for a senior associate with 11 years' experience; and "between $240 and $345 for paralegal time."  2015 U.S. Dist. LEXIS 54063, at *45-46, 62.  And in <u>Love</u>, the court found the following rates for the year 2007 were "consistent with the rates typically charged by other highly-regarded southern California law firms for similar work by attorneys of comparable experience":  $690, $590, and $570 for partners of varying levels of experience; $485 for a senior counsel; $460 for a senior associate; $305 for a junior associate; and $245 and $230 for paralegals.  2007 U.S. Dist. LEXIS 97061, at *25.

As these authorities further demonstrate, DWT's rates are reasonable.

**B.    The Hours Expended By Mr. Teixeira's Counsel Are Reasonable.**

The time spent by defense counsel on this action is reasonable in light of factors such as Mr. Teixeira's degree of success, the complexity of the issues, the City's own litigation tactics, the efficiency with which the matter was handled, and fee awards in other comparable cases.

<u>First</u>, Mr. Teixeira's defense was entirely successful, as this Court granted his Motion to Dismiss the City's Complaint in its entirety, without leave to amend.  <u>See</u> Dkt. # 35.  Mr. Teixeira also obtained a significant victory by defeating the City's improper attempt to take sweeping discovery into his online accounts that went far beyond the issues set forth in the Complaint.  <u>See</u> Laidman Decl. ¶¶ 23-25; Dkt. # 28. Courts have recognized that "[w]here, as here, a prevailing party has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally, this will encompass all hours reasonably expended in the litigation[.]"  <u>Mathis v. Spears</u>, 857 F. 2d 749, 755 (Fed. Cir. 1988).

<u>Second</u>, the issues addressed in Mr. Teixeira's Motion to Dismiss and the City's Opposition papers were complex, requiring research into several different

challenging areas of law.  The City's attempt to enforce a copyright interest in public records of its City Council proceedings required an in-depth analysis of the interaction between federal copyright and state public records law.  See Dkt. # 9 (Mot. at 9-14); Dkt. # 18 (Reply at 3-8).  In its Opposition, the City tried to evade the dispositive effect of the California Court of Appeal's County of Santa Clara decision by claiming that the decision was non-precedential and by invoking the Supremacy Clause, which required additional research into issues of federalism and the Erie Doctrine.  See Dkt. ## 17 (Opp. at 15-19).

While Mr. Teixeira's fair use defense was apparent from reviewing the videos themselves, the City went to great lengths to try to prevent the Court from considering these works.  E.g., Dkt. # 17 (Opp. at 3, 21-24).  This required defense counsel to spend additional time researching and briefing issues of incorporation by reference and judicial notice, and responding to the City's attempt to take discovery on this issue.  E.g., Dkt. ## 18, 21, 33.  Finally, Mr. Teixeira's Motion to Strike the City's improper request for attorneys' fees also required a time-consuming factual investigation into the status of the City's copyright registration applications, which was obscured in the Complaint.  E.g., Dkt. ## 8, 16.  The complexity of the legal and factual issues in this litigation supports awarding Mr. Teixeira his fees in full.  See Fein v. Kesterson, 2010 U.S. Dist. LEXIS 128489, *6 (C.D. Cal. Nov. 23, 2010) (awarding entire requested fee amount, in part, because the case involved "complex constitutional and defamation issues and complex factual issues").

Third, the amount of time that had to be expended in the defense of this lawsuit was increased significantly by the City's own litigation tactics.  Among the conduct by the City and its counsel that drove up defense costs:

● The City sought relief to which it was not entitled as a matter of law due to its failure to file copyright registration applications on a timely basis, and then apparently sought to obscure this deficiency in its ambiguously worded Complaint. See Laidman Decl. ¶ 21.  This required Mr. Teixeira to bring a Motion to Strike the

City's request for attorneys' fees, and to spend time obtaining the actual copyright registration applications and bringing a supplemental request for judicial notice.  Id.

