JoAnna M. Esty (State Bar No. 147903)
Majesty Law Group PLC
6080 Center Drive
6th Floor
Los Angeles, CA 90045
jmesty@majestylaw.com

Telephone:   (310) 376-2512
Facsimile:    (888) 618-0360

Attorneys for Plaintiff City of Inglewood

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF INGLEWOOD, a public entity,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JOSEPH TEIXIERA<br><br>                    Defendant. | Case No.:  **2:15-cv-01815-MWF-MRW**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date: October 5, 2015<br>Time: 10:00 a.m.<br>Courtroom: 1600<br><br>Action Filed: March 12, 2015<br><br>Assigned to Hon. Michael Fitzgerald |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................i

I. INTRODUCTION ...........................................................................................1

II. ARGUMENT ..................................................................................................3

  A. AN AWARD OF ATTORNEY'S FEES IS NOT
  WARRANTED IN THIS CASE ........................................................... 3

    1. LEGAL STANDARD…………………………………….... 3

    2. DEFENDANT HAS NOT ESTABLISHED HIS
    SUCCESSFUL DEFENSE OF
    THIS ACTION FURTHERS THE PURPOSE
    OF THE COPYRIGHT ACT……………………...…………….4

      a. Degree of Success Obtained…………………………….5

      b. Frivolousness and Objective Unreasonableness…………….6

      c. Motivation……………………………………………..10

      d. The Need to Advance Considerations
      of Compensation and Deterrence………………………… 11

      e. A Fee Award Will Not Further the Goals of the
      Copyright Act……………………………………………12

  B. DEFENDANT'S REQUESTED FEES
  ARE UNREASONABLE ..................................................................... 13

    1. LEGAL STANDARD………………………………………..13

    2. DEFENDANT'S ATTORNEY'S FEES CLAIM
    IS EXCESSIVE…………………………………………….14

      a. Defendant's Hourly Rates
      Are Unreasonable…………………………………………14

      b. Defense Counsel's Hours Billed
      Are Unreasonable…………………………………………16

      c. Defense Counsel's Hourly Rate Should
      be Discounted and Billable Hours
      Should be Adjusted Down to No More
      Than 20 Percent of Hours Claimed…………………………20

III. CONCLUSION…………………………………………………………22

Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*,
60 F. Supp. 2d 544, 551 (E.D. Va. 1999) ........................ 14

*Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*,
2014 U.S. Dist. LEXIS 151263, Copy L. Rep. (CCH) P30,681
(S.D. Cal. Oct. 24, 2014) ........................ 14

*Carson v. Billings Police Dept.*,
470 F.3d 889, 891 (9th Cir. 2006). ........................ 15

*Cooter & Gell v. Hartmarx Corp.*
496 U.S. 384 (1990). ........................ 7

*Davis v. City of San Francisco*,
976 F.2d 1536, 1546 (9th Cir. 1992) ........................ 16

*Dhillon v. Doe*,
No. C-13-01465-SI, 2014 U.S. Dist. LEXIS 24676,
at *20 (N.D. Cal. Feb. 25, 2014) ........................ 6

*Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*,
109 F. 3d 1394, 1403 (9th Cir. 1997). ........................ 10

*Fein v. Kesterson*,
2010 U.S. Dist. LEXIS 128489, 2010 WL 4902281,
at *2 (C.D. Cal. Nov. 23, 2010) ........................ 14

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340, 349-50 (1991) ........................ 3, 4

*Ferland v. Conrad Credit Corp.*,
244 F.3d 1145, 1148 (9th Cir. 2001) ........................ 15

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517,524 (1994) ........................ 3, 4, 13, 14

*Gates v. Deukmejian*,
987 F.2d 1392, 1399 (9th Cir. 1993) ........................ 21

*Glass v. Sue*,
No. CV-09-8570-RGK, 2011 U.S. Dist. LEXIS 16793,
at *5 (C.D. Cal. Feb. 8, 2011) ........................ 5, 6, 10, 11

*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). ........................ 19, 20

*Harper & Rowe Publishers, Inc. v. Nation Enterprises*,
471 U.S. 539, 561 (1985) ........................ 10

*Harris v. Emus Records Corp.*,
734 F.2d 1329 (9th Cir. 1984) ........................ 13

i

*Hensley v. Eckerhart*,
461 U.S. 424, 433 (1983). ....................................................................... 19

*In re Anonymous Online Speakers*,
661 F. 3d 1168, 1173 (9th Cir. 2011). ....................................................... 9

*Intel Corp. v. Terabyte Int'l, Inc.*,
6 F.3d 614, 622 (9th Cir. 1993) ................................................................ 19

*Jartech, Inc. v. Clancy*,
666 F.2d 403, 407 (9th Cir. 1982). ......................................................... 7, 9

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67, 69 (9th Cir. 1975) ................................................................ 15

*Ketchumv. Moses*,
24 Cal.4th 1122, 1136, 104 Cal Rptr. 2d 377,
17 P.3d 735 (2001). .................................................................................. 14

*Kwan Software Eng'g, Inc. v. Forway Techs.*, LLC,
2014 U.S. LEXIS 53115, No. C-12-03762,
(N.D. Cal. Apr. 17, 2014). .................................................................... 4, 12

*Love v. Assoc. Newspapers, Ltd.*,
611 F.3d 601, 614-615 (9th Cir. 2010) ...................................................... 2

*MacDougal v. Catalyst Nightclub*,
58 F.Supp.2d 1101, 1105 (N.D. Cal. 1999) ............................................. 15

