1  DAVIS WRIGHT TREMAINE LLP
   THOMAS R. BURKE (State Bar No. 141930)
2    thomasburke@dwt.com
   505 Montgomery Street, Suite 800
3  San Francisco, CA 94111-6533
   Telephone:  (415) 276-6500
4  Fax: (415) 276-6599

5  DAVIS WRIGHT TREMAINE LLP
   DAN LAIDMAN (State Bar No. 274482)
6    danlaidman@dwt.com
   DIANA PALACIOS (State Bar No. 290923)
7    dianapalacios@dwt.com
   865 South Figueroa Street, 24th Floor
8  Los Angeles, California  90017-2566
   Telephone: (213) 633-6800
9  Fax: (213) 633-6899

10 Attorneys for Defendant

11 Joseph Teixeira

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 CITY OF INGLEWOOD, a public entity,  )  Case No. **2:15-cv-01815-MWF-MRW**
                                        )
16                     Plaintiff,       )  Assigned to the Hon. Michael Fitzgerald
                                        )
17          vs.                         )  **REPLY IN SUPPORT OF**
                                        )  **DEFENDANT'S MOTION TO**
18 JOSEPH TEIXEIRA and Does 1-10,       )  **RECOVER ATTORNEYS' FEES**
                                        )
19                     Defendants.      )  **[17 U.S.C. § 505]**
                                        )
20                                      )  Hearing Date:  October 5, 2015
                                        )  Time:            10:00 a.m.
21                                      )  Courtroom:     1600
                                        )
22                                      )  [Supplemental Declaration of Dan
                                        )  Laidman Filed Concurrently]
23                                      )
                                        )  Action Filed:  March 12, 2015
24                                      )
25 ─────────────────────────────────────

26

27     Defendant Joseph Teixeira respectfully submits this Reply in Support of his

28 Motion to Recover Attorneys' Fees pursuant to 17 U.S.C. § 505.

─────────────────────────────────────
REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

# TABLE OF CONTENTS

Page

I.  SUMMARY OF ARGUMENT ..................................................................... 1

II. EVERY FACTOR FAVORS FEE-SHIFTING UNDER SECTION 505 ...... 2

    A.  Mr. Teixeira Achieved Complete Success In This Litigation. ............. 2

    B.  The City's Copyright Infringement Claim Was Objectively Unreasonable. ................................................................................... 3

    C.  The City Did Not Act With A Legitimate Motive Under Copyright Law. ............................................................................... 8

    D.  A Fee Award Is Appropriate To Deter Future Meritless Litigation ... 10

    E.  A Fee Award Will Further The Goals Of The Copyright Act. .......... 11

III. THE CITY HAS FAILED TO MEET ITS BURDEN OF SHOWING THE REQUESTED FEE AMOUNT IS UNREASONABLE ...................... 13

    A.  DWT's Rates Are Consistent With Prevailing Local Market Rates. ................................................................................................ 13

    B.  The Hours Expended By Mr. Teixeira's Counsel Are Reasonable. .. 16

IV. CONCLUSION. ................................................................................. 21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

<u>AF Holdings LLC v. Navasca</u>,
  2013 U.S. Dist. LEXIS 102249 (N.D. Cal. July 22, 2013)...................................10

<u>Alexander v. A&E TV Networks, LLC</u>,
  2011 U.S. Dist. LEXIS 142710 (E.D. Cal. 2011).................................................16

<u>Bernal v. Paradigm Talent and Literary Agency</u>,
  2010 WL 6397561 (C.D. Cal. June 1, 2010).................................................4, 10

<u>Bibbero Sys. v. Colwell Sys.</u>,
  893 F.2d 1104 (9th Cir. 1990) ..................................................................................4

<u>Brownmark Films, LLC v. Comedy Partners</u>,
  682 F.3d 687 (7th Cir. 2012) ..................................................................................10

<u>Building Officials & Code Adm. v. Code Technology, Inc.</u>,
  628 F.2d 730 (1st Cir. 1980) ....................................................................................6

<u>California v. Am. Stores Co.</u>,
  492 U.S. 1301 (1989)................................................................................................8

<u>Campbell v. Acuff-Rose Music, Inc.</u>,
  510 U.S. 569 (1994)................................................................................................11

<u>Caner v. Autry</u>,
  2014 WL 2967607 (W.D. Va. July 1, 2014).............................................................9

<u>Choyce v. SF Bay Area Indep. Media Ctr.</u>,
  2014 U.S. Dist. LEXIS 155438 (N.D. Cal. Nov. 3, 2014) ...............................1, 12

<u>Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc.</u>,
  777 F.2d 485 (9th Cir. 1985) ....................................................................................4

<u>County of Santa Clara v. Superior Court</u>,
  170 Cal. App. 4th 1301 (2009) ................................................................................5

<u>County of Suffolk v. First American Real Estate</u>,
  261 F.3d 179 (2d Cir. 2001)............................................................................5, 6, 16

ii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Dhillon v. Doe,*
   2014 U.S. Dist. LEXIS 24676 (N.D. Cal. Feb. 25, 2014) ....................................... 3

*DuckHole Inc. v. NBCUniversal Media LLC,*
   2013 U.S. Dist. LEXIS 157304 (C.D. Cal. Oct. 25, 2013).................................... 11

*Fantasy, Inc. v. Fogerty,*
   94 F.3d 553 (9th Cir. 1996) ...................................................................... 4

*Ferland v. Conrad Credit Corp.,*
   244 F.3d 1145 (9th Cir. 2001) .................................................................. 16

*Fogerty v. Fantasy, Inc.,*
   510 U.S. 517 (1994) .......................................................................... 1, 4

*Gates v. Deukmejian,*
   987 F.2d 1392 (9th Cir. 1992) .................................................................. 15

*Gilbrook v. City of Westminster,*
   177 F.3d 839 (9th Cir. 1999) ................................................................... 19

*Glass v. Sue,*
   2011 U.S. Dist. LEXIS 16793 (C.D. Cal. 2011)....................................... 7, 9

*Glover v. Johnson,*
   138 F.3d 229 (6th Cir. 1998) ................................................................... 16

*Guam Soc'y of Obstetricians & Gynecologists v. Ada,*
   100 F.3d 691 (9th Cir. 1996) ................................................................... 15

*Hawkins v. Berkeley Unified Sch. Dist.,*
   2008 U.S. Dist. LEXIS 94673 (N.D. Cal. Nov. 20, 2008) ...................................... 14

*Hayes v. County of San Diego,*
   658 F.3d 867 (9th Cir. 2011) ................................................................... 5, 6

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983)............................................................................ 19

*Jackson v. Axton,*
   25 F.3d 884 (9th Cir. 1994) ...................................................................... 4

*Jartech, Inc. v. Clancy,*
   666 F.2d 403 (9th Cir. 1982) ................................................................... 4, 7

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Katz v. Chevaldina,*
  -- F. Supp. 3d ---, 2015 WL 5255429 (S.D. Fla. Aug. 17, 2015) ............... 1, 7, 8, 9