● After the Court indicated at the hearing on Mr. Teixeira's Motion to Dismiss that it was inclined to dismiss the action with prejudice, the City raised a newly minted argument that the videos it linked to in the Complaint might have been altered in some unspecified way.  See Laidman Decl. ¶ 22.  The Court directed the City to promptly submit copies of the allegedly infringing videos that formed the basis of its Complaint, but the City and its counsel failed to maintain copies of these items.  Id.; Dkt. # 20.  The City then invoked its own poor record-keeping as a justification to enlarge the proceedings by taking discovery.  Id.

● The City proceeded to serve a subpoena on YouTube that bore little resemblance to the Court's directive at the hearing.  See Laidman Decl. ¶ 23; Dkt. # 24.  Instead of asking for original copies of the six videos at issue, the City served an extremely broad subpoena seeking a wide-range of information on all items uploaded or downloaded to three different YouTube accounts over a five-year time period (far exceeding both the works identified in the Complaint and the statute of limitations of the City's claim).  Id.  Mr. Teixeira's counsel necessarily had to expend additional time responding to this highly invasive discovery request.  Id. ¶ 22-27.

● The Court agreed with Mr. Teixeira's counsel that the subpoena had to be substantially narrowed, and it directed the City's counsel to notify YouTube of the modifications "right away."  Id. ¶ 25, Ex. C.  The City nonetheless took more than a week to notify YouTube, and Mr. Teixeira's counsel had to spend considerable time ensuring that the City complied with the Court's directives.  Id. ¶ 6, Ex. D.  The City's refusal to provide basic information about the status of the subpoena also increased the time needed to defend this action.  Id.

● After the Court dismissed this action on August 20, 2015, Mr. Teixeira's counsel promptly contacted the City's counsel to determine if an informal resolution

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of the fee issue would be possible.  See Laidman Decl. ¶ 29, Ex. F.  However, the City refused to consider agreeing to an extension of the 14-day fee motion deadline under Local Rule 54-10 and FRCP 54(d), which would have been a prerequisite to meaningful settlement discussions, necessitating this motion.  Id. ¶¶ 30-32, Ex. F.

As courts have recognized, "a party 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [the opposing party] in response.'"  Maloney v. T3Media, Inc., 2015 U.S. Dist. LEXIS 86183, at *18 (C.D. Cal. May 27, 2015) (quoting Cataphora Inc. v. Parker, 848 F. Supp. 2d 1064, 1070 (N.D. Cal. 2012)); see also Serrano v. Unruh, 32 Cal. 3d 621, 634 n.18 (1982) (opposing party's litigation tactics help determine reasonableness of prevailing party's hours); Peak-Las Positas Partners v. Bollag, 172 Cal. App. 4th 101, 114 (2009) (same); International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc., 69 Cal. App. 4th 287, 304 (1999) (same).  Here, the manner in which the City conducted this litigation supports the reasonableness of Mr. Teixeira's fee request, as its own decisions substantially enlarged the proceedings.

Fourth, this case was managed efficiently and economically.  The vast majority of the work was performed by an associate, Mr. Laidman, who spent approximately 241.4 hours researching and drafting the Motion to Dismiss and Reply brief, and preparing the related declarations, exhibits, and requests for judicial notice; appearing at the hearing and status conferences; conferring with the City's counsel; communicating with Mr. Teixeira; responding to the City's attempt to take discovery; and preparing this Fee Motion and the supporting declarations and exhibits.  See Laidman Decl. ¶ 9.  Another associate, Ms. Palacios, spent approximately 32.8 hours drafting the Motion to Strike and providing other research assistance.  Id. ¶ 10.  Mr. Burke, a partner, spent approximately 32.1 hours editing the briefing and providing strategic guidance throughout the litigation.  Id.

Courts have deemed such staffing arrangements reasonable when awarding fees.  See, e.g., Charlebois v. Angels Baseball LP, 993 F. Supp. 2d 1109, 1123 (C.D.