*Marshall & Swift/Boeckh, LLC v. Dewberry & Davis LLC*,
586 Fed. Appx. 448, *449; 2014 U.S. App. LEXIS 23145,
**2 (9th Cir. 2014)..................................................................................... 6

*Mattel, Inc. v MGA Entertainment, Inc.*,
705 F.3d 1108, 1111 (9th Cir. 2013). ........................................................ 4

*Rodgers v. Quests, Inc.*,
213 U.S.P.Q. 212 (N.D. Ohio 1981)......................................................... 13

*Seltzer v. Green Day, Inc.*,
725 F.3d 1170, 1180-81 (9th Cir. 2013).............................................. 4, 9, 12

*Silberstein v. Fox Entm't Group, Inc.*,
536 F. Supp. 2d 440 (S.D.N.Y. 2008) ........................................................ 6

*SOFA Entm't, Inc. v. Dodger Prods., Inc.*,
709 F.3d 1273, 1280 (9th Cir. 2013). ................................................... 12, 13

*Sony Music Entertainment Inc. v. Doe*,
326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004) .......................................... 9

*Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*,
253 F.3d 1332, 1337 (11th Cir. 2001) ...................................................... 15

*Twentieth Century Music Corp. v. Aiken*,

- ii -

422 U.S. 151 (1975) .................................................................. 4

*United Slate, Tile & Composition v. G&M Roofing*,
732 F.2d 495, 502 n.2 (6th Cir. 1984). ................................... 18

*Van Gerwen v. Guarantee Mut. Life Co.*,
214 F.3d 1041, 1045 (9th Cir. 2000) ....................................... 20

*Yahoo!, Inc. v. Net Games*, Inc.
329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004) ........................... 15

*Zaldivar v. City of Los Angeles*,
780 F. 2d 823, 830 (9th Cir. 1986) ........................................... 7

**TREATISES**

5-14 Melville B. Nimmer & David Nimmer,
*Nimmer on Copyright* (2013) .................................................... 13

Plaintiff, the City of Inglewood (the "City" or "Plaintiff") respectfully replies to Defendant Joseph Teixeira's Motion to For Attorneys' Fees and says:

## I. INTRODUCTION

The City respectfully requests that the Court deny Defendant's request for attorneys' fees and costs in its entirety.  There is absolutely no evidence that this case was frivolous, objectively unreasonable, or without proper motive.  An award of attorneys' fees is not proper here.  And, even if it were, the Defendant's fee request is unreasonable and reflects excessive billing and billing rates for a case that was taken as *pro bono* by defense counsel.

As they have been since the start of this case, the essential facts of this case are simple and straightforward.  The City has its weekly Council meetings videotaped and then makes them available to its constituents for viewing at a later time.  It pays for the videographer.  It publishes certain of the videos and sells copies to recoup its costs.  The Council meetings are public and those attending may also videotape the Council meetings.  The Defendant took the videos of the City's Council meetings and manipulated segments of them, adding materials that included derogatory comments about the Council meeting participants.  The City registered the copyrights for the videos and brought this action for copyright infringement.

The Defendant moved to dismiss this action alleging that the City could not copyright the videos under the State of California Public Records Act, and further argued that the use of the videos by the Defendant was fair use.  The Defendant also alleged that the City's attempt to have him cease his use of the videos was a First Amendment violation.  In opposition, the City focused on the Copyright Act, and the Second Circuit's interpretation of City's ability to copyright its videos.  With respect to fair use, the City follow early case law from this district, and argued that the use was not fair use.  The City's rebuttal to the fair use defense

1

included that because Defendant did not critique the works themselves, but directed his derogatory comments to individuals that appeared in the videos, the use was not fair use.  The City also argued that this was not a First Amendment issue because the Defendant's free speech was not implicated (as he was free to videotape the Council meetings himself).  This Court disagreed and granted Defendant motion to dismiss, following California state law on the interpretation of the Public Records Act and a municipality's ability to obtain copyrights on public records, and also found that the Defendant's use of the videos was fair use.

Defendant now moves for attorney's fees and costs.  Defendant argues (1) that an award of attorney's fees is necessary to deter future frivolous action, (2) that Plaintiff's lawsuit was objectively unreasonable and frivolous, and (3) that Plaintiff was motivated by bad faith.  But, as has been customary throughout this case, Defendant's arguments are largely based upon personal attacks, cherry-picked facts, misconstrued records, and cites to press sensationalism.  It evidences a clear desire by the Defendant to punish the City for a dispute that has no relationship to this case, and a clear desire by defense counsel recover fees for a case where the representation was undertaken as *pro bono* (as it is difficult to believe that defense counsel would be charging its client over one hundred thousand dollars in counsel fees that it now seeks to have the City pay).

Plaintiff's counsel strongly objects to Defendant's inflammatory descriptions of events.  The City's claim was meritorious and brought in good faith.  Defendant's motion should be denied.  There is no presumption that the prevailing party in a copyright case is entitled to attorneys' fees.  *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 614-615 (9th Cir. 2010).  Further, the Defendant's alleged success and/or blameworthiness are not justifications for an award of attorneys' fees.  Defendant makes no showing whatsoever that an award of fees will further the purposes of the Copyright Act.  Rather, Defendant seeks to

- 2 -

punish Plaintiff for pursuing the action and defense counsel seeks to turn a *pro bono* case into one that is for profit at a premium rate.  Defendant has not established that an award of fees would have any deterrent effect.  Plaintiff is not likely to engage in such litigation again.  Defendant has not established the action was objectively unreasonable or frivolous.  Defendant has not established that Plaintiff pursued this action in bad faith. Finally, Defendant has provided no overarching reason and made no compelling argument that its successful defense of this case furthers the primary purpose of the Copyright Act - to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc*., 510 U.S. 517,524 (1994); see also *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 349-50 (1991).  In fact, the Defendant made his loudest arguments about alleged First Amendment violations, complaining bitterly about them in the press.  Moreover, even if the Court were to grant attorneys' fees, the amount claimed by the Defendant is hugely excessive.