*Lawrence v. Sony Pictures Entm't Inc.,*
  2011 U.S. Dist. LEXIS 157934 (C.D. Cal. Oct. 5, 2011)...................................... 18

*Los Angeles Times v. Free Republic,*
  2000 WL 565200 (C.D. Cal. Apr. 4, 2000) ............................................................. 7

*Love v. Mail on Sunday,*
  2007 U.S. Dist. LEXIS 97061 (C.D. Cal. Sept. 7, 2007) ..................................... 18

*Lytle v. Carl,*
  382 F.3d 978 (9th Cir. 2004) ................................................................................ 19

*MacDougal v. Catalyst Nightclub,*
  58 F. Supp. 2d 1101 (N.D. Cal. 1999) .................................................................. 16

*MacLeod v. Emerson Elec. Co.,*
  2015 U.S. Dist. LEXIS 119399 (C.D. Cal. Sept. 8, 2015) ................................... 13

*Maloney v. T3Media, Inc.,*
  2015 WL 3879634 (C.D. Cal. May 27, 2015) ........................................... 2, 17, 18

*Marshall & Swift/Boeckh, LLC v. Dewberry & Davis LLC,*
  586 Fed. App'x 448 (9th Cir. 2014) ....................................................................... 3

*Marshall & Swift/Boeckh, LLC v. URS Corporation et al.,*
  C.D. Cal. No. 2:08-cv-04375-GAF-SS, Dkt. # 404 (5/6/11 Fee
  Ruling)..................................................................................................................... 3

*Mattel, Inc. v. MGA Entm't, Inc.,*
  705 F.3d 1108 (9th Cir. 2013) ................................................................................ 4

*Mattel v. Walking Mountain Productions,*
  2004 WL 1454100 (C.D. Cal. June 21, 2004) ........................................................ 9

*McCauley v. Stanford Univ. Med. Ctr.,*
  2009 U.S. Dist. LEXIS 18748 (N.D. Cal. Mar. 11, 2009)................................... 10

*Miele v. New York State Teamsters Conference Pension & Retirement
  Fund,*
  831 F.2d 407 (2d Cir. 1987)................................................................................. 15

iv

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Moreno v. City of Sacramento,
  534 F.3d 1106 (9th Cir. 2008) ....................................................... 17, 20

NRDC v. Locke,
  771 F. Supp. 2d 1203 (N.D. Cal. 2011) ........................................ 16, 17

Perfect 10, Inc. v. Giganews, Inc.,
  2015 U.S. Dist. LEXIS 54063 (C.D. Cal. Mar. 24, 2015) .................. 10

Premier Med. Mgmt., Inc. v. Cal. Ins. Guarantee Ass'n,
  163 Cal. App. 4th 550 (2008) ............................................................ 16

Robinson v. Lopez,
  2003 WL 23162906 (C.D. Cal. Nov. 24, 2003)................................... 8

Ruff v. Cnty. of Kings,
  700 F. Supp. 2d 1225 (E.D. Cal. 2010) ............................................. 19

Sanchez v. Bank of Am.,
  2010 U.S. Dist. Lexis 81787 (N.D. Cal. July 22, 2010) ....................... 19

Scott v. Meyer,
  2010 U.S. Dist. LEXIS 69308 (C.D. Cal. June 21, 2010) .................... 11

Seltzer v. Green Day, Inc.,
  725 F.3d 1170 (9th Cir. 2013) .............................................................. 7

Shoen v. Shoen,
  5 F.3d 1289 (9th Cir. 1993) ............................................................... 21

Silberstein v. Fox Entm't Group, Inc.,
  536 F. Supp. 2d 440 (S.D.N.Y. 2008) .................................................. 3

Singmoungthong v. Astrue,
  2011 U.S. Dist. LEXIS 76999 (E.D. Cal. 2011) ................................. 19

Sofa Entm't, Inc. v. Dodger Prods.,
  709 F.3d 1273 (9th Cir. 2013) .................................................... 5, 6, 12

Trevino v. Gates,
  99 F.3d 911 (9th Cir. 1996) ............................................................... 14

United States v. Caudle,
  48 F.3d 433 (9th Cir. 1995) ................................................................. 8

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United Steelworkers of Am. v. Phelps Dodge Corp.,
    896 F.2d 403 (9th Cir. 1990) ................................................................ 13

Welch v. Metro. Life Ins. Co.,
    480 F.3d 942 (9th Cir. 2007) ......................................................... 14, 15

Wild v. NBC Universal,
    2011 U.S. Dist. LEXIS 157860 (C.D. Cal. July 18, 2011) ................... 18

Zaldivar v. City of Los Angeles,
    780 F.2d 823 (9th Cir. 1986) ................................................................ 3

**Statutes**

17 U.S.C. § 505 ........................................................................... *passim*

California Government Code §§ 6250 et seq. ......................................... 6

**Rules**

Federal Rule of Civil Procedure Rule 11 ............................................... 3

Federal Rule of Evidence 602 ............................................................. 10

**Constitutional Provisions**

California Constitution, Article 1, § 3(b) ............................................... 6

United States Constitution, First Amendment ............................... *passim*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      SUMMARY OF ARGUMENT

Courts consistently award fees to defendants who soundly defeat copyright claims that threaten to chill constitutionally protected expression.  Here, this Court recognized that Mr. Teixeira "is engaged in core First Amendment speech," and it held both that the City could not assert copyright protection in the first instance, and also that it could "scarcely conceive of works that are more appropriately protected by the fair use doctrine" than Mr. Teixeira's videos.  See Dkt. # 35, Order at 20.  The City does not identify any case in which fees have been denied where a copyright defendant prevails in such a manner.  Nor does it attempt to distinguish any of the on-point authorities discussed in Mr. Teixeira's Motion that support a fee award here.

Instead, the City's Opposition largely revisits the merits, while arguing that a fee award would be incompatible with the adversarial system.  But that is a policy argument against fee-shifting in general that Congress resolved when it enacted the Copyright Act.  See Fogerty v. Fantasy, Inc., 510 U.S. 517, 533-34 (1994) (Section 505 "is one situation in which Congress has modified the American Rule to allow an award of attorney's fees in the court's discretion").  The law is clear that, even within our adversary system, "[i]n asserting claims under a statute with a fee-shifting provision," a plaintiff proceeds "at his peril."  Choyce v. SF Bay Area Indep. Media Ctr., 2014 U.S. Dist. LEXIS 155438, at *14 (N.D. Cal. Nov. 3, 2014).

Last month, the Southern District of Florida awarded a prevailing defendant $152,433.68 under analogous circumstances, concluding that "[t]o do otherwise would encourage continued abuse of the Copyright Act as a tool for stymieing free expression."  Katz v. Chevaldina, -- F. Supp. 3d ---, 2015 WL 5255429, at *9 (S.D. Fla. Aug. 17, 2015).  The court rejected arguments similar to those advanced by the City here, finding that "Plaintiff is responsible for the consequences of his decisions in the face of well established legal principles that undermine his position," despite his claim "that he should not be punished for pursuing his good faith claims."  Id.