21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Cal. 2012) (counsel "efficiently staffed this matter by primarily assigning one associate to handle the bulk of the discovery and motion drafting with oversight by an experienced partner"). And Ms. Goller and Mr. Vick, both experts in the relevant areas of law and the Los Angeles legal market, have reviewed DWT's time entries and relevant case materials, and concluded that the amount of time spent by defense counsel and fees incurred are reasonable. See Goller Decl. ¶ 9; Vick Decl. ¶ 6.

Fifth, the amount requested is easily within the range of fees awarded to prevailing defendants in other comparable copyright actions. For example, four years ago in Wild v. NBC Universal, 2011 U.S. Dist. LEXIS 157860 (C.D. Cal. July 18, 2011), this Court awarded $113,041.85 in attorneys' fees and costs (based on 274.8 hours of work) to the defendants, who, like Mr. Teixeira, succeeded in having the plaintiff's copyright action dismissed with prejudice on a Rule 12(b)(6) motion. Id. at *2-3, 11. The amount requested is also reasonable proportionally in relation to the far higher awards in similar copyright actions that proceeded to summary judgment. See, e.g., Mattel, 2004 WL 1454100, at *2 (awarding defendant $1,584,089 in attorney's fees and $241,797.09 in costs); Gilbert v. New Line Prods., 2013 U.S. Dist. LEXIS 23993, at *2-3 (C.D. Cal. Feb. 20, 2013) (noting awards of $815,701 in fees to defendants' California counsel, and an additional $79,282 to counsel in North Carolina); Milton Greene Archives, Inc. v. BPI Communs., Inc., 2006 U.S. Dist. LEXIS 101392 (C.D. Cal. Mar. 8, 2006) (awarding over $765,000 in attorneys' fees in copyright action); Lawrence, 2011 U.S. Dist. LEXIS 157934, at *8-9, 13-14 (awarding $200,000 in fees, which defendants reduced themselves from the roughly $345,000 they incurred in light of the plaintiff's pro se status).

This Court's recent decision in Maloney v. T3Media, Inc., 2015 U.S. Dist. LEXIS 86183 (C.D. Cal. May 27, 2015), is also instructive. There, the court awarded the prevailing defendants $195,838.50 in fees based on 546.5 hours of work after granting their Special Motion to Strike under California Code of Civil Procedure § 425.16 (the "anti-SLAPP" statute). Id. at *26. This is analogous to the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

current action because, while an anti-SLAPP motion permits the introduction of evidence, it is still an attack on the pleadings, and in this case Mr. Teixeira properly introduced substantial evidence that was incorporated by reference into the pleadings and subject to judicial notice. E.g., Dkt. ## 10, 16, 35 (Order at 2-4).  And while Maloney involved right of publicity claims and related causes of action, the court granted the anti-SLAPP motion and dismissed the lawsuit on the basis of copyright preemption. Id. at *4-5.

These authorities further support the reasonableness of Mr. Teixeira's request.

## V.     CONCLUSION.

Mr. Teixeira's defense of this action furthered the purposes of the Copyright Act, which encourages the creation of transformative works on public affairs, and which does not permit plaintiffs to bring lawsuits to silence critics.  Mr. Teixeira's fee request is reasonable given the prevailing billing rates in the Los Angeles legal market, and the circumstances of the litigation, which justified the number of hours worked.  Therefore, Mr. Teixeira respectfully requests that the Court award $128,983 in fees, plus the additional fees incurred by his counsel in preparing the Reply and appearing at the hearing on this Motion.

DATED:  September 3, 2015          DAVIS WRIGHT TREMAINE LLP
                                   THOMAS R. BURKE
                                   DAN LAIDMAN
                                   DIANA PALACIOS

                                   By: /s/ Dan Laidman
                                            Dan Laidman

                                   Attorneys for Defendant Joseph Teixeira

MOTION TO RECOVER ATTORNEYS' FEES
DWT 27749783v2 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899