## II.  ARGUMENT

### A.  AN AWARD OF ATTORNEYS' FEES IS NOT WARRANTED IN THIS CASE

#### 1.    LEGAL STANDARD

Recovery of attorney's fees and costs in a copyright action is not automatic nor is there a presumption in favor of the prevailing party. Rather, attorney's fees are awarded to a prevailing party only as a matter of the court's discretion. *Fogerty v. Fantasy, Inc*., 510 U.S. at 533-34. "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id*. at 534. The most important factor for the Court to consider in deciding whether a fee award is appropriate "is whether an award will further the purposes of the [Copyright] [6] Act." *Id*.  The primary purpose of the Copyright Act is to "encourage the production of original literary, artistic, and musical expression for the good of the

public." *Id*. (quoting *Fogerty*, 510 U.S. at 524); see also *Feist Publ'ns, Inc*., 499 U.S. at 349-50 ("The primary objective of copyright is not to reward the labor of authors, but '[t]o promote the Progress of Science and useful Arts.'" (alteration in original)); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151 (1975) ("But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good.").  The Court's discretion in this matter is guided by five the "non-exclusive factors" enumerated by the Ninth Circuit : (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence.  *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180-81 (9th Cir. 2013); *Kwan Software Eng'g, Inc. v. Forway Techs*., LLC, 2014 U.S. LEXIS 53115, No. C-12-03762, (N.D. Cal. Apr. 17, 2014).

> ### 2.   DEFENDANT HAS NOT ESTABLISHED HIS SUCCESSFUL DEFENSE OF THIS ACTION FURTHERS THE PURPOSE OF THE COPYRIGHT ACT

In determining whether to award attorney's fees and costs, courts look to the five nonexclusive factors.  *Seltzer v. Green Day, Inc*., 725 F.3d 1170, 1180-81 (9th Cir. 2013).  In applying these factors, a court should be "faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 534 n.19.  "The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Mattel, Inc. v MGA Entertainment, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013).  The primary objective of the Copyright Act is to "encourage the production of original literary, artistic, and musical expression for the good of the public."  *Fogerty*, 510 U.S. at 524. Under the Copyright Act, the question is whether a successful defense of the action furthered the purposes of the Copyright Act and not whether a fee award

would do so.  Moreover, the same discretionary standard applies to both attorney's fees and nontaxable costs. See *Glass v. Sue*, No. CV-09-8570-RGK, 2011 U.S. Dist. LEXIS 16793, at *5 (C.D. Cal. Feb. 8, 2011). In other words, the prevailing party is not entitled to non-taxable costs unless the Court concludes that such an award will further the purposes of the Copyright Act. *Id*.

        In its motion, the Defendant offers no cogent argument, nor any compelling reason, why his successful defense of this action based on an argument that the City has no copyright furthers the goals of the Copyright Act.  Such an argument actually works against it because it leaves municipalities questioning the ability to protect public records that would normally be subject to copyright protection (*e.g.*, cities such as Los Angeles have registered copyrights in books containing public records).  After arguing that the City had no copyright, the Defendant then argued in the alternative that his use of the videos was authorized by the fair use defense.  Defendant took City Council meeting videos and over-dubbed them with statements such as those claiming that the Mayor was not telling the truth each time he straightened his tie during the Council meeting.  Such statements are not artistic criticisms (nor are they "harsh political critiques," as defense counsel generously describes them.  (Plaintiff's Motion for Attorneys Fees, Docket No. 37 ("Motion"), page 11, line 13).  No goal related to the encouragement of "the production of original literary, artistic, and musical expression for the good of the public" could be served by the imposition of attorneys' fees here.

### a.  Degree of Success Obtained

        Although the Court granted dismissal of the City's copyright claims, courts regularly refuse requests for attorney's fees by defendants prevailing on motions to dismiss or for summary judgment on copyright claims. See, *e.g.*, *Marshall & Swift/Boeckh, LLC v. Dewberry & Davis LLC*, 586 Fed. Appx. 448, *449; 2014 U.S. App. LEXIS 23145, **2 (9th Cir. 2014)(Unpublished)(appeal from the C.D.

Cal.); *Dhillon v. Doe*, No. C-13-01465-SI, 2014 U.S. Dist. LEXIS 24676, at *20 (N.D. Cal. Feb. 25, 2014) (denying prevailing defendant's request for attorney's fees and costs under the Copyright Act); *Silberstein v. Fox Entm't Group, Inc*., 536 F. Supp. 2d 440 (S.D.N.Y. 2008) ("[P]revailing parties [under the Copyright Act] are not entitled to fees merely because they have been successful on a motion to dismiss. . . ").