Mr. Teixeira's Motion should be granted for these same reasons.  The City's primary argument against awarding fees is based on an erroneous frivolous/bad faith standard that the Supreme Court overruled more than 20 years ago.  <u>See</u> Section II.B, <u>infra</u>.  Evaluated under the correct legal standard, fee-shifting is warranted here because Mr. Teixeira achieved complete success in defeating an objectively unreasonable claim, the City was not motivated by a legitimate commercial interest, Mr. Teixeira's defense furthered the purpose of the Copyright Act by delineating the boundaries of liability and encouraging the creation of transformative works, and a fee award is needed to deter future meritless actions.  <u>See</u> Section II.B, <u>infra</u>.

With respect to the amount of the fee request, the thrust of the City's Opposition "amounts to little more than noting that the requested fee award is large.  But a fee award is not unreasonable simply because it involves a lot of money.  The operative question is not the dollar amount, but whether the rates charged and the hours spent are reasonable in light of the totality of the litigation." <u>Maloney v. T3Media, Inc.</u>, 2015 WL 3879634, at *10 (C.D. Cal. May 27, 2015).  The City has failed to carry its burden of presenting specific evidence to counter DWT's showing that its rates and hours worked in this matter are reasonable.  <u>See</u> Section III, <u>infra</u>.

For all of these reasons, Mr. Teixeira respectfully requests that the Court award $128,983 in fees through the preparation of the Motion, plus $6,137.50 in fees in connection with the preparation of this Reply and the hearing on the Motion, for a total of $135,120.50.  <u>See</u> Supplemental Declaration of Dan Laidman at ¶¶ 2-3.

## II.     EVERY FACTOR FAVORS FEE-SHIFTING UNDER SECTION 505

## A.     Mr. Teixeira Achieved Complete Success In This Litigation.

The City acknowledges that Mr. Teixeira achieved total success on the merits, as the Court dismissed the action with prejudice.  Opp. at 5.  Nonetheless, it still disputes that this factor favors fee-shifting.  <u>Id.</u>  But in each of the cases that the City cites on this point, the unsuccessful plaintiff had a far stronger claim than Inglewood did in this action, making these cases easily distinguishable.

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In Silberstein v. Fox Entm't Group, Inc., 536 F. Supp. 2d 440 (S.D.N.Y. 2008), the claim was based on "similarities between characters that both appeared to be a hybrid squirrel-rat and both of which bore obviously similar names." Id. at 444. The "defendants went to unusual lengths to secure rights to [a third party's work] as a means of defeating plaintiff's copyright claims" in a "scramble to assert ownership" that "would appear to indicate that defendants themselves did not view plaintiff's copyright claims as specious." Id. And in Dhillon v. Doe, 2014 U.S. Dist. LEXIS 24676 (N.D. Cal. Feb. 25, 2014), the court found that "the defendant prevailed on only two of the four fair use factors," in contrast to this case, in which Mr. Teixeira prevailed on all four, as well as a separate defense. Id. at *21.

Finally, in Marshall & Swift/Boeckh, LLC v. Dewberry & Davis LLC, 586 Fed. App'x 448 (9th Cir. 2014), the Ninth Circuit held that the District Court's denial of fees was not an abuse of discretion, but did not elaborate on the reasoning. The underlying order shows that the District Court held that the degree of success factor weighed in the defendant's favor, although it ultimately concluded that fee-shifting was not appropriate because the case involved a highly fact-specific determination that the defendant "was not involved in [the] infringing activities," and, moreover, the defendant's "own employee … in fact brought the alleged infringement to [the plaintiff's] attention." Marshall & Swift/Boeckh, LLC v. URS Corporation et al., C.D. Cal. No. 2:08-cv-04375-GAF-SS, Dkt. # 404 (5/6/11 Fee Ruling at 2-3). These cases provide no basis for denying Mr. Teixeira's Motion, given his total success.

**B.     The City's Copyright Infringement Claim Was Objectively Unreasonable.**

The City misconstrues the standard for awarding fees under Section 505 by relying on overruled case law and inapposite authority from the sanctions context. Opp. at 6-7.[1] In contrast to the requirement for fees under Federal Rule of Civil

---

[1] Accordingly, Zaldivar v. City of Los Angeles, 780 F.2d 823 (9th Cir. 1986), is off point because it addressed the different standard required for Rule 11 sanctions.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Procedure 11, no showing of frivolousness or bad faith is required for fee-shifting under the Copyright Act.  See Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) ("a court's discretion may be influenced by the plaintiff's culpability in bringing or pursuing the action, but blameworthiness is not a prerequisite to awarding fees to a prevailing defendant").  Thus in Fantasy, the Ninth Circuit affirmed a fee award of $1,347,519.15 based on the defendant's success on the merits despite there being no finding of frivolousness or bad faith.  Id. at 555-56.  See also Bernal v. Paradigm Talent and Literary Agency, 2010 WL 6397561, at *1, 4 (C.D. Cal. June 1, 2010) ("the Court need not find that Plaintiff engaged in bad faith or had an improper or frivolous motive for asserting a claim against Defendant"; awarding $218,252.50).

The language quoted by the City about a defendant having to "show that the action was frivolous or brought in bad faith" is no longer good law.  Opp. at 7.  As the Ninth Circuit explained in Jackson v. Axton, 25 F.3d 884 (9th Cir. 1994), prior to 1994, "attorney's fees were unavailable to a defendant under § 505 unless the plaintiff's action was frivolous or in bad faith," based on the precedent Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485 (9th Cir. 1985), but "[s]ince that time, Cooling Systems has been overruled."  Id. at 890 (citing Fogerty, 510 U.S. at 533).  See also Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013) ("[a]t one point, a copyright defendant had to show that the plaintiff's claim was frivolous or made in bad faith in order to be entitled to fees; but no longer. Even assuming Mattel's claim was objectively reasonable, the district court didn't abuse its discretion in awarding MGA fees.").[2]

The Ninth Circuit recently explained the current standard, noting that "[w]hile no longer a prerequisite to a fee award, the objective unreasonableness (both in the

---

[2] The City attributes the quote to Jartech, Inc. v. Clancy, 666 F.2d 403 (9th Cir. 1982), but it does not actually appear in that opinion.  The language can be found in Bibbero Sys. v. Colwell Sys., 893 F.2d 1104, 1108 (9th Cir. 1990), but in any event, Cooling Systems, Bibbero, and Jartech all have been overruled on this point by the Supreme Court's intervening decision in Fogerty.  See Jackson, 25 F.3d at 890.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

factual and in the legal components of the case) of a losing party's claim can be a relevant indicator of whether the Act's primary objective is being served by the litigation." Sofa Entm't, Inc. v. Dodger Prods., 709 F.3d 1273, 1280 (9th Cir. 2013). This factor favors fee-shifting because the City "should have known from the outset that its chances of success in this case were slim to none," for several reasons. Id.