### b. Frivolousness and Objective Unreasonableness

The "frivolousness" and "objective unreasonableness" factors weigh in favor of the City.  "A case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." *Glass*, 2011 U.S. Dist. LEXIS 16793, at *9. Similarly, in determining "objective unreasonableness," "courts consider whether a plaintiff has pleaded any facts that would somehow connect a defendant to the alleged claims." *Id*. at *11.  The district court's opinion in *Silberstein* is particularly of note.  In discussing the "objective unreasonableness" prong, the court noted that plaintiff's evidence of defendant's access to her copyrighted work was "exceedingly weak." *Silberstein*, 536 F. Supp. 2d at 444.  Despite this, the court held that "[t]here was sufficient evidence of access, however, to render plaintiff's argument not objectively unreasonable." *Id*.

Here, the City had no reason to believe that its chances of success were slim. The Defendant's attempts to paint the City's lawsuit as frivolous or baseless are wholly unavailing under any objective review.  The City had Second Circuit precedent believed to be controlling on the copyright ownership issue, and an earlier district court decision on the fair use defense with similar facts that was decided in what would have been the City's favor.  There is no objective unreasonableness nor is a complaint frivolous if, as it was here, the complaint is well-grounded in fact and warranted by existing law; such a pleading cannot be sanctioned regardless of any alleged subjective intent of a party to harass the

opposing party.  *Zaldivar v. City of Los Angeles*, 780 F. 2d 823, 830 (9th Cir. 1986) (overruled on other grounds in *Cooter & Gell v. Hartmarx Corp*. 496 U.S. 384 (1990).   Here, the City had both facts and existing law to support its claim against the Defendant.  The Defendant claims that the City's failure to accept his defense counsel's reasoning and analysis in the present action (whether before or after filing of the complaint), is evidence that the City's pursuit of this action was frivolous or objectively unreasonable.  In an adversary system of litigation, the essence of the lawyer's task is to present issues of fact and law as favorably as fairly possible.  Both the facts and the law provided by the City demonstrate that the City had a reasonable basis to believe that it had copyrights in its videos under the Copyright Act, and the copying of its videos was not fair use.

Attorneys' fees to prevailing defendants should be awarded circumspectly to avoid chilling a copyright holder's incentive to sue on colorable claims. "In order to receive attorney's fees on a claim of copyright infringement, a prevailing defendant must show that the action was frivolous or brought in bad faith." *Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir. 1982).  Defendant's motion incorrectly states that "controlling case law established that the City could not bring a copyright claim" (Motion, page, line 27).  The case law of the Second Circuit supported the City's copyright claim.   The case law cited by the Defendant was a state court interpretation of the Copyright Act, which was not binding on this Court, and that interpretation directly conflicted with a Second Circuit holding on the same issue.  It was manifestly reasonable to assume that this Court would follow the Second Circuit decision and find that the City had a protectable and registerable copyright in its videos.  It hired a videographer and paid for the videos to be made.  It owns them.  That the Court decided to follow the state court interpretation of the Public Records Act and its effect on the Copyright Act could not have been intuited by Plaintiff or its counsel.  It was

Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees

reasonable for the City and its attorney to believe that the Court would follow federal case law instead of applying the state court's holding.  Notwithstanding the Court's decision to do so, the City's attempt to enforce its intellectual property rights plainly cannot be said to be frivolous, objectively unreasonable, or improperly motivated on that basis.  If the Court had followed the Second Circuit, then the City would have made out a *prima facie* showing of copyright infringement because the Defendant copied the videos.  In and of itself, this should foreclose any contention that the present action was frivolous or objectively unreasonable.

Turning to the defense of fair use, the Defendant's statement that the fair use doctrine was applied as a successful defense to the City's copyright claim ignores the early case holding before Judge Morrow (Exhibit 1 to the City's Opposition to the Motion to Dismiss, Docket No. 17), where the Los Angeles Times successfully defeated a fair use defense of copyright infringers who copied news clip video from the Los Angeles Times website and posted them on their website for public comment.  The Defendant's attempts to argue this case in the press as a First Amendment case, and support its fair use defense, and then rely on sensationalized reporting of the case as justification for its attorneys' fees request (*e.g.*, alleged "universal denunciation of this lawsuit" and alleged legal community comments (Motion, page 9, line 21)) speaks volumes to the lack of any actual evidence in this case to support any attorney's fee award for granting the motion to dismiss based on the fair use defense.  The Plaintiff respectfully requests that the Court exclude all evidence cited or discussed by the Defendant that is not specifically related to the case at hand and already part of the record.  The probative value of such evidence, if any, is substantially outweighed by unfair prejudice to the Plaintiff.

The Ninth Circuit has specifically addressed the question of whether the

successful assertion of a fair use defense requires an award of attorney's fees and has answered in the negative.  *Seltzer v. Green Day, Inc*., 725 F. 3d 1170 (9th Cir. 2013); *Jartech, Inc. v. Clancy*, 666 F. 2d 403, 407 (9th Cir. 1982).   In *Seltzer* the appellate court reversed the district court's finding that the plaintiff's copyright infringement claim was objectively unreasonable – despite the fact that the plaintiff had lost his claim of infringement at summary judgment and had only won one of the four fair use factors – and held that "the mere fact that [plaintiff] lost cannot establish his objective unreasonability." The *Seltzer* court reversed an award of $200,000.00 in attorneys' fees on that basis.  *Seltzer v. Green Day, Inc*., 725 F.3d at 1181.