First, the City still tries to rely on an argument that this Court squarely rejected, that the California Court of Appeal's decision in County of Santa Clara v. Superior Court, 170 Cal. App. 4th 1301 (2009), "was not binding on this Court." Opp. at 7. The Court found that premise to be "wholly without support." Order at 8. This Court applied fundamental Erie Doctrine principles holding that "when there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." Hayes v. County of San Diego, 658 F.3d 867, 870 (9th Cir. 2011). Because the City did not attempt to present any evidence that the California Supreme Court would not follow the County of Santa Clara decision, any expectation that the opinion would not be controlling was objectively unreasonable.

Second, the City's claim that it relied on Second Circuit authority in bringing this action is unavailing. The City does not identify this Second Circuit case (e.g., Opp. at 1, 6-8; Esty Decl. ¶ 5), but presumably it is referring to County of Suffolk v. First American Real Estate, 261 F.3d 179 (2d Cir. 2001). The City did not discuss, or even cite, the Suffolk decision in its Opposition to Mr. Teixeira's Motion to Dismiss, which undermines its newly minted claim that the Second Circuit's decision rendered this action reasonable. See Dkt. # 17 (Opposition to MTD).

But in any event, the City's claim of reliance misconstrues these cases. The County of Santa Clara decision did not "directly conflict[] with a Second Circuit holding on the same issue." Opp. at 7. It distinguished Suffolk, finding it to be "less consistent with our state's law." 170 Cal. App. 4th at 1335. It did not create any

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conflict, but made clear that its ruling was based on unique features of California public records law, and under the Erie Doctrine the state court's interpretation of California law controls in federal court.  See Hayes, 658 F.3d at 870.

Moreover, the Suffolk decision involved a New York county's authority to assert copyright protection over tax maps.  261 F.3d at 183.  The City does not explain how the case could authorize a California city to assert copyright to restrict a citizen's expressive use of official recordings of City Council proceedings, records which are explicitly public under the Brown Act and California Public Records Act (see Gov't Code §§ 6250 et seq.; § 54953.5(b)), and subject to a broad presumption of unrestricted public access under Article 1, § 3(b) of the California Constitution.  The Suffolk decision did not purport to address official recordings of legislative proceedings, or any comparable public record, and the City does not represent that it conducted any analysis of the relevant public records or open meetings laws before initiating this action.  Because California law is clearly incompatible with the City's claim, and the relevant state law controls in federal court under familiar federalism principles, the City's action was objectively unreasonable for this reason alone.[3]

Third, the City does not acknowledge or try to distinguish any of the cases discussed in Mr. Teixeria's Motion holding that "[w]hen a fee award encourages a defendant to litigate a meritorious fair use claim against an unreasonable claim of infringement, the policies of the Copyright Act are served."  Sofa Entm't, 709 F.3d at 1280.  Compare Mot. at 7-8, with Opp. at 10.  Nor does it address the particularly

---

[3] To the extent that out-of-state authorities are relevant to determining the reasonableness of the City's claim, the First Circuit's opinion in Building Officials & Code Adm. v. Code Technology, Inc., 628 F.2d 730 (1st Cir. 1980), is more germane.  That case noted that "[w]orks of state governments are … left available for copyright protection by the state or the individual author, depending on state law and policy," and explained that "citizens are the authors of the law, and therefore its owners, regardless of who actually drafts the provisions, because the law derives its authority from the consent of the public, expressed through the democratic process." Id. at 734-36 (emphasis added).  The same rationale applies to official records of the "democratic process," namely City Council meetings at which laws are enacted.

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

strong language that this Court used in finding Mr. Teixeira's videos to be protected as a matter of law by the fair use doctrine.  Id.  This Court held that all four factors favored a finding of fair use, and noted that it could "scarcely conceive of works that are more appropriately protected by the fair use doctrine and § 107 than the Teixeira Videos," deeming them "quintessential transformative works for the purpose of criticism and commentary on matters of public concern."  Order at 15, 20.[4]

The City does not identify any case in which fee-shifting has been denied where a defendant prevailed on such a strong fair use defense.[5]  On this point, the recent Katz decision is instructive.  There, the court awarded $152,433.68 in fees to a blogger who prevailed on fair use grounds in a copyright suit over her use of an "unflattering photograph … published as part of highly critical blog articles [the defendant] wrote about Plaintiff."  2015 WL 5255429 at *5.  "The fact that the Court found three out of four [fair use] factors weighed in favor of Defendant and the other was neutral clearly indicates that Plaintiff's attempts to stymie Defendant's speech

---

[4] The City continues to rely on Los Angeles Times v. Free Republic, 2000 WL 565200 (C.D. Cal. Apr. 4, 2000), but as this Court explained, "Teixeira's use of the clips from the City Council Videos is of a wholly different sort" than what was at issue in Free Republic.  Order at 15.  The Free Republic decision is premised on the conclusion that the defendant's uses "serve as substitutes for the originals."  2000 WL 565200, at *7.  By contrast, this Court held "[t]here can … be no commercial market for the City Council Videos and no activity by Teixeira can deprive the City of any revenue," but "even if the City could generate revenue from its works, Teixeira's videos are not a substitute."  Order at 19.  This is such a clear, dispositive point of distinction that the City's reliance on Free Republic was not reasonable.

[5] The cases the City cites are readily distinguishable.  Whereas this case involved "quintessential transformative works" (Order at 20), in Seltzer v. Green Day, Inc., 725 F.3d 1170 (9th Cir. 2013), the Ninth Circuit deemed it "a close and difficult case" because the "transformation was far from obvious given Green Day's only slight alterations to the original."  Id. at 1181.  The City also relies on Jartech, but the fee-shifting standard applied in that case has since been overruled.  See note 2, supra.  That case also denied fees for a particularly idiosyncratic reason:  the district court had "based its award of fees to the defendants on the grounds that the same issue had been decided against the plaintiffs in a recent district court case in Texas," but the Texas district court decision was subsequently reversed by the Fifth Circuit.  666 F.2d at 407.  Plaintiff also erroneously relies on Glass v. Sue, 2011 U.S. Dist. LEXIS 16793 (C.D. Cal. 2011), in which the court applied a different standard to award fees to a partially prevailing plaintiff.  Id. at *8-12.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

are precisely what Section 107 is designed to protect against," and given the plaintiff's "attempts to improperly quiet Defendant through this lawsuit," the court concluded "that the objectively unreasonable factor strongly weighs in favor of Defendant." Id. at *8. Mr. Teixeira's case for fee-shifting is even stronger here, as this Court held that all four factors favored fair use, and also that the City could not assert a copyright claim as a threshold matter.

Fourth, the City does not dispute that it brought this action without timely registering the works at issue, or that it sought relief to which it was not entitled. See Mot. at 19-20; Dkt. ## 8, 16. Courts have found such deficiencies to be indicators of objective unreasonableness for purposes of Section 505. See Robinson v. Lopez, 2003 WL 23162906, at *4 (C.D. Cal. Nov. 24, 2003) (failure to timely register works and resulting baseless pursuit of statutory damages showed unreasonableness).