The Defendant focuses on the alleged violation of his First Amendment rights, and the numerous sensationalized accounts of this case and its critics that appeared in the press.  This case was not being tried in the press, contrary to what the Defendant and his counsel may believe.  And, the First Amendment does not provide a license for copyright infringement.  "The First Amendment . . . does not protect copyright infringement [and] … [p]arties may not use the First Amendment to encroach upon the intellectual property rights of others." *Sony Music Entertainment Inc. v. Doe,* 326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004); *In re Anonymous Online Speakers*, 661 F. 3d 1168, 1173 (9th Cir. 2011).  "The right to speak, whether anonymous or otherwise, is not unlimited .  .  .  and the degree of scrutiny varies depending on the circumstances and the type of speech at issue." *Id.* While the City was aware of First Amendment protections when it filed this action, it was also aware that the Ninth Circuit, other appellate courts, and this district (*i.e*., the Los Angeles Times case) have held that the First Amendment cannot be used as an excuse to freely infringe upon a valid copyright.

In the present action, while the evidence presented to the Court was held to be insufficient to rebut the Defendant's fair use defense, the Plaintiff's attempt to

persuade the Court otherwise through standard motion practice should not be sufficient to justify an award of fees.  In any case, the City's case was not "frivolous," because its arguments were not "wholly without merit." *Glass*, 2011 U.S. Dist. LEXIS 16793, at *9. And because the City "has pleaded . . . facts that would somehow connect [the Defendant] to the alleged claims," the City's position was not "objectively unreasonable." Id. at *11.  The complaint was warranted under existing law and supported by the evidence.  This conclusion is not changed by the fact that, after a weighing of factors, the Defendant prevailed on an affirmative defense of fair use, a highly fact-specific defense that must be evaluated on a case by case basis.  *See, e.g., Harper & Rowe Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 561 (1985); *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F. 3d 1394, 1403 (9th Cir. 1997).  This action was not lacking in evidentiary support, and was supported by existing law – it was not frivolous, and was not filed for an improper purpose.

### c. Motivation

The motion's unsupported and illogical speculation as to the City's motivation in bringing its copyright claims cannot support a claim for attorney's fees.  The City brought its copyright claims because it had a reasonable basis to believe that the Defendant was impermissibly copying and using its videos.  The Defendant inaccurately represents that the City was not able to sell its videos. The City paid for the videographer, and was entitled to and did recoup its costs in the sales of the videos to its voters.  The Defendant speculates that the City was attempting to squelch his First Amendment rights, but produces no evidence to support this bald allegation.  In fact, the City's evidence supports that its motivation was appropriate and justified because the City permits its citizens to videotape the Council meetings themselves and the Defendant was free to do this if he so desired.  The only rights that the City attempted to enforce were those

rights it reasonably believed it had in its own videos.  (See, Declaration of JoAnna Esty ("Decl. Esty"), page 2, lines 20-28).

The City's motivation here was to protect its copyrights. This is a valid motivation for bringing a copyright infringement action. *See Glass*, 2011 U.S. Dist. LEXIS 16793, at *12 (holding that interest in protecting one's copyright is a proper motivation for bringing a copyright claim).  It was reasonable for the City and its attorney to believe that it had protectable copyright rights because of the Second Circuit decision.  The City's attempt to enforce its intellectual property rights plainly cannot be said to be improperly motivated on that basis.

### d. The Need to Advance Considerations of Compensation and Deterrence

Finally, the need to advance considerations of compensation and deterrence are not present here.  An award of fees will have absolutely no deterrent effect. Plaintiff is not an individual or entity involved in matters that will likely give rise to future copyright clams. It is a municipality.  The last previous copyright action it pursued was an action against the City of Chicago many years ago, which was settled favorably.  An award of attorney's fees in this matter will not serve to deter future litigation.

Defendant argues that deterrence considerations are even stronger because Plaintiff and its counsel failed to acknowledge the merits of the Defendant's position and be "educated about the relevant law." (Motion, page 14, line 11) Not only is defense counsel unbelievably presumptuous, he ignores that ours is an adversary system of litigation.  Litigants have the right to assert differing position provide that they are reasonably based on supporting law and facts – even if they are not ultimately successful.  To base a fee award on the failure to embrace defense counsel's position in a case would only serve as to punish.  And, punishment solely for punishment's sake, is not an established factor to be

- 11 -

considered in this motion for attorney's fees. *Seltzer v. Green Day, Inc*., 725 F.3d at 1180-81 (9th Cir. 2013); *Kwan Software Eng'g, Inc. v. Forway Techs., LLC*, 2014 U.S. LEXIS 53115, No. C-12-03762, (N.D. Cal. Apr. 17, 2014).  In fact, Plaintiff paid fees and costs to prosecute this case under its fee arrangements with the undersigned counsel.

### e. A Fee Award Will Not Further the Goals of the Copyright Act

Defendant makes no showing whatsoever that an award of fees will further the purposes of the Copyright Act. *SOFA Entm't, Inc. v. Dodger Prods., Inc*., 709 F.3d 1273, 1280 (9th Cir. 2013). Rather, Defendant simply seeks to punish plaintiff for pursuing the action.

Defendant's Motion improperly attempts to taint the Court and focuses more on attacking the Plaintiff and its counsel's handling of this action.  The Motion states that "the City rebuffed Mr. Teixiera's multiple attempts to educate it about the relevant law" and "explain why the City's threatened copyright claim lacked merit." (Motion, page 2, lines 7-9; page 3, lines 6-7). Defense counsel made no attempt to settle the matter other than to tell the City to go away.  Defendant's counsel fails to disclose that the City asked only that Mr. Teixiera not use its videos – not that Mr. Teixiera stop his alleged "political commentary" but only that he do so with his own videos.