Finally, the City acknowledges that its lawsuit was criticized by legal scholars, experts in First Amendment, intellectual property, and public records law, and a broad cross-section of media outlets. See Mot. at 9-10, Ex. E; Opp. at 8-9. Given that the standard under Section 505 addresses whether a claim was "objectively unreasonable," it is proper for such evidence to factor into the Court's evaluation, and the City presents no authority that would preclude such consideration. Cf. California v. Am. Stores Co., 492 U.S. 1301, 1306 (1989) (considering "the weight of academic commentary" about legal issue for purposes of equitable balancing test). The City argues only that these items would cause it "unfair prejudice," but such an evidentiary objection is misplaced where, as here, the matter is not decided by a jury. See United States v. Caudle, 48 F.3d 433, 435 (9th Cir. 1995) ("it would be most surprising if such potential prejudice had any significance in a bench trial").

## C.   The City Did Not Act With A Legitimate Motive Under Copyright Law.

The City ignores all of the authorities cited in the Motion that show why the motivation factor supports a fee award. Compare Mot. at 10-12, with Opp. at 10-11. In analogous cases where unsuccessful copyright claims targeted protected speech,

courts have not hesitated to look past the plaintiffs' insistence that they were merely acting to protect their copyrights. In <u>Katz</u>, for example, the court found that it was "crystal clear that Plaintiff's motivations pursuing this lawsuit were improper," and that he filed suit "solely for the purpose of suppressing Defendant's free speech," even though, "[u]nsurprisingly, Plaintiff argues that protecting his rights under the Copyright Act was his sole motivation for filing this suit." 2015 WL 5255429, at *8.

Similarly, in <u>Mattel v. Walking Mountain Productions</u>, 2004 WL 1454100 (C.D. Cal. June 21, 2004), the court inferred an improper motivation based on the circumstances of the case, concluding that "it appears Plaintiff forced Defendant into costly litigation to discourage him from using Barbie's image in his artwork." <u>Id.</u> at *2. <u>See also</u> <u>Caner v. Autry</u>, 2014 WL 2967607, at *5 (W.D. Va. July 1, 2014) (court did "not find Plaintiff's explanations persuasive" where his "conduct strongly suggests that Plaintiff cared more about protecting himself from criticism and harassing his critics than protecting his alleged copyrights").[6]

These cases are on-point. As this Court concluded, the City "is certainly not permitted to use the City Council Videos to generate any form of revenue," and "[t]here can therefore be no commercial market for the City Council Videos." Order at 19. "Because copyright's purpose is to protect the commercial interest of authors so as to incentivize the creation of further works the lack of a market for the City Council Videos suggests that the City has no interest in copyright protection of the City Council Videos." <u>Id.</u> Therefore, the only plausible inference is that this lawsuit was "more about protecting [the City] from criticism and harassing [its] critics than protecting [its] alleged copyrights." <u>Caner</u>, 2014 WL 2967607, at *5.[7]

_____

[6] The case Plaintiff cites supports the notion that the Court should look past a plaintiff's own characterization of its motives. In <u>Glass</u>, the plaintiff's "proffered motivation" was "to protect her copyrights," but the court actually found that her true "motivation is equivocal" in light of the defendant's claim that the plaintiff tried to use the lawsuit to generate publicity. 2011 U.S. Dist. LEXIS 16793, at *12-13.

[7] The portion of the declaration from Plaintiff's counsel attesting to what the City "believed in good faith" (Esty Decl. ¶ 5, lines 23-27) should be excluded for

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Finally, the City reveals much about its true motivation with its assertion that defense costs should simply be accepted as "a cost of business." Opp. at 14.  Not only is this an inapt point in a case involving an individual defendant, but it is also the classic language of a "copyright troll." Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 691 (7th Cir. 2012).  After first using the threat of a lawsuit to try force Mr. Teixeira to "settle the matter" by giving up his First Amendment rights (Opp. at 12), the City later sought to prolong the litigation by propounding invasive, overbroad discovery aimed more at punishing Mr. Teixeira for his critical speech than furthering any legitimate copyright interest (see Mot. at 20).  There is more than enough evidence before the Court to support the inference that the City acted with an improper motive.  See Perfect 10, Inc. v. Giganews, Inc., 2015 U.S. Dist. LEXIS 54063, at *31 (C.D. Cal. Mar. 24, 2015) (finding "ample evidence before the Court that Perfect 10 pursued this litigation for reasons inconsistent with the purpose of the Copyright Act," including its "own conduct in this litigation").

**D.    A Fee Award Is Appropriate To Deter Future Meritless Litigation.**

The City does not respond to any of the decisions discussed in the Motion in which courts have held that deterrence principles justified fee awards under closely analogous situations.  Compare Mot. at 12-13, with Opp. at 11-12.  Instead, the City misconstrues the deterrence factor by emphasizing that it is unlikely to bring future copyright actions itself.  Opp. at 11.  But the inquiry under Section 505 looks beyond the individual plaintiff's own future conduct, and considers the need to deter similar lawsuits by others.  See, e.g., AF Holdings LLC v. Navasca, 2013 U.S. Dist. LEXIS 102249, at *10 (N.D. Cal. July 22, 2013) ("there is a strong argument in favor of awarding fees as a deterrent, both with respect to AF and other persons or entities"); Bernal v. Paradigm Talent and Literary Agency, 2010 WL 6397561, at *3 (C.D. Cal.

---

lack of foundation under Federal Rule of Evidence 602.  See McCauley v. Stanford Univ. Med. Ctr., 2009 U.S. Dist. LEXIS 18748, at *16 (N.D. Cal. Mar. 11, 2009) (testimony that "speculate[s] as to the state of mind of other persons" inadmissible).

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

June 1, 2010) ("the award also serves purposes of deterrence, in that it helps to prevent the filing of similarly meritless copyright actions by would-be plaintiffs").

The City also takes umbrage at the Motion's reference to Mr. Teixeira's efforts to "educate" it about the relevant law prior to the litigation (Opp. at 11), but this phrase comes directly from on-point case law. <u>DuckHole Inc. v. NBCUniversal Media LLC</u>, 2013 U.S. Dist. LEXIS 157304, at *13 (C.D. Cal. Oct. 25, 2013) (fee award proper where "Defendants made an extra effort to educate Plaintiff of the governing case law"). The City does not deny that Mr. Teixeira, while still acting <u>pro se</u>, sent its counsel two letters explaining why his conduct was lawful; provided a third such letter to the City Attorney; and attempted to call the City's outside counsel without success, all in an effort to avoid any litigation. <u>See</u> Dkt. # 38, Laidman Decl. ¶ 16. Nor does it dispute that once Mr. Teixeira retained counsel, his attorney called the City's counsel and sent a detailed letter in further efforts to resolve this matter without the need for any litigation. <u>Id.</u> ¶¶ 17-19, Ex. B. That the City still filed suit shows the need for a fee award for deterrence purposes. <u>See</u> Mot. at 13 (citing <u>Scott v. Meyer</u>, 2010 U.S. Dist. LEXIS 69308, at *9 (C.D. Cal. June 21, 2010)).[8]