Defendant's Motion is filled with *ad hominem* attacks on Plaintiff and its counsel, and say nothing about the merits of the case at hand.  Claims that the YouTube subpoena was deliberately overbroad (even though its scope was narrowed voluntarily by Plaintiff's counsel) or that the Plaintiff conceded certain issues with the results of the subpoena misstate these events and are evidence of defense counsel's dislike of Plaintiff's counsel and his frustration at his inability to steamroll over her.

Defendant has not established that an award of fees would have any deterrent effect. The Plaintiff is not likely to engage in such litigation again. Defendant has not established the action was objectively unreasonable or frivolous. Defendant has not established that plaintiff pursued this action in bad faith. Finally, Defendant has provided no overarching reason and made no compelling argument that its successful defense of this case furthers the primary purpose of the Copyright Act - to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Id*. (quoting *Fogerty*, 510 U.S. at 524). The City requests that the Court deny Defendant's Motion as the Defendant has not satisfied the criteria for such an award.

## B. DEFENDANT'S REQUESTED FEES ARE UNREASONABLE.

### 1.    LEGAL STANDARD

Section 505 (like Section 116 of the 1909 Act) does not authorize an award of the actual attorney's fee whatever it may be, but only of a "reasonable" attorney's fee. It has been said that such an award should be made sparingly and in a modest amount, and it has been held that a "reasonable attorney's fee" under the Copyright Act is an amount less than the fee that would be proper between client and attorney. 5-14 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* (2013).  For example, in *Harris v. Emus Records Corp.*, 734 F.2d 1329 (9th Cir. 1984), and *Rodgers v. Quests, Inc.*, 213 U.S.P.Q. 212 (N.D. Ohio 1981), the court awarded 50 percent of actual attorney's fees.

Defendant seeks approximately $130,000.00 of fees for a case that involved only one motions' hearing and a single motion to dismiss, one subpoena, no depositions, no settlement conference, and few telephonic court appearances. This was a limited, relatively small piece of litigation. It was not particularly complex and involved only two parties. A request for $130,000.00 in fees is clearly unreasonable and, in the event the court considers and grants the motion,

- 13 -

any award should substantially less than that figure.  The City's claims against the Defendant was reasonable, and "defense of reasonable legal claims, under the so-called 'American rule,' is in most instances a cost of business." *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 60 F. Supp. 2d 544, 551 (E.D. Va. 1999) (citing *Fogerty*, 510 U.S. at 533-34).

Calculation of reasonable attorneys' fees begins from the premise that "[a]ttorney's fees are based on the 'lodestar' calculation." *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, 2014 U.S. Dist. LEXIS 151263, Copy L. Rep. (CCH) P30,681 (S.D. Cal. Oct. 24, 2014);  *Fein v. Kesterson*, 2010 U.S. Dist. LEXIS 128489, 2010 WL 4902281, at *2 (C.D. Cal. Nov. 23, 2010); *Ketchumv. Moses*, 24 Cal.4th 1122, 1136, 104 Cal Rptr. 2d 377, 17 P.3d 735 (2001). (same result under California law). The lodestar method of calculating attorney fees is a two-step process. First, courts multiply the hours an attorney works by the attorney's hourly rate—this process yields the lodestar—and then courts adjust the lodestar up or down to reflect the characteristics of a given action.

### 2.     DEFENDANT'S ATTORNEY'S FEES CLAIM IS EXCESSIVE

The lodestar method raises three questions: (1) how to determine a reasonable hourly rate? (2) how to determine a reasonable number of hours? and (3) how should the amount be adjusted down?

#### a.  *Defendant's Hourly Rates Are Unreasonable*

A reasonable hourly rate must conform to the prevailing market rate for a similar attorney in the "relevant legal community." Courts assess the fee applicant's skill and experience and then determine what rate a similar attorney with a similar reputation would charge in the relevant community.  Defense counsel has not shown that the requested rates are reasonable.  (See, Declaration of Judith Bain ("Decl. Bain"), page 2, lines 23-28; page 3, lines 1-4,10-28; page 4,

- 14 -

lines 1-2.)  In deciding the reasonable rate for the attorney's services, courts may consider the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the local community, the nature of the work performed; and the attorney's customary fee. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975)(reversed in part on other grounds); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) (agreed-upon billing rate is strong indication of reasonable rate); *Yahoo!, Inc. v. Net Games*, Inc. 329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004) (reasonably competent counsel bill at a reasonable hourly rate based on the local legal community as a whole"). The appropriate rate generally is the market rate in the community where the case is litigated. This is the "forum rate."  *Carson v. Billings Police Dept.*, 470 F.3d 889, 891 (9th Cir. 2006).

What is the relevant community?  Here, the relevant community is the Los Angeles community of experienced intellectual property attorneys working for individuals, smaller companies and start-ups, and municipalities.  Typical rates for these clients would be in the range of $300 an hour for a partner, half that rate for an associate and less for a paralegal.  (Decl. Bain, page 2, lines 23-28; page 3, lines 1-4,10-28; page 4, lines 1-2.).  The supporting declarations of the Defendant improperly rely on purported "rack rate" or premium rate hourly rates of other, much larger firms.  However, none of the declarations provided by the Defendant establish that any rate sought by Defendant are reasonable or in line with community rates for experienced intellectual property attorneys working for individuals, smaller companies and start-ups, and municipalities (even those of larger firms).  Further, courts have discretion to reduce the hourly rate for tasks that could have been performed by less-skilled personnel.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001); *MacDougal v. Catalyst Nightclub*, 58 F.Supp.2d 1101, 1105 (N.D. Cal. 1999) (reducing rate for tasks that

- 15 -

could have been performed by paralegal or secretary: "Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn").