## E.   A Fee Award Will Further The Goals Of The Copyright Act.

Mr. Teixeira's Motion clearly connected his successful defense with the core purpose of the Copyright Act. <u>See</u> Mot. at 14-15. The Supreme Court has held that "the goal of copyright … is generally furthered by the creation of transformative works," <u>Campbell v. Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 579 (1994), and this Court held that Mr. Teixeira's videos are "quintessential transformative works." Order at 15. Likewise, the Ninth Circuit has held that "[w]hen a fee award

---

[8] The City still faults Mr. Teixeira for not agreeing to "settle the matter" (Opp. at 12), even after this Court unequivocally held that the City cannot assert copyright protection over the videos; that Mr. Teixeira's "activities plainly fall within the protections of fair use"; and that Mr. Teixeira was "engaged in core First Amendment speech." Order at 20. It is unreasonable to expect that Mr. Teixeira should have ceased engaging in fully lawful, constitutionally protected activity.

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

encourages a defendant to litigate a meritorious fair use claim against an unreasonable claim of infringement, the policies of the Copyright Act are served," Sofa Entm't, 709 F.3d at 1280, and this Court explained that it could "scarcely conceive of works that are more appropriately protected by the fair use doctrine." Order at 20.  Consequently, the City's assertion that "Defendant makes no showing whatsoever that an award of fees will further the purposes of the Copyright Act" has no basis in the record, or the law.  Opp. at 12.

To the extent that the City criticizes the contents of Mr. Teixeira's videos (e.g., Opp. at 5), or denies that they constitute "original literary, artistic, and musical expression" (Opp. at 13), courts have rejected such arguments.  In Choyce, the court dismissed a copyright claim based on the defendant's operation of an online forum in which users posted a photo from the plaintiff's website along with critical comments. 2014 U.S. Dist. LEXIS 155438, at *1-3.  The court awarded the defendants $87,835 in fees, explaining that "while the Indybay website may not be 'artistic creativity' per se, it is a forum for public expression.  The Copyright Act's fee-shifting provision is designed to ensure that such forums for expression are not unhindered by asserted intellectual property claims that have no basis in the law."  Id. at *15-16.  Here, the Court did recognize that Mr. Teixeira's videos are transformative works that employ artistic devices such as "music, his voice, and written subtitles."  Order at 20.  But even without such qualities, fee-shifting is proper to ensure that constitutionally protected expression is not stymied "by asserted intellectual property claims that have no basis in the law."  Choyce, 2014 U.S. Dist. LEXIS 155438, at *16.

Because Mr. Teixeira's successful defense of the City's objectively unreasonable claim furthered the goals of the Copyright Act, and there is a strong public interest in deterring the City and others from bringing such meritless actions in the future, an award of attorneys' fees is appropriate under Section 505.

///

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III. THE CITY HAS FAILED TO MEET ITS BURDEN OF SHOWING THE REQUESTED FEE AMOUNT IS UNREASONABLE

### A. DWT's Rates Are Consistent With Prevailing Local Market Rates.

Mr. Teixeira submitted ample evidence of the reasonableness of his counsel's rates, including detailed billing records and descriptions of the qualifications of the attorneys who worked on this lawsuit. See Dkt. # 38, Laidman Decl. ¶¶ 3-8 & Ex. A; Dkt. # 37-1, Burke Decl. ¶¶ 2-8. Mr. Teixeira also submitted declarations from two experts in the relevant legal community, who opined that DWT's rates are within the range of those charged by comparable firms in the Southern California legal market. See Dkt. # 37-2, Goller Decl. at ¶ 3; Dkt. # 37-3, Vick Decl. ¶¶ 4-5.[9]

Mr. Burke, who has more than 25 years of experience in the relevant areas of law and co-chairs DWT's national media law practice, declared that the firm's rates in this matter are "the standard hourly rates that the firm regularly charges for the value of these individuals' professional services." Dkt. # 37-1, Burke Decl. ¶ 6. And as described in the Motion, DWT's rates are comparable to those awarded in other copyright lawsuits in Southern California. See Mot. at 17-18.[10] This evidence is more than adequate to establish the reasonableness of the rates at issue. See United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990)

---

[9] The City characterizes Defendant's experts as "friendly colleagues," but provides no reason to question their qualifications. Opp. at 16. Nor could it, given that both are especially well-qualified to attest to the reasonableness of DWT's rates and hours in this action given their backgrounds: Ms. Goller has more than two decades of experience as an in-house counsel in Southern California specializing in First Amendment, intellectual property, and public records law (Dkt. # 37-2, Goller Decl. ¶¶ 3-6), and Mr. Vick has practiced in these areas in Los Angeles for 13 years, and currently serves as the Chair of the Entertainment Law and Intellectual Property Section of the Los Angeles County Bar Association (Dkt. # 37-3, Vick Decl. ¶¶ 2-3).

[10] This Court recently noted that "[f]or intellectual property cases, courts frequently refer to the American Intellectual Property Law Association's surveys for billing rates in the relevant community," which found a 2012 "median Los Angeles associate billing rate" of $395. MacLeod v. Emerson Elec. Co., 2015 U.S. Dist. LEXIS 119399, at *41 (C.D. Cal. Sept. 8, 2015). That is the same rate charged in this matter for Mr. Laidman, who performed the majority of the work. Mot. at 16.

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

("[a]ffidavits of the [fee applicant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [fee applicant's] attorney, are satisfactory evidence of the prevailing market rate").

No evidence or legal authority supports the City's attempt to reduce the applicable rates to $300 for partners, $150 for associates, and $75 for paralegals – which are far below the prevailing market rates.  Opp. at 15, 21.  The City claims that these are relevant rates for local intellectual property attorneys who work "for individuals, smaller companies and start-ups, and municipalities," but cites no legal authority for imposing such arbitrary limits.  Id. at 15.  Rather, "billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quotation omitted).  The declarations of Mr. Burke, Ms. Goller, Mr. Vick, and Mr. Laidman, as well as the case law cited in the Motion, establish that DWT's actual rates in this matter meet this standard.  See Mot. at 15-18.

Courts uniformly have rejected the argument that prevailing counsel's rates should be lowered to reflect entirely different types of representation, such as the rates charged to public agencies.  See, e.g., Trevino v. Gates, 99 F.3d 911, 925 (9th Cir. 1996) (rates for "[p]rivate attorneys hired by a government entity" should not be used to evaluate reasonable rates for non-governmental clients); Hawkins v. Berkeley Unified Sch. Dist., 2008 U.S. Dist. LEXIS 94673, at *35 (N.D. Cal. Nov. 20, 2008) ("hourly rates charged to government entity clients are not representative of prevailing rates in a legal community, because those rates are often reduced with the expectation of repeat business") (citation omitted).