Defendant's attorneys have a duty to supply the court with credible information in support of the requested hourly rates. The Defendant's counsel has provided the court with no credible source to determine if the hourly rates they seek are reasonable. Reasonable hourly rates are calculated by reference to prevailing market rates in the relevant community.  *Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992)(vacated in part regarding expert fees). Defense counsel's supporting declarations are from friendly colleagues working at other firms.  No mention is made of what rates are actually charged to clients or any range of rates.  Not surprisingly, defense counsel's supporting declarations do not suggest anywhere that the rates quoted are prevailing market rates for experienced intellectual property attorneys working for individuals, smaller companies and start-ups, and municipalities – or if their rates, as usually for larger firms, are often discounted.  Instead, defense counsel suggests that the parties in this action be expected to pay non-discounted rates charged by large firms to larger corporate and institutional clients rather than the rates that would typically be paid by the parties to this action. (Decl. Bain, page 2, lines 23-28; page 3, lines 1-4,10-28; page 4, lines 1-2.) Since none of the declarations provide anything in them but justification for "rack rates" charged to premium clients such as large corporations, the Defendant has failed to meet his burden to prove the appropriate market rate.

### b. Defense Counsel's Hours Billed Are Unreasonable

The general rule is that fee applicants can bill their opponents for the same number of hours that fee applicants would be able to bill to their clients. Hours may be excluded from compensation when they are excessive, redundant, or otherwise unnecessary.  The Motion presents no proof of payment of any

- 16 -

attorney's fees, Defendant discloses that the representation by his counsel is *pro bono*, and there is no indication of any oversight by the Defendant for the work allegedly performed by his counsel.  That means that the Defendant's counsel had unfettered and unrestrained timekeeping, with no accounting for the time spent to his client because his client was not paying the bill.  Without restraint, the defense counsel exercised no billing judgment – churned this case and spent huge amounts of time on matters that should have required much less, particularly if the billing was overseen by a paying client. (Decl. Bain, page 4, lines 3-28; page 5, lines 1-12).

Not only is the billed time excessive, vague entries by defense counsel provide little or no information about the nature or significance of the work performed.  Defense counsel's billing records are filled with entries that are so vague as to make it impossible to determine what work, if any, was performed.  For example, between March 13, 2015 and April 14, 2015, Mr. Laidman had almost daily entries (almost 20 days) for "Research and draft Motion to Dismiss" with time entries of between 1.3 and 8.8 hours each day for a total of over 60 hours of billed time.  At Mr. Laidman's claimed billing rate of $395, these hours spent "researching and drafting" amount to a whopping $24,411.00.  Add this amount of hours to the remaining hours billed to the motion to dismiss, yields a total of almost 100 hours on a motion to dismiss that was touted as based on a prior case litigated by the same firm.  This does not include the time spent on the reply, or attending the hearing.  Mr. Laidman had over 40 hours on the reply brief.  His time entries characterized the time spent as "Review and analysis of the City's opposition" (6.9 hours) or "Research and draft Reply ISO Motion to Dismiss" or "Review and revise" (33.4 hours).  These vague descriptions do not come close to being sufficient for an award of attorneys' fees.  And, just Mr. Laidman's total time based on these highly questionable billing practices is over

100 hours for the motion to dismiss alone, and claims fees in excess of forty thousand dollars.  All totaled, the time for the moving papers and hearing billed to the motion to dismiss are close to 200 hours at a blended rate of more than $400, for a total of $80,000.00, with defense counsel spending additional time on the ancillary motion to strike, conferences, the subpoena, and the fee petition for a hefty additional approx. $50,000.00.

Notably, defense counsel is quick to paint opposing counsel with a broad black brush as having caused the increase in billable hours – spinning examples of alleged increases, for example, an alleged increase due to counsel's disagreement over the scope of the single subpoena issued in this case – Plaintiff's counsel had nothing to do with Mr. Laidman's almost daily billing for "researching and drafting" of the motion to dismiss or the reply in the amounts of over 100 hours. The truth is plainly evident from the lack of billing judgment on time spent and the vague entries themselves.

Mr. Laidman's claims that opposing counsel in any way increased the defense of this action are plainly wrong.  His time entries for "research and drafting" for over 100 hours (as well as his other vague descriptions on his timekeeping) cannot be harmonized with the firm's claim that its attorneys are experts.  And, his assertion that opposing counsel contributed cannot be farther from the truth. When Mr. Laidman claimed that the YouTube subpoena was overly broad, although opposing counsel did not agree, the scope of the subpoena was voluntarily reduced by the Plaintiff to accommodate the Defendant.  The City did not reduce it as far as defense counsel argued, because the value of the information sought based on defense counsel's scope would have been meaningless.  As well, defense counsel claims that the City would not extend the time for filing this Motion, but this too misrepresents that the City asked for the billing records in order to evaluate the request, and defense counsel agreed, and

then flatly refused to honor its representation. (Decl. Esty, page 3, lines 3-19).

Billing records ought to provide: "…sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *United Slate, Tile & Composition v. G&M Roofing*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). Courts recognize that a reduction in fees may be appropriate when billing records are vague. Unfortunately, when unrestrained the Defendant's counsel did not apply cost-effective client-focused measures to time billing, or any reasonableness based on what a client would be willing to pay. Excessive billing time was buried on this case, and defense counsel now expects the City to pay for it.