Similarly misguided are the City's suggestions that the fee award should be reduced because DWT represented Mr. Teixeira on a pro bono basis.  E.g., Opp. at 2, 16-17.  The law is clear that the reasonableness of the rate is based neither on the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

type of client, nor the rates actually charged to the prevailing party.  See Welch, 480 F.3d at 946 ("determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party") (quotation omitted); Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 702 (9th Cir. 1996) ("court may apply prevailing market rates for 'Wall Street' firm to fee award for non-profit organization") (citing Miele v. New York State Teamsters Conference Pension & Retirement Fund, 831 F.2d 407, 408-09 (2d Cir. 1987)).  Thus, the City's emphasis on the type of client and "rack rates" misconstrues the applicable law on fees.  What is determinative is precisely what the City's own expert has acknowledged:  that DWT's rates "are non-discounted rates within the range charged by premium law firms in the Los Angeles and San Francisco markets."  Dkt. # 45-1, Bain Decl. ¶ 7.

Moreover, the City provides no evidentiary support for its proposed alternative rates.  They apparently are derived entirely from a statement by Plaintiff's expert that she once retained an unidentified attorney "in a smaller firm at $300 an hour with associate fees approximately half that rate," but there is no indication of how long ago this took place, where the attorney was based, where the action was based, what kind of credentials and reputation the attorney had, or anything about the nature of the action or scope of representation.  Bain Decl. ¶ 5.  This does not meet the City's burden of countering DWT's evidence showing the reasonableness of its rates.  See Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("[t]he party opposing [a] fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits").

Finally, the City points out that the Court has the discretion to reduce the rate for tasks that could have been performed by less-skilled personnel, but it does not identify any such tasks.  Opp. at 15-16.  Nor does it counter Mr. Teixeira's evidence

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that DWT's staffing arrangement was reasonable.  See Mot. at 21-22.  The City has presented no evidence or authority to show that DWT's rates are unreasonable.[11]

## B.     The Hours Expended By Mr. Teixeira's Counsel Are Reasonable.

Mr. Teixeira has supported the reasonableness of his fee request by presenting detailed billing records with time entries describing defense counsel's activities throughout the litigation (see Dkt. # 38, Ex. A); declarations from his counsel elaborating on the work performed (see Dkt. # 37-1, Burke Decl. ¶¶ 7-8; Dkt. # 38, Laidman Decl. ¶¶ 8-15); and declarations from two experts attesting that the number of hours spent by defense counsel on this matter and total fees incurred were reasonable (see Dkt. # 37-2, Goller Decl. at ¶ 9; Dkt. # 37-3, Vick Decl. ¶ 6).

To counter this evidence, the City had the burden to identify the specific items being challenged "with a sufficient argument and citations to the evidence.  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." Alexander v. A&E TV Networks, LLC, 2011 U.S. Dist. LEXIS 142710, at *4 (E.D. Cal. 2011) (citing Premier Med. Mgmt., Inc. v. Cal. Ins. Guarantee Ass'n, 163 Cal. App. 4th 550, 564 (2008)).  See also NRDC v. Locke, 771 F. Supp. 2d 1203, 1214 (N.D. Cal. 2011) ("[a] party complaining about attorney fees has a burden of stating their complaint with particularity") (quoting Glover v. Johnson, 138 F.3d 229, 252 (6th Cir. 1998)) (emphasis added; brackets omitted).  It has not met this burden.

First, rather than challenge specific time entries with concrete evidence, as is required, the City relies on precisely the sort of vague, general objections that courts

---

[11] The City's cases do not support its argument.  Opp. at 15-16.  In Ferland v. Conrad Credit Corp., 244 F.3d 1145 (9th Cir. 2001), the Ninth Circuit reversed an order that had reduced the requested fee award because the ruling did not adequately identify the allegedly excessive work.  Id. at 1147-49.  The Northern District's decision in MacDougal v. Catalyst Nightclub, 58 F. Supp. 2d 1101 (N.D. Cal. 1999), also supports Mr. Teixeira's position, because in the passage quoted by the City, the court was explaining that a senior lawyer with 30 years of experience should not have billed "over 70 hours of tasks usually performed by less experienced associates, paralegals or secretaries." Id. at 1105.  Here, the senior DWT partner on the case served in a supervisory capacity and billed relatively few hours, while delegating the vast majority of the work to less expensive associates.  See Mot. at 21-22.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

have deemed inadequate.  See Maloney v. T3Media, Inc., 2015 WL 3879634, at *6 (C.D. Cal. May 27, 2015) ("[p]laintiff's arguments in opposition to the reasonableness of Defendant's billed hours are largely the sorts of 'generalized objections' that are insufficient to satisfy Plaintiff's burden of rebutting the reasonableness of Defendant's detailed billing records with specific objections and specific evidence") (quoting NRDC, 771 F. Supp. 2d at 1214).

The City speculates that defense counsel must have "churned this case" because they handled it pro bono.  Opp. at 17.  No evidence backs this hypothesis except the general statement of Plaintiff's expert that "some associates in premium law firms such as Defendant's counsel, may overwork and overbill in order to meet arduous quotas for billable time or may bill inefficient time when a partner is unavailable to supervise or provide guidance."  Id.; Bain Decl. ¶ 7.  The City does not connect this general impression to the actual work performed by defense counsel, and, to the contrary, Mr. Teixeira presented evidence that a senior partner supervised the DWT associates on this matter throughout the case.  See Burke Decl. ¶ 7.

The City's unfounded speculation about "churning" also fails as a legal proposition, as the Ninth Circuit has actually embraced the opposite assumption.  As the court explained in Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008),

> [i]t must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees.  The payoff is too uncertain, as to both the result and the amount of the fee.  It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning.

Id. at 1112.  The same reasoning applies to the defense of a pro bono matter with the possibility of fee-shifting.  See Mot. at 5.  As the City has not presented any specific, evidence-based objections to DWT's bills, this is precisely the sort of situation in which, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."  Moreno, 534 F.3d at 1112.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Second**, the Court should disregard the City's request for an 80 percent reduction in the hours billed, which has no basis in the record or case law.  Opp. at 21-22.  The City cites only to its expert's declaration, <u>id.</u>, which does not support any such reduction.  Ms. Bain states that aspects of the case "appear" to be overbilled (Blain Decl. ¶ 9), but does not provide any explanation for this determination, or state "how much time defense counsel should have spent to prepare the motion and reply."  <u>Maloney</u>, 2015 WL 3879634, at *7.  The hours spent by defense counsel on this matter are well within the range found reasonable in other comparable cases. <u>See</u> Mot. at 22-23 (citing, <u>inter alia</u>, <u>Wild v. NBC Universal</u>, 2011 U.S. Dist. LEXIS 157860, at *8 (C.D. Cal. July 18, 2011) (about 270 hours for successful motion to dismiss in copyright action); <u>Lawrence v. Sony Pictures Entm't Inc.</u>, 2011 U.S. Dist. LEXIS 157934, at *9-10 (C.D. Cal. Oct. 5, 2011) (four attorneys billed 340, 236.2, 192.8, and 55.6 hours, respectively, and a paralegal billed 68.1 hours, in obtaining dismissal of copyright claim by <u>pro se</u> plaintiff on summary judgment); <u>Maloney</u>, 2015 WL 3879634, at *6 (546.5 hours deemed reasonable to obtain dismissal at pleading stage under anti-SLAPP statute based on copyright preemption)).