When requesting fees, fee applicants must make every effort to submit time records which specifically allocate the reasonable time spent on each claim. Here, the measure of "reasonable" is lacking because defense counsel knew that his client would not be reviewing the timesheets, and the billing time could be whatever time he/she felt like spending and/or billing on that particular task. Not only are defense counsel's descriptions of the work performed deficient, there is no explanation why the amount of time spent is so excessive (other than to claim that the Defendant's opponent caused the time spent to be so high).

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours *reasonably* expended on the litigation by the *reasonable* hourly rate." (Emphasis added.) *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]o determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." *Gonzalez v. City of Maywood*, 729

F.3d 1196, 1202 (9th Cir. 2013). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. at 437.

The Defendant bears the burden of showing the reasonableness of the hours billed. The Defendant must also show that billing judgment was exercised. *Id.*

### c. Defense Counsel's Hourly Rate Should be Discounted and Billable Hours Should be Adjusted Down to No More Than 20 Percent of Hours Claimed

If the motion to dismiss is any indication, and it likely is, defense counsel inflated their billing by at least 80 percent; a straight-forward motion to dismiss that should have taken no more than 20 hours (generously – since counsel claims to be experts in this area of law), instead shows up with vague descriptions and over 100 hours on the timesheets. Other examples include that although defense counsel claims expertise, defense counsel flew a partner in from a New York office for the hearing on the motion to dismiss, defense counsel inflated the time dedicated to the YouTube subpoena, defense counsel spent countless hours conferencing between themselves and trying to bully Plaintiff's counsel, and obviously defense counsel buried defense counsel's many contacts with the press and the legal community for the purpose of attempting to try this case there. The proper reduction for such vagueness in billing is an award of no more than 20 percent of total adjusted fees across the board for inadequate record keeping and management and vague entries.

"[A] district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000). Normally, courts will conduct an "hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to

compensate the prevailing party." *Gonzalez v. City of Maywood*, 729 F.3d at 1202.  However, "when faced with a massive fee application . . . the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1993) (internal quotes omitted).

Courts have broad discretion to decide whether the hours claimed by a fee applicant are reasonable and may even rely on its own knowledge to evaluate a fee request.  If the Court determines that the Defendant is entitled to fees, it must calculate the appropriate amount to award.  Time charged for work that is excessive, duplicative, or inadequately documented should not be allowed. In the Motion, the Defendant overstates expenses and seeks costs and fees to which they are not entitled.  The City requests that the Court consider the following objections to Defendant's fee request and adjust the "lodestar" amount accordingly:

1.  Adjust the billing rates to $300 for partners, $150 for associates and $75 for paralegals. (Decl. Bain, page 2, lines 23-28; page 3, lines 1-4,10-28; page 4, lines 1-2.).

2.  Adjust the hours billed by 80 percent based on the following examples of overbilling (and/or vague timekeeping) by defense counsel (Decl. Bain, page 4, lines 13-28; page 5, lines 1-2.).:

   a.  Motion to Dismiss:  The hours allocated to the motion to dismiss include Laidman 72.6 hours, Palacios, .2 hours, Burke 8.4 hours and Keville 6.3 hours for a total of 87.5 hours for a total of $35,138.50, These hours should be added to the hours spent on the response to the Plaintiff's letter to the Defendant, which tracks the motion to dismiss based on the same legal arguments.  An addition 13.2 hours was spent

by Laidman for the letter, bringing his total hours for the

Letter/Motion to Dismiss to 85.8 and the total cost to $40,727.50.

b. Reply to Motion to Dismiss:  The hours allocated to the reply brief in

support of the motion to dismiss/strike include Laidman 45.4 hours,

Palacios, 8.3 hours, Burke 11.5 hours and Keville 5.0 hours for a total

of 70.2 hours, for a total $28,906.00.

c. YouTube Subpoena:  The hours billed for the YouTube subpoena

include Laidman 30.9 hours, Palacios, 5.9 hours, and Burke 3.6 hours

for a total of 40.4 hours with fees of $16,504.00.

Given the uncomplicated nature of the issues of the Motion, and defense counsel's familiarity with the law followed by the Court (having represented the prevailing party in that action), the 100.7 hours expended to draft Plaintiff's Motion to Dismiss, with another 70.2 hours spent on the reply, are excessive and should be reduced by at least 80 percent.  With respect to the 40.4 hours billed for a single subpoena, even if it had to be revised, this number of hours to review the subpoena and ask for its revision is extraordinary.  It too should be reduced by 80 percent.

Because the tasks and amounts billed by the billing attorneys for the Defendant reflect an across the board inflation of time, for all of the hours billed the Court is respectfully request to reduce the hours by 80 percent to reflect the excessive time spent on tasks and/or vague billing practices.  As well, the hourly rates claimed should be reduced to reflect community rates for similar services.

## III.  CONCLUSION

For the foregoing reasons, the City hereby respectfully requests that this Court deny the Motion of Defendant for Attorneys' Fees.  Alternatively, should this Court determine to make an award of attorneys' fees, the City requests that the hourly rate be reduced as argued, and that the total fee award be based on an

adjusted number of hours that are less than 20 percent of the total hours now claimed by defense counsel.

DATED:  September 21, 2015                Respectfully submitted,

*Majesty Law Group*


_____
JoAnna M. Esty
Attorney for Plaintiff
     City of Inglewood