To the limited extent that the City actually points to certain entries, or certain types of work, as being excessive, its arguments are unavailing for several reasons:

● The City objects that "defense counsel flew a partner in … for the hearing on the motion to dismiss" (Opp. at 20), but Mr. Teixeira's evidence makes clear that DWT has omitted all related time from the fee request.  <u>See</u> Burke Decl. ¶ 7; Laidman Decl. ¶ 13; Ex. A at p. 21 (6/22/2015 time entry for Mr. Burke).

● The City objects to time spent "conferencing" (Opp. at 20), but courts have held that such time is properly compensable.  <u>See, e.g.</u>, <u>Love v. Mail on Sunday</u>, 2007 U.S. Dist. LEXIS 97061, at *31 (C.D. Cal. Sept. 7, 2007) ("certainly some amount of time must be spent on internal conferences and reviewing pleadings and memoranda in order to effectively litigate a case as a team").

● The City accuses defense counsel of having "buried … contacts with the press and the legal community for the purpose of attempting to try this case there" (Opp. at 20), even though defense counsel explained that Mr. Teixeira is not seeking recovery for such time.  <u>See</u> Laidman Decl. ¶ 13; Ex. A at p. 19 (4/23/15 entry for Mr. Burke, noting omission).  But the City's argument also overlooks controlling authority holding that "[p]revailing civil rights counsel are entitled to fees for press conferences and performance of other lobbying and public relations work when those efforts are directly and intimately related to the successful representation of a client." <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 877 (9th Cir. 1999) (quotation omitted).  That Mr. Teixeira is not seeking recovery for these additional fees which could be compensable further shows the reasonableness of his request.

<u>Third</u>, the City's complaint about "vague" time entries is groundless.  Opp. at 17.  DWT's detailed entries permit the Court to evaluate the reasonableness of the hours, and are comparable to the detail that the Ninth Circuit and Central District have accepted.  A request does not require "great detail how each minute of . . . time was expended." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 & n.12 (1983).  "Minimal" descriptions are sufficient as long as they "establish that the time was spent on the matters for which the district court awarded attorneys' fees." <u>Lytle v. Carl</u>, 382 F.3d 978, 989 (9th Cir. 2004); <u>see also</u> <u>Ruff v. Cnty. of Kings</u>, 700 F. Supp. 2d 1225, 1239 (E.D. Cal. 2010) (accepting "minimal descriptions").  For example, in <u>Sanchez v. Bank of Am.</u>, 2010 U.S. Dist. Lexis 81787, at *14 (N.D. Cal. July 22, 2010), the court found billing records describing tasks such as "Draft Motion for More Definite Statement" and "Draft Proposed Orders" to be "detailed, and helpful in determining both the reasonable number of hours worked and the reasonable rate."  Further, in cases such as this one, "where there is a single claim for relief, ... attorneys are not likely to itemize their billing entries according to specific arguments." <u>Singmoungthong v. Astrue</u>, 2011 U.S. Dist. LEXIS 76999, at *23 (E.D. Cal. 2011).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Fourth, the suggestion that Mr. Teixeira's counsel should not have needed to spend time researching or drafting briefs because they are experienced in this field is wrong. Opp. at 18. As the Ninth Circuit has explained,

> [A] competent lawyer won't rely entirely on last year's, or even last month's, research: Cases are decided; statutes are enacted; regulations are promulgated and amended. A lawyer also needs to get up to speed with the research previously performed. All this is duplication, of course, but it's <u>necessary</u> duplication; it is inherent in the process of litigating over time. … One certainly expects <u>some</u> degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free.

<u>Moreno</u>, 534 F.3d at 1112 (emphasis in original). Consequently, reviewing old cases and conductive extensive national research, as was required here, was necessary.

Finally, the City offers virtually no substantive response to one of the major points of the Motion, that defense costs were significantly increased because of the City's own litigation tactics. <u>See</u> Mot. at 19-21. The City does not deny that its own deficient attempts at copyright registration and vaguely worded Complaint caused Mr. Teixeira to incur additional costs on a Motion to Strike, Supplemental Request for Judicial Notice, and related factual investigation. <u>See</u> Mot. at 19-20. Nor can the City dispute that it enlarged and prolonged the proceedings by serving an overly broad subpoena that the Court found smacked of a "fishing expedition." <u>See</u> Mot. at 20; Ex. C (7/7/2015 Tr. at 9:19). It says only that it "voluntarily reduced" the scope of the subpoena (Opp. at 18), but this re-writes history. In fact, the Court ordered the subpoena to be narrowed at the request of defense counsel. <u>See</u> Dkt. # 26 ("the Court orders the subpoena modified pursuant to the discussion on the record"); Ex. C.

The City's expert generally questions the amount of time spent in relation to discovery (without saying how much time should have been spent), but does not purport to have reviewed the subpoena or Mr. Teixeira's Objections. <u>See</u> Bain Decl. ¶ 6. Mr. Teixeira's two experts reviewed these materials, and found the related time to be reasonable. <u>See</u> Goller Decl. ¶ 9; Vick Decl. ¶ 6. Their opinions are entitled to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

particular weight on this topic because both have extensive experience in First Amendment law, and therefore they recognize the importance of vigorously opposing overly broad discovery requests that threaten to chill constitutionally protected speech.  See, e.g., Shoen v. Shoen, 5 F.3d 1289, 1295 (9th Cir. 1993) (recognizing that the compelled disclosure of unpublished information and editorial resource materials can pose "lurking and subtle threat" to First Amendment rights).

Here, the Court recognized that Mr. Teixeira "is engaged in core First Amendment speech commenting on political affairs and matters of public concern." Order at 20.  As originally propounded, the City's subpoena would have allowed it to rummage through all of the private information in three separate online accounts used for purposes of his political expression.  Mot. at 20.  That the timeframe identified in the subpoena stretched back far beyond the statute of limitations for the City's claim is compelling evidence that the purpose of this discovery was to harass Mr. Teixeira and chill his speech, rather than any legitimate fact-finding.  Id. Consequently, the time spent by defense counsel in successfully narrowing the subpoena was eminently reasonable under the circumstances.

## IV.   CONCLUSION.

For all of these reasons, Mr. Teixeira respectfully requests that the Court award $128,983 in fees through the preparation of the Motion, plus $6,137.50 in fees in connection with the preparation of this Reply and the hearing on the Motion, for a total of $135,120.50.  See Supplemental Declaration of Dan Laidman at ¶¶ 2-3.

DATED: September 28, 2015

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DAN LAIDMAN
DIANA PALACIOS


By: /s/ Dan Laidman
                Dan Laidman
        Attorneys for Defendant
        Joseph Teixeira

REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES
DWT 27858176v1 0200856-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899